UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHARI L. OLIVER, M.A.O., and M.L.O., ) | Case No. 2:24-cv-12962 |
| ) | |
| *Plaintiffs*, ) | Hon. GERSHWIN A. DRAIN |
| ) | Mag. ELIZABETH A. STAFFORD |
| v. ) | |
| ) | |
| OAKLAND COUNTY FRIEND OF THE COURT, ) | |
| JULIE A. MCDONALD, KATHERINE K. ) | |
| HERITAGE, SUZANNE K. HOLLYER, ) | |
| STEPHANIE PYRROS-HENSEN, ) | |
| ELIZABETH L. GLEICHER, JANE E. MARKEY, ) | |
| DOUGLAS B. SHAPIRO, SIMA G. PATEL, ) | |
| PETER K. DEVER, JEFFERY S. MATIS, ) | |
| MATTHEW W. OLIVER, PHILIP G. VERA, ) | |
| SUSAN E. COHEN, JEREMY D. BOWIE, ) | |
| MICHAEL D. WARREN JR., ) | |
| SARAH K. BRENNER, MARK B. BERKE, ) | |
| EMANUEL AWUTA-COKER, ) | |
| LIESA STOCKDALE, RYAN E. CHRISTIANSEN, ) | |
| MATTHEW L. BELL, ) | |
| ) | |
| *Defendants*. ) | |

## REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE: [ECF No. 48]
## OAKLAND COUNTY DEFENDANTS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)

<div style="text-align:right">

Shari L. Oliver, *Plaintiff*
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
(248) 321-6175
jebezob@hotmail.com

</div>

## TABLE OF CONTENTS

TABLE OF CONTENTS ........ ii

INDEX OF AUTHORITIES ........ iii

STATEMENT OF ISSUES PRESENTED ........ 1

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........ 1

REPLY TO RESPONSE ........ 1

CONCLUSION ........ 7

VERIFICATION PURSUANT TO 28 U.S.C. § 1746(1) ........ 8

CERTIFICATE OF SERVICE ........ 9

# INDEX OF AUTHORITIES

**Cases**

*Barnes v. Convention & Show Servs., Inc.,* 12-CV-13770, 2013 WL 2467920 (E.D. Mich. 2013) .................................................................................................................. 2

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ........................................ 1, 6

*Gomez v. Toledo*, 446 U.S. 635 (1980) ....................................................................... 1

*Kelley v. Boettcher*, 85 Fed. 55 (1898) ....................................................................... 7

*Llewellyn-Jones v. Metro Property Group, LLC*, 22 F. Supp. 3d 760 (E.D. Mich. 2014) .................................................................................................................. 3

*McNulty v. Wiesen* (D. C.) 130 Fed. 1013 .................................................................. 7

*Metrokane, Inc. v. The Wine Enthusiast*, 160 F.Supp.2d 633 (S.D.N.Y. 2001) ........ 3

*Operating Engineers Local 324 v. G & W Const. Co.*, 783 F.3d 1045 (6th Cir. 2015) .................................................................................................................. 3

*Pigford v. Veneman,* 215 F.R.D. 2 (D.D.C. 2003) ..................................................... 2

*Williams v. Jader Fuel Co.,* 944 F.2d 1388 (7th Cir.1991) ........................................ 3

**Federal Statutes**

18 U.S.C. § 1962 .......................................................................................................... 7

18 U.S.C. § 1964 ..................................................................................................... 3, 7

18 U.S.C. § 2 ................................................................................................................ 7

18 U.S.C. § 241 ............................................................................................................ 7

18 U.S.C. § 242 ............................................................................................................ 7

18 U.S.C. § 3 ................................................................................................................ 7

18 U.S.C. § 4 ................................................................................................................7

28 U.S.C. § 1355 .........................................................................................................4

28 U.S.C. § 1746(1) ....................................................................................................8

42 U.S.C. § 1983 ......................................................................................................3, 7

42 U.S.C. § 1985 ......................................................................................................3, 7

Title IV-D of the Social Security Act of 1975 (Child Support Enforcement
    Program)..............................................................................................................1, 4

Uniform Interstate Family Support Act (UIFSA) .......................................................4

## Rules

Fed. R. Civ. P. 1 ......................................................................................................1, 6

Fed. R. Civ. P. 11 .........................................................................................................6

Fed. R. Civ. P. 11(b)(1)................................................................................................1

Fed. R. Civ. P. 11(b)(2)................................................................................................1

Fed. R. Civ. P. 11(b)(3)................................................................................................1

Fed. R. Civ. P. 12(a)(1)(A)(i) ......................................................................................5

Fed. R. Civ. P. 12(f) ......................................................................................... 1, 2, 3, 4

Fed. R. Civ. P. 8(b) ..................................................................................................1, 6

Fed. R. Civ. P. 8(b)(1).................................................................................................5

Fed. R. Civ. P. 8(b)(1)(A) ...........................................................................................5

Fed. R. Civ. P. 8(b)(1)(B) ...........................................................................................5

Fed. R. Civ. P. 8(b)(2).................................................................................................5

Fed. R. Civ. P. 8(b)(3) ................................................................................................5

Fed. R. Civ. P. 8(b)(4) ................................................................................................5

Fed. R. Civ. P. 8(b)(5) ................................................................................................5

Fed. R. Civ. P. 8(b)(6) ................................................................................................6

Fed. R. Civ. P. 8(c) ................................................................................................1, 6

## Michigan Statutes

MCL 722.25(1) ..........................................................................................................2

MCL 722.27a(1) ........................................................................................................2

MCL 722.27a(3) ........................................................................................................2

## Other Authorities

Wright & Miller. Federal Practice and Procedure .....................................................3

## STATEMENT OF ISSUES PRESENTED

1. Did Defendants from Oakland County, Michigan make an insufficient defense to Complaint [ECF No. 1] that additionally contains scandalous matters?

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 1
Fed. R. Civ. P. 8(b), (c); *Gomez v. Toledo*
Fed. R. Civ. P. 11(b)(1), (2), (3); *Cooter & Gell v. Hartmarx Corp.*
Fed. R. Civ. P. 12(f)

## REPLY TO RESPONSE

This instant case is in the pleading stage. The purported defense, a motion to dismiss [ECF No. 48] made by counsel for the public servants Defendants employed by Oakland County, Michigan's Title IV-D agency and judicial branch, was filed one (1) day *LATE,* and filed in place of a pleading.

Counsel insists on an infringement upon Plaintiff Shari's First and Fourteenth Amendment rights by defaming Plaintiff Shari as a "vexatious litigant" and for filing restrictions. Allegedly counsel argues for this Court to deny or inhibit litigation, which would aid and abet the criminal activity of her clients and allow continued criminal usage of the Family Court racket and federal-state enterprise.

Counsel states that Plaintiff Shari "continues to disregard lawful state court orders" [ECF No. 67, PageID.4982] and yet, Complaint alleged orders are void due to perjury, subornation of perjury, rights removed *coram non judice*, attorneys'

1

violation of an order dated March 2, 2020, libelous and fabricated false evidence, OC DEFENDANTS' financial interest in the outcome of the case, no lawful authority to make a ruling in violation of custody and parenting laws (e.g. MCL 722.25(1), 722.27a(1), (3)) and more. **How do these preceding acts result in "lawful state court orders"?** A judge's authority comes from the constitution; a judge *MUST* rule according to law, otherwise his rulings are void.

Plaintiff Shari has *NO* duty to follow a void order; "You Cannot Comply Your Way Out of Tyranny". **Plaintiff Shari has a duty to follow the law, to petition the government for grievances against government, and to *NOT* aid and abet alleged criminals.**

"Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The word "scandalous" in Rule 12(f) "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Pigford v. Veneman,* 215 F.R.D. 2, 4 (D.D.C.2003) (internal citation omitted). " 'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *Barnes v. Convention & Show Servs., Inc.,* 12-CV-13770, 2013 WL 2467920, at *1 (E.D.Mich. June 7, 2013) (quoting 5 Charles A. Wright & Arthur R.

2

Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990)). " 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Ibid.* (quoting Wright & Miller at 711)." *Llewellyn-Jones v. Metro Property Group, LLC*, 22 F. Supp. 3d 760, 776 (E.D. Mich. 2014).

While motions to strike are generally disfavored, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the subject of the allegations." 5C C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 466-67 (2004); see *Metrokane, Inc. v. The Wine Enthusiast*, 160 F.Supp.2d 633, 641-42 (S.D.N.Y. 2001) ("Generally, motions to strike are disfavored and usually granted only for scandalous material.").

> "A motion to strike should be granted if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir.1991) (citations and internal quotation marks omitted)." *Operating Engineers Local 324 v. G & W Const. Co.*, 783 F.3d 1045 (6th Cir. 2015).

The motion also states the court should dismiss the case.  This instant case has causes of action under federal questions deprivation of rights under color of law and conspiracy pursuant to 42 U.S.C. §§ 1983, and 1985, as well as 18 U.S.C. § 1964 Racketeer Influenced and Corrupt Organizations (RICO) and conspiracy,

3

and additionally has original jurisdiction pursuant to 28 U.S.C. § 1355, for matters involving Title IV-D of the Social Security Act of 1975 and the Uniform Interstate Family Support Act. Implying that this Court need not uphold the rule of law (by dismissing the case and alleged criminals have no accountability) is indeed one of the most scandalous assertions, as **the rule of law is fundamental to a just and orderly society**. Courts that can operate independently of the rule of law undermines the very foundation of a legal system that is meant to protect and uphold the rights of all citizens. The U.S. Constitution, as the nation's fundamental law, is designed to ensure that all men, including government officials and agents are accountable under the law.

As discussed in the motion to strike, motion to dismiss is clearly erroneous and frivolous with misapplication of doctrines, rules and law, and solicits this court to ignore the alleged criminal allegations and permit OC DEFENDANTS to be above the law. Therefore, facts substantiate motion to dismiss was made in bad faith to cause delay, avoid culpability, defame Plaintiff Shari, and to stall the progress of this litigation.

> Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing
> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

It is a *FACT* that OC DEFENDANTS *FAILED* to serve a responsive pleading/answer by the due date specified pursuant to Fed. R. Civ. P. 12(a)(1)(A)(ii), and pursuant to Fed. R. Civ. P. 8(b)(1), (2), (3), (4), (5).  It is a F*ACT* that OC DEFENDANTS *FAILED* to respond to the substance of the allegations and did not produce admissible evidence in a simple, concise, and direct manner that counters the factual matters of fact pleaded within Plaintiffs' Complaint [ECF No. 1] in accordance with Fed. R. Civ. P. 8(b)(2).

> Rule 8. General Rules of Pleading
> (b) Defenses; Admissions and Denials.
> (1) *In General.* In responding to a pleading, a party must:
> (A) state in short and plain terms its defenses to each claim asserted against it; and
> (B) admit or deny the allegations asserted against it by an opposing party.
> (2) *Denials—Responding to the Substance.* A denial must fairly respond to the substance of the allegation.
> (3) *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
> (4) *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.
> (5) *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

It is a *FACT* that OC DEFENDANTS did not produce admissible evidence to dispute the allegations that state officials are violating Plaintiffs' rights under color of law, and OC DEFENDANTS' actions furthered the agenda of RICO.  The failure to deny any allegation in the complaint, except for the amount of damages,

constitutes an admission. See Fed. R. Civ. P. 8(b)(6).  Therefore, **OC**

**DEFENDANTS' failure to deny the allegations in Complaint [ECF No. 1]**

**constitutes admissions.**

> Rule 8. General Rules of Pleading
> (b) Defenses; Admissions and Denials.
> (6) *Effect of Failing to Deny.* An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

**OC DEFENDANTS failed to adequately defend this case.**  OC DEFENDANTS

failed to provide a responsive pleading/answer in time.

Motion to strike is appropriate for parties stalling proceedings in violation of Fed. R. Civ. P. 1, an inadequate defense that does not meet Fed. R. Civ. P. 8(b), and 8(c), and the scandalous presumption that Rule of Law does not apply to OC DEFENDANTS who allegedly engaged in criminal activity, or a fraudulent concealment with material omissions regarding the alleged criminal activity. Additionally, Fed. R. Civ. P. 11 deters frivolous filings.

> "[T]he central purpose of Rule 11 is to deter baseless filings in District Court, and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts.  *See* Advisory Committee Note on Rule 11, 28 U.S.C.App., p. 576.  Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and 'not interposed for any improper purpose.'  An attorney who signs the paper without such a substantiated belief 'shall' be penalized by 'an appropriate sanction.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

Complaint [ECF No. 1] clearly alleged OC DEFENDANTS **committed crimes** pursuant to 18 U.S.C. §§ 242, 241, and 1962.  Civil remedy for harm caused by crimes is pursuant to 42 U.S.C. §§ 1983, 1985, and 18 U.S.C. § 1964.

"**Scandal consists in the allegation of anything which is unbecoming the dignity of the court to hear, or is contrary to good manners**, or which charges some person with a crime not necessary to be shown in the cause; to which may be added that any unnecessary allegation, bearing cruelly upon the moral character of an individual, is also scandalous." Daniell, Ch. Pr. 290. And see *McNulty v. Wiesen* (D. C.) 130 Fed. 1013; *Kelley v. Boettcher*, 85 Fed. SCANDALOUS MATTER 1058 (emphasis added).

*It is scandalous* for a motion to dismiss to brush aside allegations of criminal allegations, and then expect the Court to not uphold rule of law, and aid and abet the crimes by dismissing the case.  Solicitation of this Court to participate in criminal activity is "unbecoming of the court to hear", and not only "contrary to good manners" but aiding and abetting a crime is a crime (see also 18 U.S.C. §§ 2, 3, 4, 241, 242, and 1962). Factual allegations substantiate crimes against humanity.

## CONCLUSION

WHEREFORE, Plaintiffs move this Honorable Court to **STRIKE** OC DEFENDANTS' motion to dismiss [ECF No. 48], together with such other and further relief as the court may deem reasonable and just.

Respectfully submitted,

/s/ *Shari L. Oliver*
_____

Dated: February 18, 2025            SHARI L. OLIVER, Plaintiff and mother
                                    189 N. Castle Dr. (2675 W.)
                                    Cedar City, UT  84720

7

<div align="right">
Telephone: (248) 321-6175<br>
E-mail: jebezob@hotmail.com
</div>

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746(1)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 18, 2025.

/s/ *Shari Lynn Oliver*
_____
Shari Lynn Oliver

8

## CERTIFICATE OF SERVICE

I hereby certify that, on February 18, 2025, I caused the foregoing document, **REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE: [ECF No. 48] OAKLAND COUNTY DEFENDANTS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)** to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification for retrieval of an electronic copy of this document to all parties and counsel of record.

/s/ *Shari L. Oliver*
_____
SHARI L. OLIVER, Plaintiff
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
Telephone: (248) 321-6175
E-mail: jebezob@hotmail.com

**2:24-cv-12962-GAD-EAS Notice is electronically mailed to:**

<u>"Michigan Appellate Judge and Assistant Attorney General Defendants"</u>
Cassandra Drysdale-Crown (P64108)
Assistant Attorney General
drysdalecrownc@michigan.gov
P.O. Box 30736
Lansing, MI  48909
(517) 335-7659

Kimberly K. Pendrick (P60348)
Assistant Attorney General
pendrickk@michigan.gov
3030 W. Grand Blvd. 10th Flr.
Detroit, MI  48202
(313) 456-0067

*Attorneys for Defendants Gleicher, Markey, Shapiro, Patel, Brenner, Berke, and Awuta-Coker*

<u>"Utah Defendants"</u>
Darin B. Goff (11355)
Assistant Attorney General
dgoff@agutah.gov

Alexander Gourde (19548)
Assistant Attorney General
agourde@agutah.gov

160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, UT  84114
(801) 366-0100

*Attorneys for Defendants Stockdale, Christiansen, and Bell*

<u>"Oakland County, Michigan Defendants"</u>
Brooke Elizabeth Tucker (P79776)
Sr. Assistant Corporation Counsel
tuckerbe@oakgov.com
(248) 858-2007

Mary Ann Jerge (P46574)
Sr. Assistant Corporation Counsel
jergem@oakgov.com
(248) 858-0551

1200 N. Telegraph Road, Bldg. 14E
Pontiac, MI  48341

*Attorneys for Defendants Oakland County Friend of the Court, McDonald, Heritage, Hollyer, Pyrros-Hensen, Dever, Matis, and Warren*

<u>"Michigan Private Attorney Defendant"</u>
Ellen Bartman Jannette (P41800)
Plunkett Cooney
ejannette@plunkettcooney.com
(248) 594-8221

38505 Woodward Ave. - Suite 100
Bloomfield Hills, MI  48304

*Attorney for Cohen*

<u>"Pontiac, Oakland County, Michigan Judge Defendant"</u>
Anne McClorey McLaughlin (P40455)
Rosati, Schultz, Joppich & Amtsbuechler, P.C.
amclaughlin@rsjalaw.com
(248) 489-4100

27555 Executive Drive, Suite 250
Farmington Hills, MI  48331

*Attorney for Bowie*

10