UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHARI L. OLIVER, M.A.O., and M.L.O., ) | Case No. 2:24-cv-12962 |
| ) | |
| *Plaintiffs*, ) | Hon. GERSHWIN A. DRAIN |
| ) | Mag. ELIZABETH A. STAFFORD |
| v. ) | |
| ) | |
| OAKLAND COUNTY FRIEND OF THE COURT, ) | |
| JULIE A. MCDONALD, KATHERINE K. ) | |
| HERITAGE, SUZANNE K. HOLLYER, ) | |
| STEPHANIE PYRROS-HENSEN, ) | |
| ELIZABETH L. GLEICHER, JANE E. MARKEY, ) | |
| DOUGLAS B. SHAPIRO, SIMA G. PATEL, ) | |
| PETER K. DEVER, JEFFERY S. MATIS, ) | |
| MATTHEW W. OLIVER, PHILIP G. VERA, ) | |
| SUSAN E. COHEN, JEREMY D. BOWIE, ) | |
| MICHAEL D. WARREN JR., ) | |
| SARAH K. BRENNER, MARK B. BERKE, ) | |
| EMANUEL AWUTA-COKER, ) | |
| LIESA STOCKDALE, RYAN E. CHRISTIANSEN, ) | |
| MATTHEW L. BELL, ) | |
| ) | |
| *Defendants*. ) | |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PHILIP G. VERA

Shari L. Oliver, *Plaintiff*
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
(248) 321-6175
jebezob@hotmail.com

NOW COME Plaintiffs, SHARI L. OLIVER ("Shari"), M.A.O., and M.L.O., pursuant to Fed. R. Civ. P. 55(b)(2) with a motion for default judgment against Defendant PHILIP G. VERA ("Vera").

In support of this motion for a default judgment, Plaintiffs state:

1.      Fed R. Civ. P. 12(a)(1)(A)(i) states a defendant must serve a responsive pleading within twenty-one (21) days of being served.

2.      Defendant Vera was served the summons and complaint on November 26, 2024 at 6:21 PM EST.

3.      Affidavit of Service for personal service of Defendant Vera is ECF No. 9, PageID.424.

4.      Defendant Vera is not an infant, incompetent person, or currently in the military service.

5.      Twenty-one (21) days from date of personal service was December 17, 2024.

6.      Defendant Vera failed to plead or otherwise defend by December 17, 2024.

7.      On December 18, 2024, Plaintiff Shari requested a clerk's entry of default [ECF No. 21, PageID.461].

8.      On December 18, 2024, CLERK'S ENTRY OF DEFAULT was issued; Party in Default: Philip G. Vera [ECF No. 24, PageID.477] in accordance with Fed. R. Civ. P. 55(a).

9.      Defendant Vera has failed to plead or otherwise defend by the date this document was filed.

10.     For the reasons above and as set forth more fully in the accompanying brief, good cause exists to enter a default judgment against Defendant Vera.

WHEREFORE, Plaintiffs SHARI L. OLIVER, M.A.O. and M.L.O. move this Court pursuant to Fed. R. Civ. P. 55(b)(2) to enter a **DEFAULT JUDGMENT** against Defendant PHILIP G. VERA for failure to properly and timely address, plead, or otherwise defend the issues complained of in Plaintiffs' verified complaint [ECF No. 1] in accordance with Fed. R. Civ. P. 8(b).

Respectfully submitted,

/s/ Shari L. Oliver

Dated: February 21, 2025

SHARI L. OLIVER, Plaintiff and mother
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
Telephone: (248) 321-6175
E-mail: jebezob@hotmail.com

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARI L. OLIVER, M.A.O., and M.L.O., | ) | Case No. 2:24-cv-12962 |
| | ) | |
| *Plaintiffs*, | ) | Hon. GERSHWIN A. DRAIN |
| | ) | Mag. ELIZABETH A. STAFFORD |
| v. | ) | |
| | ) | |
| OAKLAND COUNTY FRIEND OF THE COURT, | ) | |
| JULIE A. MCDONALD, KATHERINE K. | ) | |
| HERITAGE, SUZANNE K. HOLLYER, | ) | |
| STEPHANIE PYRROS-HENSEN, | ) | |
| ELIZABETH L. GLEICHER, JANE E. MARKEY, | ) | |
| DOUGLAS B. SHAPIRO, SIMA G. PATEL, | ) | |
| PETER K. DEVER, JEFFERY S. MATIS, | ) | |
| MATTHEW W. OLIVER, PHILIP G. VERA, | ) | |
| SUSAN E. COHEN, JEREMY D. BOWIE, | ) | |
| MICHAEL D. WARREN JR., | ) | |
| SARAH K. BRENNER, MARK B. BERKE, | ) | |
| EMANUEL AWUTA-COKER, | ) | |
| LIESA STOCKDALE, RYAN E. CHRISTIANSEN, | ) | |
| MATTHEW L. BELL, | ) | |
| | ) | |
| *Defendants*. | ) | |

# PLAINTIFFS' BRIEF IN SUPPORT OF:
# PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
# AGAINST DEFENDANT PHILIP G. VERA

Shari L. Oliver, *Plaintiff*
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
(248) 321-6175
jebezob@hotmail.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ ii

INDEX OF AUTHORITIES ................................................................. iii

INTRODUCTION ................................................................................1

STATEMENT OF FACT ......................................................................2

AUTHORITY OF THIS COURT ..........................................................8

   Federal Question: Deprivation of Rights and Conspiracy Under Color of Law ...8

   Federal Question: Racketeer Influenced and Corrupt Organizations (RICO).......9

ARGUMENT FOR DEFAULT JUDGMENT ......................................12

CONCLUSION ..................................................................................13

VERIFICATION PURSUANT TO 28 U.S.C. § 1746(1) ......................17

CERTIFICATE OF SERVICE ............................................................18

# INDEX OF AUTHORITIES

**Cases**

*Adickes v. S. H. Kress & Co*., 398 U.S. 144 (1970)....................................................9

*Am. Alliance Ins. Co. v. Eagle Ins. Co*., 92 F.3d 57 (2nd Cir. 1996) ......................13

*Bracey v. Gramley*, 520 U.S. 899 (1997)..................................................................12

*Chandler Leasing Corporation v. UCC, Inc.,* 91 F.R.D. 81 (N.D. Ill. 1981) .........13

*Dennis v. Sparks*, 449 U.S. 24 (1980)........................................................................9

*Doe v. Irwin*, 441 F. Supp. 1247 (W.D. Mich. 1977) ...............................................9

*Ex parte Virginia*, 100 U.S. 339 (1879)....................................................................9

*Gomez v. Toledo*, 446 U.S. 635 (1980)......................................................................8

*Groman v. Township of Manalapan*, 47 F.3d 628 (3rd Cir. 1995)...........................8

*H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229 (1989)................................10

*Jones v. Childers,* 18 F.3d 899 (11th Cir. 1994).....................................................10

*Mitchum v. Foster*, 407 U.S. 225 (1972) ..................................................................9

*Monroe v. Pape*, 365 U.S. 167 (1961) ......................................................................8

*Pacific Mutual Life Insurance Company v. Cleopatra Haslip et al*, 499 U.S. 1
 (1991) ....................................................................................................................14

*Parratt v. Taylor*, 451 U.S. 527 (1981) ...............................................................2, 8

*Pikofsky v. Jem Oil*, 607 F. Supp. 727 (E.D. Wis. 1985)........................................13

*Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479 (1985)........................................9

*Solaroll Shade and Shutter Corp. Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130
 (11th Cir. 1986)....................................................................................................12

*State v. Lucas,* 600 So.2d 1093 (Fla. 1992) ..............................................................10

*Trezevant v. City of Tampa*, 741 F.2d 336 (11th Cir. 1984)....................................14

*Troxel v. Granville*, 530 U.S. 57 (2000) ......................................................................9

*United States v. Clark*, 656 F.2d 1259 (8th Cir. 1981)...........................................10

*United States v. Frumento*, 405 F. Supp. 23 (E.D. Pa. 1975)................................11

*United States v. Killip*, 819 F.2d 1542 (10th Cir. 1987).........................................11

*United States v. Murphy*, 768 F.2d 1518 (7th Cir. 1985) .......................................11

*United States v. Price*, 383 U.S. 787 (1966)..............................................................9

*United States v. Stratton*, 649 F.2d 1066 (5th Cir. 1981) .......................................10

*United States v. Thompson*, 685 F.2d 993 (6th Cir. 1982) .............................. 10, 11

**The Constitution of the United States of America**

First Amendment...................................................................................................1, 9

Fourth Amendment......................................................................................................1

Fifth Amendment ....................................................................................................1, 9

Sixth Amendment ........................................................................................................1

Seventh Amendment....................................................................................................1

Ninth Amendment...................................................................................................1, 9

Thirteenth Amendment ...............................................................................................1

Fourteenth Amendment ..........................................................................................1, 9

**Federal Statutes**

18 U.S.C. § 1964 ........................................................................................8

18 U.S.C. § 1964(c) ...............................................................................1, 10

18 U.S.C. § 1964(d) ...................................................................................1

18 U.S.C. § 2 ............................................................................................12

18 U.S.C. § 2331 ......................................................................................14

18 U.S.C. § 2333 ......................................................................................14

18 U.S.C. § 3 ............................................................................................12

18 U.S.C. § 4 ............................................................................................12

28 U.S.C. § 1331 ........................................................................................1

28 U.S.C. § 1343(a)(1) ...............................................................................1

28 U.S.C. § 1343(a)(2) ...............................................................................1

28 U.S.C. § 1343(a)(3) ...............................................................................1

28 U.S.C. § 1355 .....................................................................................1, 8

28 U.S.C. § 1746(1) ..................................................................................17

42 U.S.C. § 1983 ............................................................................... 1, 2, 8, 9

42 U.S.C. § 1985 .....................................................................................2, 8

42 U.S.C. § 1985(2) ...................................................................................1

42 U.S.C. § 1985(3) ...................................................................................1

42 U.S.C. § 666 ..........................................................................................2

Title IV-D of the Social Security Act of 1975 (known as the Child Support
   Enforcement Program) ...................................................... 1, 4, 5, 6, 8

Uniform Interstate Family Support Act (UIFSA) ............................................. 1, 2, 8

**Rules**

Fed. R. Civ. P. 1 ...............................................................................................13

Fed. R. Civ. P. 12(a)(1)(A)(i) .............................................................................2

Fed. R. Civ. P. 55(a) ........................................................................................13

Fed. R. Civ. P. 55(b) ........................................................................................13

Fed. R. Civ. P. 55(b)(2) ..........................................................................1, 7, 13

Fed. R. Civ. P. 8(b) ..........................................................................................13

Fed. R. Civ. P. 8(b)(6) .......................................................................................7

**Michigan Court Rules**

MCR 2.612 ......................................................................................................4, 6

MCR 2.612(B) .....................................................................................................4

MCR 2.612(C)(1)(d) ...........................................................................................4

MCR 2.612(C)(3) .................................................................................................4

NOW COME Plaintiffs, SHARI L. OLIVER (hereinafter "Shari"), M.A.O., and M.L.O., pursuant to Fed. R. Civ. P. 55(b)(2) with a motion for default judgment against Defendant PHILIP G. VERA (hereinafter "Vera").

## INTRODUCTION

**"Any violation of civil rights will be aggressively pursued and prosecuted by my administration. No one will be above the law."**
**– Donald J. Trump**

The Plaintiffs invoke this Court's Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and §1343(a)(1), (2), and (3).  Notably, Plaintiffs' case involves the violation of Federal laws, inter alia, deprivation of rights under color of law pursuant to 42 U.S.C. § 1983, conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985(2), (3), Racketeer Influenced and Corrupt Organizations (RICO) pursuant to 18 U.S.C. § 1964(c), and RICO conspiracy pursuant to 18 U.S.C. § 1964(d).  This action arises under violations of the First, Fourth, Fifth, Sixth, Seventh, Ninth, Thirteenth, and Fourteenth Amendments of the United States Constitution.  Pursuant to 28 U.S.C. § 1355 Federal District Court shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress—subject matter of this instant case involves Title IV-D of the Social Security Act of 1975 (Child Support Enforcement Program) and Uniform Interstate Family Support Act (UIFSA).  In

1996, Congress passed and President Bill Clinton signed the Personal

Responsibility and Work Opportunity Act (42 U.S.C. § 666), which required that

states adopt UIFSA by January 1, 1998 or face loss of federal funding for child

support enforcement.  Every U.S. State has adopted either the 1996 or a later

version of UIFSA.  Allegations substantiate the weaponization of "child support"

and Social Security fraud.

## STATEMENT OF FACT

1.     Defendant Vera has *FAILED* to answer Plaintiffs' verified complaint

[ECF No. 1] pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i).

2.     Defendant Vera, jointly engaged with other Defendant state officials

acting under color of law, did deprive, and is depriving Plaintiffs of substantive

rights to a familial relationship, liberty and personal freedom (e.g. punishment of

Plaintiff Shari for refusing to be a wage slave: Plaintiff Shari's unlawful

imprisonment for one hundred eight (108) days until release after Plaintiff Shari's

mother was extorted $31,063.37), property, procedural due process, and equal

protection of the laws of the United States of America and the States of Michigan

and Utah; actions are violations within the meaning of 42 U.S.C. §§ 1983 and

1985.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

3.     Defendant Vera's subornation of perjury and slander of Plaintiff Shari

in family court proceedings for Case No. 2020-880855-DM was utilized by

2

Defendants family court judge JULIE A. MCDONALD ("McDonald") and OAKLAND COUNTY FRIEND OF THE COURT ("FOC") evaluator to create false narratives as false evidence in support the elimination of Plaintiff Shari's custody of her children Plaintiffs M.A.O. and M.L.O. [Relevant documents, e.g. ECF No. 45-10 to 45-15, 68-10 to 68-14, plus others referenced in Complaint No. 1 can be provided at a later date].

4.     Elimination of custody ("0" overnights) results in a maximum "child support" calculation, leads to maximum income (transfer Plaintiff Shari's assets to Defendant Vera's client who is her alleged abuser Defendant MATTHEW W. OLIVER ("Oliver"), plus force a monthly "child support"/kidnapping fee from Plaintiff Shari—leading to wage slavery) that will in turn provide money and income for Defendant Vera's client Defendant Oliver to pay him for his attorney services.

5.     ECF No. 1, PageID.10-17 details *mens rea* and how others profit from the fraud and other criminal activity through the Family Court federal-state enterprise.

6.     All Plaintiff Shari's witnesses were denied by Defendant judge McDonald.

7.     Maximizing the "child support" payment is financially advantageous for the State to have profits and higher cash flow.

3

8.      More "child support" collections allow States to request more federal funding pursuant to Title IV-D of the Social Security Act.

9.      Defendant OAKLAND COUNTY FRIEND OF THE COURT received federal funding of approximately $89,971,164.79 for seven (7) years [ECF No. 1-3, PageID.329].

10.      In April 2023, Case No. 2023-001205-CZ was initiated by Plaintiff Shari who made a petition pursuant to MCR 2.612(C)(1)(d) for collateral attack against void judgment and orders [Case No. 2020-880855-DM] made pursuant to Title IV-D.

> **Rule 2.612** Relief from Judgment or Order
> (**C**) Grounds for Relief From Judgment.
> (**1**) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
> (**d**) The judgment is void.
> (3) **This subrule does not limit the power of a court to entertain an <u>independent action</u> to relieve a party from a judgment, order, or proceeding**; to grant relief to a defendant not actually personally notified as provided in subrule (B); **or to set aside a judgment for fraud on the court.** (emphasis added)

11.      Defendant Oliver's answered all eighty-nine (89) paragraphs of the petition with the statement, "Defendant [Oliver] neither admits nor denies the allegations contained in this paragraph and leaves Plaintiff [Shari] to her strictest proofs."

4

12.     On May 30, 2023, Defendant Oliver was served a motion to compel an amended answer (Exhibit -2).

13.     On May 31, 2023, Defendant Oliver was served a request for production.

14.     In June 2023, Defendant Vera made an appearance into Case No. 2023-001205-CZ in the 16th Judicial Circuit, Macomb County, Michigan.

15.     Defendant Vera made a motion for summary judgment based on *res judicata* and collateral estoppel.

16.     *Res judicata* and collateral estoppel are a **misapplication** to the facts of Case No. 2023-001205-CZ, *DO NOT APPLY* to void judgments, and do not preclude subsequent litigation on the claim that judgment and orders are void.

17.     Michigan state court judges involved with Case No. 2023-001205-CZ and appellate Case No. 367128 who are not a party to this instant case, but could be joined at a later time, **have a financial interest in the outcome of custody cases pursuant to Title IV-D contracts incentivizing both judicial and executive branches of state government for federal money** [e.g. ECF No. 44-4 through 44-15].

18.     Michigan state court judges involved with Case No. 2023-001205-CZ and appellate Case No. 367128 who are not a party to this instant case, but could be joined at a later time, have allegedly breached their nondiscretionary duty to

take jurisdiction pursuant to MCR 2.612, and instead **dismissed with prejudice**

the collateral attack on a void judgment *WITHOUT* ruling on the merits—an

*IMPOSSIBILITY OF LAW*.

19.    Rulings of Case Nos. 2020-880855-DM and 2023-001205-CZ were

also in violation of Title IV-D contracts specifying federal and state law must be

followed as a condition to receive federal funding, e.g., ECF No. 44-14 contract

with State Court Administrative Office (SCAO), and ECF No. 44-6 County of

Oakland – Friend of the Court [Defendant FOC] agreement:

> "4.39    <u>Compliance with Laws</u>
> Grantee [Defendant FOC] must comply with all federal, state
> and local laws, rules and regulations." [ECF No. 44-6,
> PageID.1132]

20.    ECF No. 44-2 is the latest filing with the Michigan Supreme Court,

based on Case No. 2023-001205-CZ and appellate Case No. 367128.

21.    *It is a FACT* that four (4) RICO violations were alleged in 2022 (Case

No. 2:22-cv-12665-GAD-EAS) and now eight (8) RICO violations were alleged in

Complaint [ECF No. 1].

22.    *It is a FACT* that Defendant Vera cannot produce admissible evidence

to dispute his participation along with other public servant Defendants that are

violating Plaintiffs rights under color of law, as well as his participation in the

criminal usage of the Family Court federal-state enterprise.

23.     *It is a FACT* that the failure to deny any allegation in the complaint, except for the amount of damages, constitutes an admission.  See Fed. R. Civ. P. 8(b)(6).

> Rule 8. General Rules of Pleading
> (b) Defenses; Admissions and Denials.
> (6) ) Effect of Failing to Deny. An allegation—other than one relating to the amount of damages—**is admitted if a responsive pleading is required** **and the <u>allegation is not denied</u>**. If a responsive pleading is not required, an allegation is considered denied or avoided. (emphasis added)

24.     *It is a FACT* that Defendant Vera has *FAILED* to plead or otherwise defend this action.

25.     *It is a FACT* that Defendant Vera is in default [CLERK'S ENTRY OF DEFAULT, ECF No. 24, PageID.477].

26.     *It is a FACT* that Plaintiffs are entitled to judgment by default against Defendant Vera pursuant to Rule of Law.

27.     *It is a FACT* that pursuant to Fed. R. Civ. P. 55(b)(2) Plaintiffs have a right to relief by the evidence.

28.     *It is a FACT* that there is no genuine dispute by Defendant Vera as to any material fact pleaded within Plaintiffs' verified complaint [ECF No. 1] and Plaintiffs are <u>entitled to judgment as a matter of law</u> for Defendant Vera's participation in a clear breach of professional duty and violations of laws, along with other Defendants' breach of fiduciary duty to Plaintiffs and the people of the States of Michigan, Utah, and the other people of the United States to uphold law

7

pursuant to oath of office as well as a clear breach in contracts for federal funding pursuant to Title IV-D of the Social Security Act of 1975.

## AUTHORITY OF THIS COURT

Clearly, this Court has subject-matter jurisdiction due to statutory laws for deprivation of rights and conspiracy under color of law 42 U.S.C. §§ 1983 and 1985, and federal RICO 18 U.S.C. § 1964.  Included in Complaint [ECF No. 1] are allegations against public servants from both States of Michigan and Utah, plus allegations of weaponization of welfare and Social Security fraud with *mens rea* in pursuit federal financial incentives from Title IV-D contracts made pursuant to the Social Security Act of 1975.  The Internal Revenue Service (IRS) was solicited by Defendant OAKLAND COUNTY FRIEND OF THE COURT to rob Plaintiff Shari of her 2021 federal tax refund.  Furthermore, this Court has original jurisdiction pursuant to statutory law 28 U.S.C. § 1355, for which this instant case is based on fine, penalty, and forfeiture with matters involving Title IV-D and UIFSA.

### Federal Question: Deprivation of Rights and Conspiracy Under Color of Law

*Monroe v. Pape*, 365 U.S. 167 (1961) recognized that 42 U.S.C. § 1983 applies to private conduct, including attorney subornation of perjury.

To establish a prima facie case under 42 U.S.C. § 1983, plaintiffs must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *Gomez v. Toledo*, 446 U.S. 635,

640 (1980), see also, e.g., *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3rd Cir. 1995).

To act "under color of" state law for § 1983 purposes, it is enough that he is a willful participant in joint action with the State or its agents. *Dennis v. Sparks*, 449 U.S. 24 (1980).

Private persons, jointly engaged with state officials in the challenged action, are acting under "color of law" for purposes of § 1983 actions. *Adickes v. S. H. Kress & Co*., 398 U.S. 144 (1970); *United States v. Price*, 383 U.S. 787 (1966).

"The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights -- to protect the people from unconstitutional action under color of state law, "whether that action be executive, legislative, or judicial." *Ex parte Virginia*, 100 U.S. at 100 U.S. 346." *Mitchum v. Foster*, 407 U.S. 225, at 242 (1972).

"[T]he interest of parents in the care, custody, and control of their children— is perhaps the oldest of the fundamental liberty interests recognized by [the Supreme] Court." *Troxel v. Granville*, 530 U.S. 57, 65 (2000).

"The rights of parents to care, custody, and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions. As such, the rights . . . are fundamental rights protected by First, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution." *Doe v. Irwin*, 441 F. Supp. 1247 (W.D. Mich. 1977).

**Enforcement of the constitutional rights specified in Plaintiffs' civil rights complaint is in the public interest.**

## Federal Question: Racketeer Influenced and Corrupt Organizations (RICO)

To state a RICO claim, Plaintiffs must plead the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).

To successfully allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a *continuing* nature. *See* 18 U.S.C. § 1961(5); *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 239-43, 109 S.Ct. 2893, 2900-2903, 106 L.Ed.2d 195 (1989); *Childers,* 18 F.3d at 910-13; *see also State v. Lucas,* 600 So.2d 1093, 1094 (Fla.1992) (adopting the criteria set forth in *H.J. Inc.*).

18 U.S.C § 1964(c) of the RICO Act allows civil claims against anyone accused of a RICO violation.  Complaint alleges the Family Court federal-state enterprise is being used criminally.

Controlling case law addressing government bodies as RICO participants holds that government bodies whose conduct meets the definitions as applied to non-government entities also applies to them, which would include state judges, federal judges, U.S. Department of Justice, and others. **This includes aiding and abetting and conspiracy against the rights of citizens.**

A line of cases hold that any governmental agency, court, political office or the like could serve as a RICO "enterprise." *United States v. Thompson*, 685 F.2d 993, 999 (6th Cir. 1982)(en banc) cert. denied, 459 U.S. 1072 (1983). Among the government units that have been held to be "enterprises" are offices of governors and state legislators, courts, court clerks' offices. See e.g., *United States v. Stratton*, 649 F.2d 1066, 1072-75 (5th Cir. 1981); *United States v. Clark*, 656 F.2d 1259, 1261-67 (8th Cir. 1981) Office of county judge; *United States v. Frumento*,

405 F. Supp. 23, 29-30 (E.D. Pa. 1975), aff'd 563 F.2d 1083 (3d Cir. 1977), cert.

denied, 434 U.S. 1072 (1978).

Decisions after *Frumento* expanded government activity to every

conceivable government agency, court, or political office. *United States v.*

*Thompson*, 669 F.2d 1143 (6th Cir. 1982), revd 685 F.2d 993 (6th Cir. 1982)(en

banc), cert. denied, 459 U.S. 1072 (1983).  Each of these criminal acts were

compounded by the fact that they were perpetrated by people in positions of trust,

who were paid to enforce the law.  Expanding on the number of parties involved in

the series of predicate acts were the unknown but suspected − U.S. Department of

Justice − parties that were orchestrating the multiple schemes and conspiracies and

protecting each of the criminal acts of each and every one.

The racketeering activity is not required to benefit the enterprise. The

participants in the scheme are not required to have personally profited, though

some did.  *United States v. Killip*, 819 F.2d 1542, 1549 (10th Cir. 1987).

RICO allows for prosecution of **all** individuals involved in a corrupt

organization.  Judges can and are sentenced under RICO.

**The Seventh Circuit Court of Appeals held that the Circuit Court of**

**Cook County is a criminal enterprise.** *U.S. v. Murphy*, 768 F.2d 1518, 1531 (7th

Cir. 1985).  The United States Supreme Court acknowledged the judicial

corruption in Cook County, when it stated that judge "Maloney was one of many

11

dishonest judges exposed and convicted through 'Operation Greylord,' a labyrinthine federal investigation of judicial corruption in Chicago." *Bracey v. Gramley*, 520 U.S. 899, 901 (1997).  Since judges who do not report the criminal activities of other judges become principals in the criminal activity, 18 U.S.C. §§ 2, 3, and 4, and since no judges have reported the criminal activity of the judges who have been convicted, the other judges are as guilty as the convicted judges.

For other examples, former Cuyahoga County Common Pleas Judge Bridget McCafferty was sentenced to fourteen (14) months in prison for lying to the FBI during the county corruption investigation (Exhibit -3).  Another is the "Kids for Cash" scandal, where a federal judge in Pennsylvania ordered two former state judges to pay $206 million in damages (Exhibit -4).

**Enforcement of rule of law and punishment for RICO violations specified in Plaintiffs' civil rights complaint is in the public interest.**

## ARGUMENT FOR DEFAULT JUDGMENT

According to the facts of this case and Federal Rules of Civil Procedure, Defendant Vera is in default, and a default judgment serves to advance justice when a defendant fails to participate in the legal process.

A default judgment may be entered "against a defendant who never appears or answers a complaint". *Solaroll Shade and Shutter Corp. Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

12

A default judgment's purpose is to protect the diligent party's rights. The entry of default is a deterrent to **defendants that choose delay as part of their litigation strategy**. When the adversary process is halted due to an essentially unresponsive defendant, a default judgment is available, protecting a plaintiff from "undue delay-harassment." Accordingly, the entry of default allows a court to enforce compliance with the Federal Rules of Civil Procedure, which in turn, allows the court to maintain an "orderly and efficient judicial system". This enforcement is consistent with how the Federal Rules of Civil Procedure should be construed and administered, e.g. Fed. R. Civ. P. 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding." *Pikofsky v. Jem Oil*, 607 F. Supp. 727, 733 (E.D. Wis. 1985); *Am. Alliance Ins. Co. v. Eagle Ins. Co*., 92 F.3d 57, 61 (2nd Cir. 1996).

"Pursuant to Rule 55(a) & (b) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," the Court may enter default judgment in favor of the moving party. Invocation of the rule not only provides the trial court with a significant tool for enforcing compliance with the other rules of procedure, thereby encouraging an orderly and efficient judicial system, but also serves to protect diligent parties who have acted expeditiously in accordance with those rules. *Chandler Leasing Corporation v. UCC, Inc.,* 91 F.R.D. 81, 83 (N.D.Ill. 1981)." *Pikofsky v. Jem Oil*, 607 F. Supp. 727 (E.D. Wis. 1985).

## CONCLUSION

Plaintiffs SHARI L. OLIVER, M.A.O. and M.L.O. request for the record that

this Court enter a **DEFAULT JUDGMENT** against Defendant PHILIP G. VERA for

failure to properly and timely address, plead, or otherwise defend the issues

complained of in Plaintiffs' verified complaint [ECF No. 1] in accordance with

Fed. R. Civ. P. 8(b) within the scope of Fed. R. Civ. P. 55(b)(2) .

WHEREFORE, Plaintiffs move this Honorable Court to **GRANT** this motion and enter a **DEFAULT JUDGMENT** against PHILIP G. VERA on all counts pleaded within Plaintiffs' complaint [ECF No. 1]:

A. Real damages of at least $74,868.79;

B. Threefold real damages in accordance with the civil remedies afforded to victims under 18 U.S.C. § 2333 as pleaded in this complaint under 18 U.S.C. § 2331;

C. Punitive damages of two hundred (200) times awarded in accordance's with the laws of torts pursuant to *Pacific Mutual Life Insurance Company v. Cleopatra Haslip et al*, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991);

D. Lost wages and benefits in the amount of $150,000 per year, beginning March 2020;

E. For Plaintiff Shari's unlawful detainment, damages awarded in accordance with *Trezevant v. City of Tampa*, 741 F.2d 336 (11th Cir. 1984), which set the precedent of an award for $25,000.00 for twenty-three (23) minutes of unlawful detainment.  This is equivalent to $1,086.96 per minute.  Since this amount was awarded on October 22, 1982 (Exhibit S [ECF No. 1-3, PageID.369]), accounting for inflation this same award would be approximately $3,490.02 per minute

14

(Exhibit T [ECF No. 1-3, PageID.370]) in current monetary value.[1]

Using this metric, twenty-three (23) minutes of unlawful detainment would amount to $80,270.46.  **One (1) day of unlawful detainment, which is one thousand four hundred forty (1440) minutes per day, would amount to $5,025,628.80.  Plaintiff Shari spent one hundred and eight (108) days in jail (which calculates to $542,767,910.40)** until her release after Plaintiff Shari's mother was extorted $31,063.37;

F.  Compensatory damages in an amount to be determined by the Jury;

G.  Pain and suffering in an amount to be determined by the Jury;

H.  Treble damages for RICO;

I.  Any applicable statutory damages or penalties;

J.  Pre-judgment interest on the principal sum awarded by the Jury at the maximum rate allowed by law;

K.  Post-judgment interest at the maximum rate allowed by law;

L.  Costs and other recoverable amounts as allowed by law;

M. Such other and further relief as is just and proper.

---

[1] Source of inflation calculation: https://www.bls.gov/data/inflation_calculator.htm (September 2024 data was the latest available at the time verified complaint was executed).

Respectfully submitted,

/s/ **Shari L. Oliver**

Dated: February 21, 2025
_____

SHARI L. OLIVER, Plaintiff and mother
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
Telephone: (248) 321-6175
E-mail: jebezob@hotmail.com

**VERIFICATION PURSUANT TO 28 U.S.C. § 1746(1)**

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.  Executed on February 21, 2025.

_____
Shari Lynn Oliver

STATE OF _____UTAH_____ )

COUNTY OF ___Iron___ )

SWORN TO and subscribed before me on this 21st day of February, 2025

by means of in-person notarization, and who has produced as identification: Driver

license for the State of Utah.

JANAE BARTON
Notary Public · State of Utah
Comm. No. 717150
My Commission Expires on
Mar 4, 2025

_____
Notary Public

Commission Expires: __March 4, 2025__

17

## CERTIFICATE OF SERVICE

I hereby certify that, on February 21, 2025, I caused the foregoing document, **PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PHILIP G. VERA** to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification for retrieval of an electronic copy of this document to all parties and counsel of record.

Additionally, I caused the foregoing document to be both e-mailed and mailed by U.S.P.S. Priority Mail to the following Defendants at the addresses as follows:

Philip G. Vera
49587 Gracechurch Rd.
Macomb, MI  48044
pvera@michlawservices.com

Matthew W. Oliver
43506 Chesterfield Dr.
Sterling Heights, MI  48313
mattmwo@hotmail.com

/s/ *Shari L. Oliver*
_____
SHARI L. OLIVER, Plaintiff
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
Telephone: (248) 321-6175
E-mail: jebezob@hotmail.com

**2:24-cv-12962-GAD-EAS Notice is electronically mailed to:**

<u>"Michigan Appellate Judge and
Assistant Attorney General
Defendants"</u>
Cassandra Drysdale-Crown (P64108)
Assistant Attorney General
drysdalecrownc@michigan.gov
P.O. Box 30736
Lansing, MI  48909
(517) 335-7659

Kimberly K. Pendrick (P60348)
Assistant Attorney General
pendrickk@michigan.gov
3030 W. Grand Blvd. 10th Flr.
Detroit, MI  48202
(313) 456-0067

*Attorneys for Defendants Gleicher,
Markey, Shapiro, Patel, Brenner,
Berke, and Awuta-Coker*

<u>"Utah Defendants"</u>
Darin B. Goff (11355)
Assistant Attorney General
dgoff@agutah.gov

Alexander Gourde (19548)
Assistant Attorney General
agourde@agutah.gov

160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, UT  84114
(801) 366-0100

*Attorneys for Defendants Stockdale,
Christiansen, and Bell*

<u>"Oakland County, Michigan Defendants"</u>
Brooke Elizabeth Tucker (P79776)
Sr. Assistant Corporation Counsel
tuckerbe@oakgov.com
(248) 858-2007

Mary Ann Jerge (P46574)
Sr. Assistant Corporation Counsel
jergem@oakgov.com
(248) 858-0551

1200 N. Telegraph Road, Bldg. 14E
Pontiac, MI  48341

*Attorneys for Defendants Oakland County
Friend of the Court, McDonald, Heritage,
Hollyer, Pyrros-Hensen, Dever, Matis, and
Warren*

<u>"Michigan Private Attorney Defendant"</u>
Ellen Bartman Jannette (P41800)
Plunkett Cooney
ejannette@plunkettcooney.com
(248) 594-8221

38505 Woodward Ave. - Suite 100
Bloomfield Hills, MI  48304

*Attorney for Cohen*

<u>"Pontiac, Oakland County, Michigan Judge
Defendant"</u>
Anne McClorey McLaughlin (P40455)
Rosati, Schultz, Joppich & Amtsbuechler, P.C.
amclaughlin@rsjalaw.com
(248) 489-4100

27555 Executive Drive, Suite 250
Farmington Hills, MI  48331

*Attorney for Bowie*