STATE OF MICHIGAN
IN THE 16TH CIRCUIT COURT FOR THE COUNTY OF MACOMB

Shari Lynn Oliver,                              Case No. 2023-001205-CZ
                                                Hon. Jennifer M. Faunce

      Plaintiff,

v.

Matthew Warren Oliver,

      Defendant.

---

Shari Lynn Oliver                               Matthew Warren Oliver
Plaintiff                                       Defendant
189 N. Castle Drive (2675 W.)                   43506 Chesterfield Dr.
Cedar City, Utah  84720                         Sterling Heights, MI  48313
(248) 321-6175                                  (586) 504-0125
jebezob@hotmail.com                             mattmwo@hotmail.com

---

# PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FILE AN AMENDED ANSWER

    NOW COMES Plaintiff SHARI LYNN OLIVER with a motion for an ORDER

to compel Defendant MATTHEW WARREN OLIVER to file an amended

answer/responsive pleading pursuant to the amendment policy of MCR

2.118(A)(2) on the grounds that his Answer does not meet the requirements of

MCR 2.111(C).

1

Document received by the MI Macomb 16th Circuit Court.

All eighty-nine (89) paragraphs of Defendant's Answer were the statement, "Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiff to her strictest proofs."

Defendant's Answer does not meet the minimum requirements of MCR 2.111(C).

Defendant's Affirmative Defenses did not allege any of the facts necessary to establish the defendant's right to rely on the defenses.

See also BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FILE AN AMENDED ANSWER.

WHEREFORE, Plaintiff SHARI LYNN OLIVER moves this Honorable Court for an ORDER for Defendant MATTHEW WARREN OLIVER to file an Amended Answer that complies with MCR 2.111(C).

Respectfully submitted by:

/s/ **Shari L. Oliver**
_____
SHARI L. OLIVER, Plaintiff
189 N. Castle Dr. (2675 W.)
Cedar City, UT 84720
Telephone: (248) 321-6175
E-mail: jebezob@hotmail.com

Dated: May 30, 2023

Document received by the MI Macomb 16th Circuit Court.

STATE OF MICHIGAN
IN THE 16TH CIRCUIT COURT FOR THE COUNTY OF MACOMB

Shari Lynn Oliver,                                    Case No. 2023-001205-CZ
                                                      Hon. Jennifer M. Faunce

      Plaintiff,

v.

Matthew Warren Oliver,

      Defendant.

---

Shari Lynn Oliver                          Matthew Warren Oliver
Plaintiff                                  Defendant
189 N. Castle Drive (2675 W.)              43506 Chesterfield Dr.
Cedar City, Utah  84720                    Sterling Heights, MI  48313
(248) 321-6175                             (586) 504-0125
jebezob@hotmail.com                        mattmwo@hotmail.com

---

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FILE AN AMENDED ANSWER

    NOW COMES Plaintiff SHARI LYNN OLIVER ("Shari") with a motion for an

ORDER to compel Defendant MATTHEW WARREN OLIVER ("Oliver") to file an

amended answer pursuant to the amendment policy of MCR 2.118 on the grounds

that his Answer does not meet the requirements of MCR 2.111(C).

### STATEMENT OF FACTS

    1.    This instant Case No. 2023-001205-CZ was initiated with VERIFIED

PETITION TO VACATE A VOID JUDGMENT AND COLLATERAL ATTACK

1

Document received by the MI Macomb 16th Circuit Court.

UNDER AUTHORITY MICHIGAN RULE 2.612(C)(1)(d)

("COMPLAINT/VERIFIED PETITION").

2.      After appointed court officer Salvatore Manzella received no response at the door of Oliver's house or to his business cards he left at the door while Oliver's red truck was parked in the driveway, Shari and Salvatore Manzella discussed having him wait for Oliver to come out of his house in the morning in order to complete personal service of COMPLAINT/VERIFIED PETITION.

3.      Oliver was personally served the summons and COMPLAINT/VERIFIED PETITION on May 4, 2023.

4.      Salvatore Manzella's affidavit of service was filed into this instant case on May 8, 2023.

5.      Oliver who is proceeding *pro se* answered on May 25, 2023.

6.      All eighty-nine (89) paragraphs were answered, "Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiff to her strictest proofs."

7.      On May 25, 2023, Shari e-mailed Oliver and requested that he file an amended answer that complies with MCR 2.111(C) (Exhibit 1).

8.      On May 28, 2023, Shari e-mailed Oliver and told him of her plan to file this motion (Exhibit 1).

9.      Shari did not receive a response to either e-mail.

Document received by the MI Macomb 16th Circuit Court.

10.    COMPLAINT/VERIFIED PETITION moves this Honorable Court for the vacation of a void judgment.

11.    Shari DEMANDS restoration of her rights and her two (2) minor children's rights protected by the Constitution of the United States and the Constitution of the State of Michigan.

12.    Shari DEMANDS HER RIGHT TO NO LESS THAN 50/50 custody and parenting time with her children.

13.    Shari DEMANDS her right to love, nurture, care for, give structure to her children, and to financially support her children WITHOUT government interference.

14.    *In re A.P.*, 770 N.W.2d 403, 412 (Mich. Ct. App. 2009): "[D]ue process precludes a government from interfering with parents' fundamental liberty interest in making decisions regarding the care, custody, and control of their children absent a compelling state interest," citing *Troxel*, 530 U.S. at 65-66.

15.    In a separate suit in Federal District Court, Shari is seeking remedy for damages for the crimes committed against Shari and her children and for their deprivation of rights under color of law committed prior to, through, and post the alleged VOID judgment.

16.    This instant suit is a collateral attack on the allegedly VOID judgment and orders of Case No. 2020-880855-DM.

3

Document received by the MI Macomb 16th Circuit Court.

# ARGUMENT

Defendant's Answer does not meet the requirements of MCR 2.111(C).

Michigan Court Rule 2.111(C) provides:

(C) **Form of Responsive Pleading**.  As to each allegation on which the adverse party relies, a responsive pleading must
(1) state an explicit admission or denial;
(2) plead no contest; or
(3) state that the pleader lacks knowledge or information sufficient to form a belief as to the truth of an allegation, which has the effect of a denial.

Additional Michigan Court Rule in section 2.111 states:

(D) Form of Denials.  Each denial must state the substance of the matters on which the pleader will reply to support the denial.
(E) Effect of Failure to Deny.
(1) Allegations in a pleading that requires a responsive pleading, other than allegations of the amount of damage or the nature of the relief demanded, are admitted if not denied in the responsive pleading.
(2) Allegations in a pleading that does not require a responsive pleading are taken as denied.
(3) A pleading of no contest, provided for in subrule (C)(2), permits the action to proceed without proof of the claim or part of the claim to which the pleading is directed.  Pleading no contest has the effect of an admission only for purposes of the pending action.

Under MCR 2.111(C), a party, through a responsive pleading such as an

answer, see MCR 2.110(A)(5), (B)(1), must do one of the following with respect to

each allegation: state an explicit admission or denial; plead no contest; or state that

the pleader lacks knowledge or information sufficient to form a belief as to the

truth of the allegation, which has the effect of a denial.

Document received by the MI Macomb 16th Circuit Court.

"The primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." *Dalley v. Dykema Gossett*, 287 Mich App 296, 305; 788 NW2d 679 (2010) (quotation marks, citation, and brackets omitted). In other words, a defendant's answer "must be sufficiently specific so that a plaintiff will be able to adequately prepare his case[.]" *Stanke v. State Farm Mut Auto Ins Co*, 200 Mich App 307, 318; 503 NW2d 758 (1993).

Under a strict interpretation of MCR 2.111(C)(D)(E), the response to all allegations with "Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiff to her strictest proofs." constitute admissions; this is because they are not explicit denials, and MCR 2.111(E)(1) treats all allegations requiring a response that were not explicitly denied as having been admitted.

Defendant Oliver answered this instant case as *pro se*, however he has had success with unresponsive answering and had experienced no accountability when perjury was alleged against him in Case No. 2020-880855-DM.

The statement "Notice: This document was drafted or partially drafted with the assistance of a lawyer licensed to practice in the State of Michigan, pursuant to MRCP 1.2(2)." was at the end on p.10 of his answer to this instant case, and this document was e-served by Attorney Philip Vera ("Vera") as stated on the Proof of

Document received by the MI Macomb 16th Circuit Court.

Service.  Attorney Vera represented Oliver in the allegedly VOID divorce Case

No. 2020-880855-DM, which was initiated by Shari as a result of Oliver's alleged

domestic violence against Shari and their children, and the divorce case was

handled by an alleged criminal enterprise and racket, the 6th Judicial Circuit Court,

Family Division, in the County of Oakland.  In an ongoing separate suit in Federal

District Court, one of Shari's allegations against Attorney Vera was that he

suborned Oliver's perjury.  For the lawsuit in Federal District Court, Defendant

Attorney Vera did not sign the Waiver of the Service of Summons, Federal Form

AO 399, and he had the appearance of avoiding service (Exhibit 2).

In Case No. 2020-880855-DM, Attorney Vera made similar unresponsive

pleadings on Oliver's behalf (Exhibit 3 in response to a motion to show cause and

Exhibit 4 in response to a motion for reconsideration).  With Judge Julie A.

McDonald ("McDonald") presiding as Family Court judge and an alleged

racketeer of the alleged criminal enterprise, these unresponsive pleadings appeared

to be effective as she would allow no proofs and denied Shari's motion to show

cause for perjury, false statements, and obstruction of justice, and Judge McDonald

gave no reason for denial (Exhibit 5 and COMPLAINT/PETITION Exhibit 3: Tr.

9:23-25, November 17, 2021).  Judge McDonald thereby denied Shari her

witnesses, evidence, and discovery to prove Oliver's perjury, and as judge she was

complicit with perjury allegations, Oliver's statements under oath that were

Document received by the MI Macomb 16th Circuit Court.

inconsistent with prior statements under oath, and her own false narrative.  Judge McDonald also stated she did not make any palpable errors (COMPLAINT/PETITION Exhibit 3: Tr. 11:5-9, November 17, 2021), which is allegedly false, and she denied Shari's motion for reconsideration (Exhibit 6).

An amended answer could remedy the deficiencies of Oliver's answer to this instant case.  *See Chicago Dist. Council of Carpenters Pension Fund v. Balmoral Racing Club, Inc*., 2000 WL 876921, at *1 (N.D. Ill. June 26, 2000) and *Bruce v. Anthem Ins. Cos., Inc.*, 2015 WL 1860002, at *1-2.  A motion to compel the defendant to file an amended answer would allow the defendant to cure his pleading defect without suffering the consequences of having the averments of plaintiff's complaint deemed admitted, or having his unresponsive pleadings stricken. *See id.*, citing Wright & Miller, *supra* § 1261 at 530 ("[T]he liberal amendment policy of Rule 15 provides a safety valve that permits the district court to allow deviations from poorly framed denials when it seems appropriate to do so.")

The amendment policy of MCR 2.118 is similar to Federal Rule 15, mentioned in the previous paragraph.  Allowing an amended answer would provide leniency, in the interest of due process, for the Defendant who filed an unresponsive answer.

Document received by the MI Macomb 16th Circuit Court.

## CONCLUSION

WHEREFORE, Plaintiff SHARI LYNN OLIVER moves this Honorable Court

for an ORDER for Defendant MATTHEW WARREN OLIVER to file an Amended

Answer that complies with MCR 2.111(C).

Respectfully submitted by:

Dated: May 30, 2023

SHARI L. OLIVER, Plaintiff
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
Telephone: (248) 321-6175
E-mail: jebezob@hotmail.com

### Verification Pursuant to 28 U.S.C. § 1746 (1)

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.  Executed on May 30, 2023.

SHARI L. OLIVER

Document received by the MI Macomb 16th Circuit Court.

# EXHIBIT 1

STATE OF MICHIGAN

IN THE 16TH CIRCUIT COURT FOR THE COUNTY OF MACOMB

Case No. 2023-001205-CZ

Shari Lynn Oliver v. Matthew Warren Oliver

Motion Title: PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FILE AN AMENDED
ANSWER

# Exhibit Description:

## E-mails Sent By Shari Lynn Oliver to Matthew Warren Oliver on May 25 and May 28, 2023

I, Plaintiff Shari Lynn Oliver, certify that this Exhibit is a true and correct copy of the
document described above.    Dated: May 30, 2023    _Shari L. Oliver_

Document received by the MI Macomb 16th Circuit Court.

Re: MiFILE - Document Submitted and Served 2023-001205-CZ, OLIVER, SHARI LYNN VS. OLIVER, MATTHEW WARREN

Shari *
Sun 5/28/2023 6:04 PM
To: MATTMWO@hotmail.com OLIVER <mattmwo@hotmail.com>

Matt,
My plan is to serve for filing on Tuesday a motion for you to amend your answer, and a motion hearing notice for Monday, June 12.  Please let me know if you will amend your answer without me needing to file a motion.
Regards,
Shari

---

**From:** Shari * <jebezob@hotmail.com>
**Sent:** Thursday, May 25, 2023 6:39 PM
**To:** MATTMWO@hotmail.com OLIVER <mattmwo@hotmail.com>
**Subject:** Re: MiFILE - Document Submitted and Served 2023-001205-CZ, OLIVER, SHARI LYNN VS. OLIVER, MATTHEW WARREN

Matt,

Your answer does not meet the requirements of MCR 2.111(C).  Will you file an amended answer?

Copy/paste of the rule is below for your convenience.

Regards,

Shari

Michigan Court Rule 2.111(C) provides:

(C) **Form of Responsive Pleading**.  As to each allegation on which the adverse party relies, a responsive pleading must

(1) state an explicit admission or denial;

(2) plead no contest; or

(3) state that the pleader lacks knowledge or information sufficient to form a belief as to the truth of an allegation, which has the effect of a denial.

Document received by the MI Macomb 16th Circuit Court.

# EXHIBIT 2

STATE OF MICHIGAN

IN THE 16TH CIRCUIT COURT FOR THE COUNTY OF MACOMB

Case No. 2023-001205-CZ

Shari Lynn Oliver v. Matthew Warren Oliver

Motion Title: PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FILE AN AMENDED ANSWER

# Exhibit Description:

## DEFENDANT'S ANSWER TO PLAINTIFF'S MOTION FOR PERJURY, FALSE STATEMENTS AND OBSTRUCTION OF JUSTICE

Filed November 10, 2021 in
Michigan 6th Judicial Circuit Case No. 2020-880855-DM

I, Plaintiff Shari Lynn Oliver, certify that this Exhibit is a true and correct copy of the document described above.     Dated: May 30, 2023     _Shari L. Oliver_

Document received by the MI Macomb 16th Circuit Court.

FILED   Received for Filing   Oakland County Clerk   11/10/2021 4:33 PM

STATE OF MICHIGAN
IN THE 6TH CIRCUIT COURT FOR THE COUNTY OF OAKLAND
FAMILY DIVISION

SHARI LYNN OLIVER,

                    Plaintiff,

-vs-                                                    Case No. 2020-880855-DM
                                                       Hon.  Julie A. McDonald

MATTHEW WARREN OLIVER,

                    Defendant.

| | |
|---|---|
| SHARI LYNN OLIVER<br>Plaintiff in Pro Per<br>241 Whittington Drive<br>Centerville, Ohio 45459<br>jebezob@hotmail.com | MICHIGAN LAW SERVICES, PLLC<br>Philip G. Vera (P69926)<br>Attorney for the Defendant<br>8300 Hall Road, Suite 202<br>Utica, Michigan 48317<br>Office:  (586) 991-1783<br>Fax:  (586) 203-2452<br>pvera@michlawservices.com |

### DEFENDANT'S ANSWER TO PLAINTIFF'S MOTION FOR PERJURY, FALSE STATEMENTS AND OBSTRUCTION OF JUSTICE

NOW COMES Defendant, MATTHEW WARREN OLIVER, by and through his attorney, Philip G. Vera, and for his Answer to Plaintiff's Motion for Perjury, False Statements and Obstruction of Justice as follows:

1. Defendant denies the allegations contained in this paragraph as being untrue.

2. Defendant denies the allegations contained in this paragraph as being untrue.

3. Defendant denies the allegations contained in this paragraph as being untrue.

4. Defendant denies the allegations contained in this paragraph as being untrue.

5. Defendant denies the allegations contained in this paragraph as being untrue.

6. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

Document received by the MI Macomb 16th Circuit Court.

7.  Defendant denies the allegations contained in this paragraph as being untrue.

8.  Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

9.  Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

10. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

11. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

12. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

13. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

14. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

15. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

16. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

17. Defendant admits the allegation contained in this paragraph as being true.

18. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

19. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

Document received by the MI Macomb 16th Circuit Court.

20. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

21. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

22. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

23. Defendant denies the allegations contained in this paragraph as being untrue and defamatory.

24. No allegations are made in this paragraph.

25. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

26. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

27. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

28. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

29. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

30. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

WHEREFORE the Defendant, MATTHEW WARREN OLIVER, respectfully requests this Honorable Court:

1. **Deny Motion.** That the Plaintiff's frivolous motion be denied in its entirety.

Document received by the MI Macomb 16th Circuit Court.

2. **Costs and Attorney Fees.**  That the Plaintiff be ordered to pay costs and attorney fees in the amount of $1,500 for attorney fees wrongfully incurred by the Defendant for having to defend this frivolous motion.  This amount should be paid from the Plaintiff's share of the marital estate.

3. **Other Relief.**  That the Defendant be awarded any other relief that it determines is equitable in this case.

Respectfully submitted,

PHILIP G. VERA (P69926)
Attorney for the Defendant
MICHIGAN LAW SERVICES, PLLC
8300 Hall Road, Suite 202
Utica, MI 48317
Dated:  November 10, 2021          (586) 991-1783

Document received by the MI Macomb 16th Circuit Court.

# EXHIBIT 3

STATE OF MICHIGAN

IN THE 16TH CIRCUIT COURT FOR THE COUNTY OF MACOMB

Case No. 2023-001205-CZ

Shari Lynn Oliver v. Matthew Warren Oliver

Motion Title: PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FILE AN AMENDED ANSWER

# Exhibit Description:

## DEFENDANT'S ANSWER TO PLAINTIFF'S MOTION TO RECONSIDER OPINION AND ORDER

Filed November 10, 2021 in
Michigan 6th Judicial Circuit Case No. 2020-880855-DM

I, Plaintiff Shari Lynn Oliver, certify that this Exhibit is a true and correct copy of the document described above.     Dated: May 30, 2023     _Shari L. Oliver_

Document received by the MI Macomb 16th Circuit Court.

STATE OF MICHIGAN
IN THE 6TH CIRCUIT COURT FOR THE COUNTY OF OAKLAND
FAMILY DIVISION

SHARI LYNN OLIVER,

Plaintiff,

-vs-

MATTHEW WARREN OLIVER,

Defendant.

Case No. 2020-880855-DM
Hon. Julie A. McDonald

| | |
|---|---|
| SHARI LYNN OLIVER<br>Plaintiff in Pro Per<br>241 Whittington Drive<br>Centerville, Ohio 45459<br>jebezob@hotmail.com | MICHIGAN LAW SERVICES, PLLC<br>Philip G. Vera (P69926)<br>Attorney for the Defendant<br>8300 Hall Road, Suite 202<br>Utica, Michigan 48317<br>Office: (586) 991-1783<br>Fax: (586) 203-2452<br>pvera@michlawservices.com |

## DEFENDANT'S ANSWER TO PLAINTIFF'S MOTION TO RECONSIDER OPINION AND ORDER

NOW COMES Defendant, MATTHEW WARREN OLIVER, by and through his attorney, Philip G. Vera, and for his Answer to Plaintiff's Motion to Reconsider Opinion and Order as follows:

1. Defendant denies the allegation that he committed perjury. Defendant admits Plaintiff filed a motion to Show Cause for Perjury, False Statements and Obstruction of Justice.

2. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

3. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

Page **1** of 10

FILED    Received for Filing    Oakland County Clerk    11/10/2021 4:33 PM

Document received by the MI Macomb 16th Circuit Court.

4. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

5. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

6. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

7. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

8. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

9. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

10. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

11. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

12. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

13. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

14. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

15. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

Document received by the MI Macomb 16th Circuit Court.

16. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

17. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

18. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

19. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

20. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

21. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

22. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

23. Defendant denies the allegation contained in this paragraph as being untrue.

24. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

25. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

26. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

27. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

Document received by the MI Macomb 16th Circuit Court.

28. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

29. Defendant admits the allegation contained in this paragraph.

30. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs. Defendant further states that the referral was not for a recommendation on parenting time.

31. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

32. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

33. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

34. Defendant admits the allegation contained in this paragraph as being true. Defendant further states that it is inappropriate for the information obtained from the children interview to be made known to either party.

35. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

36. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

37. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

38. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

Document received by the MI Macomb 16th Circuit Court.

39. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

40. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

41. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

42. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

43. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

44. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

45. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

46. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

47. Defendant denies the allegation contained in this paragraph as being untrue.

48. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

49. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

50. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

Document received by the MI Macomb 16th Circuit Court.

51. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

52. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

53. Defendant denies the allegation contained in this paragraph as being untrue.

54. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

55. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

56. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

57. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

58. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

59. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

60. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

61. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

62. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

Document received by the MI Macomb 16th Circuit Court.

63. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

64. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

65. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

66. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

67. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

68. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

69. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

70. No allegations were made in this paragraph as the contents of this paragraph is in the form of a question.

71. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

72. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

73. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

74. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

Document received by the MI Macomb 16th Circuit Court.

75. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

76. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

77. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

78. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

79. Defendant admits the allegation contained in this paragraph.

80. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

81. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

82. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

83. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

84. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

85. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

86. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

Document received by the MI Macomb 16th Circuit Court.

87. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

88. Defendant admits the allegation contained in this paragraph as being true.

89. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

90. No allegation is made in this paragraph as it is in the form of a question.

91. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

92. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

93. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

94. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

95. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

96. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

97. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

98. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

99. Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

Document received by the MI Macomb 16th Circuit Court.

100.  Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

101.  Defendant neither admits nor denies the allegations contained in this paragraph and leaves the Plaintiff to her strictest proofs.

WHEREFORE the Defendant, MATTHEW WARREN OLIVER, respectfully requests this Honorable Court:

1. **Deny Motion.**  That the Plaintiff's frivolous motion be denied in its entirety.

2. **Costs and Attorney Fees.**  That the Plaintiff be ordered to pay costs and attorney fees in the amount of $1,500 for attorney fees wrongfully incurred by the Defendant for having to defend this frivolous motion.  This amount should be paid from the Plaintiff's share of the marital estate.

3. **Other Relief.**  That the Defendant be awarded any other relief that it determines is equitable in this case.

Respectfully submitted,

PHILIP G. VERA (P69926)
Attorney for the Defendant
MICHIGAN LAW SERVICES, PLLC
8300 Hall Road, Suite 202
Utica, MI 48317
(586) 991-1783

Dated:  November 10, 2021

Document received by the MI Macomb 16th Circuit Court.

# EXHIBIT 4

STATE OF MICHIGAN

IN THE 16TH CIRCUIT COURT FOR THE COUNTY OF MACOMB

Case No. 2023-001205-CZ

Shari Lynn Oliver v. Matthew Warren Oliver

Motion Title: PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FILE AN AMENDED ANSWER

# Exhibit Description:

## ORDER REGARDING MOTION
## Motion Title: Plaintiff's Motion to Show Cause for Perjury, Fase [sic] Statements, and Obstruction of Justice

Filed November 17, 2021 in
Michigan 6th Judicial Circuit Case No. 2020-880855-DM

I, Plaintiff Shari Lynn Oliver, certify that this Exhibit is a true and correct copy of the document described above.     Dated: May 30, 2023     _Shari L. Oliver_

Document received by the MI Macomb 16th Circuit Court.

**STATE OF MICHIGAN IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

OLIVER,SHARI,LYNN,                    Plaintiff,          NO:    2020-880855-DM

V

OLIVER,MATTHEW,WARREN,                Defendant,          HON. JULIE MCDONALD

In the matter of:

## ORDER REGARDING MOTION

Motion Title:    Plaintiff's Motion to Show Cause for Perjury, Fase Statements, and Obstruction of Justice

The above named motion is:

☐ granted.

☐ granted in part, denied in part.

☒ denied.

☒ for the reasons stated on the record.

In addition:

DATED:    11/17/2021

/s/ Julie A. McDonald

November 17, 2021

HON. JULIE MCDONALD

Circuit Court Judge

Document received by the MI Macomb 16th Circuit Court.

# EXHIBIT 5

STATE OF MICHIGAN

IN THE 16TH CIRCUIT COURT FOR THE COUNTY OF MACOMB

Case No. 2023-001205-CZ

Shari Lynn Oliver v. Matthew Warren Oliver

Motion Title: PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FILE AN AMENDED ANSWER

# Exhibit Description:

ORDER REGARDING MOTION
Motion Title: Plaintiff's Motion to Reconsider Opinion and Order

Filed November 17, 2021 in
Michigan 6th Judicial Circuit Case No. 2020-880855-DM

I, Plaintiff Shari Lynn Oliver, certify that this Exhibit is a true and correct copy of the document described above.     Dated: May 30, 2023   _Shari L. Oliver_

Document received by the MI Macomb 16th Circuit Court.

**STATE OF MICHIGAN IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

OLIVER,SHARI,LYNN,

  V

OLIVER,MATTHEW,WARREN,

Plaintiff,

Defendant,

NO: **2020-880855-DM**

**HON. JULIE MCDONALD**

In the matter of:

## ORDER REGARDING MOTION

Motion Title: **Plaintiff's Motion to Reconsider Opinion and Order**

The above named motion is:

☐ granted.

☐ granted in part, denied in part.

☒ denied.

☒ for the reasons stated on the record.

In addition:

DATED: 11/17/2021

/s/ Julie A. McDonald
~~November 17, 2021~~
HON. JULIE MCDONALD
Circuit Court Judge

Document received by the MI Macomb 16th Circuit Court.