UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHARI L. OLIVER, M.A.O., and M.L.O., | )    Case No. 2:24-cv-12962 |
| | ) |
| *Plaintiffs*, | )    Hon. GERSHWIN A. DRAIN |
| | )    Mag. ELIZABETH A. STAFFORD |
| v. | ) |
| | ) |
| OAKLAND COUNTY FRIEND OF THE COURT, | ) |
| JULIE A. MCDONALD, KATHERINE K. | ) |
| HERITAGE, SUZANNE K. HOLLYER, | ) |
| STEPHANIE PYRROS-HENSEN, | ) |
| ELIZABETH L. GLEICHER, JANE E. MARKEY, | ) |
| DOUGLAS B. SHAPIRO, SIMA G. PATEL, | ) |
| PETER K. DEVER, JEFFERY S. MATIS, | ) |
| MATTHEW W. OLIVER, PHILIP G. VERA, | ) |
| SUSAN E. COHEN, JEREMY D. BOWIE, | ) |
| MICHAEL D. WARREN JR., | ) |
| SARAH K. BRENNER, MARK B. BERKE, | ) |
| EMANUEL AWUTA-COKER, | ) |
| LIESA STOCKDALE, RYAN E. CHRISTIANSEN, | ) |
| MATTHEW L. BELL, | ) |
| | ) |
| *Defendants*. | ) |

# PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
# AGAINST DEFENDANT MATTHEW W. OLIVER

Shari L. Oliver, *Plaintiff*
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
(248) 321-6175
jebezob@hotmail.com

NOW COME Plaintiffs, SHARI L. OLIVER ("Shari"), M.A.O., and M.L.O., pursuant to Fed. R. Civ. P. 55(b)(2) with a motion for default judgment against Defendant MATTHEW W. OLIVER ("Oliver").

In support of this motion for a default judgment, Plaintiffs state:

1.      Fed R. Civ. P. 12(a)(1)(A)(i) states a defendant must serve a responsive pleading within twenty-one (21) days of being served.

2.      Defendant Oliver was served the summons and complaint on November 26, 2024 at 6:03 PM EST.

3.      Affidavit of Service for personal service of Defendant Oliver is ECF No. 10, PageID.425.

4.      Defendant Oliver is not an infant, incompetent person, or currently in the military service.

5.      Twenty-one (21) days from date of personal service was December 17, 2024.

6.      Defendant Oliver failed to plead or otherwise defend by December 17, 2024.

7.      On December 18, 2024, Plaintiff Shari requested a clerk's entry of default [ECF No. 22, PageID.462].

8.   On December 18, 2024, CLERK'S ENTRY OF DEFAULT was issued; Party in Default: Matthew W. Oliver [ECF No. 25, PageID.478] in accordance with Fed. R. Civ. P. 55(a).

9.   Defendant Oliver has failed to plead or otherwise defend by the date this document was filed.

10.   For the reasons above and as set forth more fully in the accompanying brief, good cause exists to enter a default judgment against Defendant Oliver.

WHEREFORE, Plaintiffs SHARI L. OLIVER, M.A.O. and M.L.O. move this Court pursuant to Fed. R. Civ. P. 55(b)(2) to enter a **DEFAULT JUDGMENT** against Defendant MATTHEW W. OLIVER for failure to properly and timely address, plead, or otherwise defend the issues complained of in Plaintiffs' verified complaint [ECF No. 1] in accordance with Fed. R. Civ. P. 8(b).

Respectfully submitted,

/s/ *Shari L. Oliver*
_____

Dated: February 21, 2025

SHARI L. OLIVER, Plaintiff and mother
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
Telephone: (248) 321-6175
E-mail: jebezob@hotmail.com

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARI L. OLIVER, M.A.O., and M.L.O., | ) | Case No. 2:24-cv-12962 |
| | ) | |
| *Plaintiffs*, | ) | Hon. GERSHWIN A. DRAIN |
| | ) | Mag. ELIZABETH A. STAFFORD |
| v. | ) | |
| | ) | |
| OAKLAND COUNTY FRIEND OF THE COURT, | ) | |
| JULIE A. MCDONALD, KATHERINE K. | ) | |
| HERITAGE, SUZANNE K. HOLLYER, | ) | |
| STEPHANIE PYRROS-HENSEN, | ) | |
| ELIZABETH L. GLEICHER, JANE E. MARKEY, | ) | |
| DOUGLAS B. SHAPIRO, SIMA G. PATEL, | ) | |
| PETER K. DEVER, JEFFERY S. MATIS, | ) | |
| MATTHEW W. OLIVER, PHILIP G. VERA, | ) | |
| SUSAN E. COHEN, JEREMY D. BOWIE, | ) | |
| MICHAEL D. WARREN JR., | ) | |
| SARAH K. BRENNER, MARK B. BERKE, | ) | |
| EMANUEL AWUTA-COKER, | ) | |
| LIESA STOCKDALE, RYAN E. CHRISTIANSEN, | ) | |
| MATTHEW L. BELL, | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLAINTIFFS' BRIEF IN SUPPORT OF:
## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
## AGAINST DEFENDANT MATTHEW W. OLIVER

Shari L. Oliver, *Plaintiff*
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
(248) 321-6175
jebezob@hotmail.com

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................. ii

INDEX OF AUTHORITIES.............................................................. iii

INTRODUCTION ........................................................................1

STATEMENT OF FACT ................................................................2

AUTHORITY OF THIS COURT......................................................10

   Federal Question: Deprivation of Rights and Conspiracy Under Color of Law .11

   Federal Question: Racketeer Influenced and Corrupt Organizations (RICO).....12

   RICO: Criminal Conduct of a Continuing Nature ...............................15

ARGUMENT FOR DEFAULT JUDGMENT .......................................19

CONCLUSION ...........................................................................21

VERIFICATION PURSUANT TO 28 U.S.C. § 1746(1) .......................24

CERTIFICATE OF SERVICE .......................................................25

# INDEX OF AUTHORITIES

## Cases

*Adickes v. S. H. Kress & Co*., 398 U.S. 144 (1970)....................................................11

*Am. Alliance Ins. Co. v. Eagle Ins. Co*., 92 F.3d 57 (2nd Cir. 1996) ......................20

*Bracey v. Gramley*, 520 U.S. 899 (1997)....................................................................14

*Brokaw v. Mercer County*, 235 F.3d 1000 (7th Cir. 2000).......................................18

*Buchalter v. New York*, 319 U.S. 427 (1943) ...........................................................17

*Chandler Leasing Corporation v. UCC, Inc.,* 91 F.R.D. 81 (N.D. Ill. 1981) .........20

*Croft v. Westmoreland County Children and Youth Services,* 103 F.3d 1123 (3d Cir. 1997) .................................................................................................................18

*Dennis v. Sparks*, 449 U.S. 24 (1980)........................................................................11

*Doe v. Irwin*, 441 F. Supp. 1247 (W.D. Mich. 1977) ...............................................12

*Elrod v. Burns*, 427 U.S. 347 (1976) ........................................................................17

*Ex parte Virginia*, 100 U.S. 339 (1879)....................................................................12

*Gomez v. Toledo*, 446 U.S. 635 (1980)......................................................................11

*Groman v. Township of Manalapan*, 47 F.3d 628 (3rd Cir. 1995).........................11

*H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229 (1989).................................12

*Jones v. Childers,* 18 F.3d 899 (11th Cir. 1994)........................................................12

*Meyer v. Nebraska,* 262 U.S. 390 (1923) ..................................................................17

*Miller v. United States*, 230 F.2d 486 (5th Cir. 1956) ..............................................18

*Mitchum v. Foster*, 407 U.S. 225 (1972) ..................................................................12

*Monroe v. Pape*, 365 U.S. 167 (1961) .......................................................................11

*Pacific Mutual Life Insurance Company v. Cleopatra Haslip et al*, 499 U.S. 1 (1991) ...................................................................................................22

*Parratt v. Taylor*, 451 U.S. 527 (1981) ...........................................................2, 11

*Pikofsky v. Jem Oil*, 607 F. Supp. 727 (E.D. Wis. 1985)....................................20

*Prince v. Massachusetts,* 321 U.S. 158 (1944) ......................................................17

*Santosky v. Kramer,* 455 U.S. 745 (1982) .............................................................17

*Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479 (1985)......................................12

*Snyder v. Massachusetts*, 291 U.S. 97 (1934) ........................................................17

*Solaroll Shade and Shutter Corp. Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130 (11th Cir. 1986)...................................................................................................20

*State v. Lucas,* 600 So.2d 1093 (Fla. 1992) ...........................................................12

*Trezevant v. City of Tampa*, 741 F.2d 336 (11th Cir. 1984)..................................22

*Troxel v. Granville*, 530 U.S. 57 (2000) .......................................................... 12, 18

*U.S. v. Murphy*, 768 F.2d 1518 (7th Cir. 1985) ...................................................14

*U.S. v. Sage*, 92 F.3d 101 (2d Cir. 1996) ...............................................................7

*United States v. Clark*, 656 F.2d 1259 (8th Cir. 1981)........................................13

*United States v. Frumento*, 405 F. Supp. 23 (E.D. Pa. 1975).................................13

*United States v. Killip*, 819 F.2d 1542 (10th Cir. 1987)........................................14

*United States v. Price*, 383 U.S. 787 (1966)..........................................................11

*United States v. Stratton*, 649 F.2d 1066 (5th Cir. 1981) ......................................13

*United States v. Thompson*, 685 F.2d 993 (6th Cir. 1982) .....................................13

*Wallis v. Spencer,* 202 F.3d 1126 (9th Cir. 2000) ..................................................18

## The Constitution of the United States of America

First Amendment.......................................................................... 1, 7, 12, 17

Fourth Amendment ............................................................................1

Fifth Amendment ............................................................. 1, 7, 12, 17, 19

Sixth Amendment .......................................................................1, 19

Seventh Amendment ...................................................................1, 19

Ninth Amendment............................................................... 1, 7, 12

Thirteenth Amendment ..............................................................1, 7

Fourteenth Amendment ........................................................ 1, 7, 12, 19

## Federal Statutes

18 U.S.C § 3332(a) .................................................................19

18 U.S.C. § 1964 ....................................................................10

18 U.S.C. § 1964(c) .............................................................1, 13

18 U.S.C. § 1964(d) ..................................................................1

18 U.S.C. § 1968 ....................................................................19

18 U.S.C. § 2 ..........................................................................15

18 U.S.C. § 2331 ....................................................................22

18 U.S.C. § 2333 ....................................................................22

18 U.S.C. § 3 ..........................................................................15

18 U.S.C. § 4 ..........................................................................15

28 U.S.C. § 1331 ......................................................................1

28 U.S.C. § 1343(a)(1)........................................................................1

28 U.S.C. § 1343(a)(2)........................................................................1

28 U.S.C. § 1343(a)(3)........................................................................1

28 U.S.C. § 1355..........................................................................1, 11

28 U.S.C. § 1746(1)..........................................................................24

42 U.S.C. § 1983.................................................................. 1, 2, 10, 11

42 U.S.C. § 1985..........................................................................2, 10

42 U.S.C. § 1985(2)............................................................................1

42 U.S.C. § 1985(3)............................................................................1

42 U.S.C. § 666.................................................................................2

Title IV-D of the Social Security Act of 1975 (known as the Child Support
    Enforcement Program)........................................................... 1, 6, 10, 11

Uniform Interstate Family Support Act (UIFSA)......................................... 1, 2, 11

**Rules**

Fed. R. Civ. P. 1 .......................................................................... 20, 21

Fed. R. Civ. P. 12(a)(1)(A)(i) .......................................................... 2, 20, 21

Fed. R. Civ. P. 55(a)..........................................................................20

Fed. R. Civ. P. 55(b) .........................................................................20

Fed. R. Civ. P. 55(b)(2)................................................................ 1, 10, 21

Fed. R. Civ. P. 8(b) ..........................................................................21

Fed. R. Civ. P. 8(b)(6)........................................................................9

**The Constitution of the State of Michigan of 1963**

Article I § 9 ..............................................................................................................7

NOW COME Plaintiffs, SHARI L. OLIVER (hereinafter "Shari"), M.A.O., and M.L.O., pursuant to Fed. R. Civ. P. 55(b)(2) with a motion for default judgment against Defendant MATTHEW W. OLIVER (hereinafter "Oliver").

## INTRODUCTION

**"Any violation of civil rights will be aggressively pursued and prosecuted by my administration. No one will be above the law."**
**– Donald J. Trump**

The Plaintiffs invoke this Court's Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and §1343(a)(1), (2), and (3).  Notably, Plaintiffs' case involves the violation of Federal laws, inter alia, deprivation of rights under color of law pursuant to 42 U.S.C. § 1983, conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985(2), (3), Racketeer Influenced and Corrupt Organizations (RICO) pursuant to 18 U.S.C. § 1964(c), and RICO conspiracy pursuant to 18 U.S.C. § 1964(d).  This action arises under violations of the First, Fourth, Fifth, Sixth, Seventh, Ninth, Thirteenth, and Fourteenth Amendments of the United States Constitution.  Pursuant to 28 U.S.C. § 1355 Federal District Court shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress—subject matter of this instant case involves Title IV-D of the Social Security Act of 1975 (Child Support Enforcement Program) and Uniform Interstate Family Support Act (UIFSA).  In

1996, Congress passed and President Bill Clinton signed the Personal

Responsibility and Work Opportunity Act (42 U.S.C. § 666), which required that

states adopt UIFSA by January 1, 1998 or face loss of federal funding for child

support enforcement.  Every U.S. State has adopted either the 1996 or a later

version of UIFSA.  Allegations substantiate the weaponization of "child support"

and Social Security fraud.

## STATEMENT OF FACT

1.      Defendant Oliver has *FAILED* to answer Plaintiffs' verified complaint

[ECF No. 1] pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i).

2.      Defendant Oliver, jointly engaged with other Defendant state officials

acting under color of law, did deprive, and is depriving Plaintiffs of substantive

rights to a familial relationship, liberty and personal freedom (e.g. punishment of

Plaintiff Shari for refusing to be a wage slave: Plaintiff Shari's unlawful

imprisonment for one hundred eight (108) days until release after Plaintiff Shari's

mother was extorted $31,063.37), property, procedural due process, and equal

protection of the laws of the United States of America and the States of Michigan

and Utah; actions are violations within the meaning of 42 U.S.C. §§ 1983 and

1985.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

3.      Defendant Oliver's perjury in family court proceedings for Case No.

2020-880855-DM was utilized by Defendants family court judge JULIE A.

2

MCDONALD ("McDonald") and OAKLAND COUNTY FRIEND OF THE COURT ("FOC")

evaluator to create false narratives as false evidence in support the elimination of

Plaintiff Shari's custody of her children Plaintiffs M.A.O. and M.L.O. [Relevant

documents, e.g. ECF No. 45-10 to 45-15, 68-10 to 68-14, plus others referenced in

Complaint No. 1 can be provided at a later date].

4.     Defendant judge McDonald labelled Plaintiff Shari the "breadwinner"

[ECF No. 45-3, PageID.1873, 1879].

5.     Elimination of custody ("0" overnights) results in a maximum "child

support" calculation, leads to maximum income (transfer Plaintiff Shari's assets to

her alleged abuser Defendant Oliver, plus force a monthly "child

support"/kidnapping fee from Plaintiff Shari—leading to wage slavery).

6.     Marriage and divorce can be a profitable scam—Defendant Oliver

abuses his wife and children, loses his job three (3) times during marriage with the

third job loss due to sexual harassment allegations; when Plaintiff Shari fights for

Plaintiffs rights Defendant Oliver commits perjury in order to take her money and

their children through the divorce.

7.     Plaintiff Shari is ordered to be Defendant Oliver and Defendant

FOC's financial slave through monthly payments to Defendant FOC, and the order

is made by Defendant judge McDonald who has financial incentives to profit off of

the order along with Defendant FOC, Defendants appellate judges, Defendants assistant attorney generals, and others.

8.     Defendant Oliver has a high school diploma versus Plaintiff Shari has a master in engineering.

9.     ECF No. 1, PageID.10-17 details *mens rea* and how others profit from fraud and other criminal activity through the Family Court federal-state enterprise.

10.     In divorce Case No. 2020-880855-DM, all Plaintiff Shari's witnesses were denied by Defendant judge McDonald.

11.     Filings in this instant case show an e-mail from Defendant Oliver's former employer, and affidavits from women whose statements contradict Defendant Oliver's statements made under oath, e.g. MOTION TO IMPEACH TESTIMONY OF MATTHEW WARREN OLIVER [ECF No. 52-10] (See ECF 44-16, PageID.1537-1567 for entire copies):

    a.  Affidavit Plaintiff's mother Shirley Ober has statements substantiating she witnessed abusive actions of Defendant Oliver towards Plaintiff M.L.O. [ECF No. 52-10, PageID.4100].

    b.  Plaintiffs' former daycare provider Deborah Jackson made statements that she provided childcare services while Defendant Oliver was unemployed [ECF No. 52-10, PageID.4087-4088].

c. Defendant Oliver's former employer Jeff David made an e-mail with statements that Defendant Oliver's employment was terminated due to a sexual harassment allegation [ECF No. 52-10, PageID.4090].

d. Defendant Oliver's former coworker Michelle LaForest made a letter with statements substantiating that Defendant Oliver sexually harassed her [ECF No. 52-10, PageID.4091].

e. Affidavit of Plaintiff's sister Karen Soots has statements substantiating that Defendant Oliver sexually harassed her [ECF No. 52-10, PageID.4095].

12. Plaintiff Shari knows from personal experience the difficulty in coming forward with sexual harassment allegations (Exhibit -2).

13. As a sexual harassment victim, Plaintiff Shari now knows from personal experience the importance for victims to speak up in order for perpetrators to be held accountable, to prevent more of the same, **and for witnesses to see that <u>law and justice is upheld</u>**.

"Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy." *Olmstead v. United States*, 277 U.S. 438, 485 (1928).

14. Maximizing the "child support" payment is financially advantageous for the State to have profits and higher cash flow.

15.    More "child support" collections allow States to request more federal funding pursuant to Title IV-D of the Social Security Act.

16.    Defendant OAKLAND COUNTY FRIEND OF THE COURT received federal funding of approximately $89,971,164.79 for seven (7) years [ECF No. 1-3, PageID.329].

17.    On or about February 4, 2025, Defendant Oliver made a motion to reopen a child support Case No. 2020-880799-DC (Exhibit -3).

18.    A Title IV-D hearing is set for March 10, 2025 with a *REFEREE*, employed by Defendant FOC, presiding (Exhibit -4).

19.    Case No. 2020-880799-DC was closed and matters continued with Case No. 2020-880855-DM (Exhibit -5).

20.    JOD [ECF No. 45-4, PageID.1904] and Defendant Oliver deny Plaintiff Shari from having custody of her children Plaintiffs M.A.O. and M.L.O.

21.    JOD [ECF No. 45-4, PageID.1905-1906, 1908] and Defendant Oliver deny Plaintiff Shari from removing Plaintiffs M.A.O. and M.L.O. from the State of Michigan (Exhibit -6).

22.    Plaintiff Shari resides in the State of Utah.

23.    E-mails from 2024 show Defendant Oliver not agreeing to Plaintiff Shari travelling with Plaintiffs M.A.O. and M.L.O. on Spring Break to a vacation

destination in the State of Ohio (approximately one (1) hour less drive time than the changed destination of Traverse City, Michigan) (Exhibit -6).

24.     Plaintiff Shari was unlawfully incarcerated for fighting for Plaintiffs' unalienable rights that are *secured* by constitutions, such as First, Fifth, Ninth, and Fourteenth Amendment rights to a familial association as well as refusing to be a wage slave—a violation of Thirteenth Amendment of the Constitution of the United States and Article I § 9 of the Constitution of the State of Michigan of 1963.

25.     Plaintiff Shari refused to pay alleged child abusers Defendants Oliver and FOC, who profit off of children kidnapped from Plaintiff Shari **under color of law**.

26.     Defendant Oliver and FOC extorted $31,063.37 out of Plaintiff Shari's mother Shirley Ober to release Plaintiff Shari from jail.

27.     Plaintiff Shari never agreed to UNIFORM CHILD SUPPORT ORDER (UCSO) and *DID NOT SIGN* [ECF No. 1-3, PageID.338-341].

Child support agreements are equivalent to interstate commercial contracts. *U.S. v. Sage*, 92 F.3d 101 (2d Cir. 1996).

28.     UCSO was modified to $0 for "child support"/kidnapping fee (Exhibit -7) as a condition of Shirley Ober paying the extortion and kidnapping fee.

29.     Plaintiff Shari has an *UNALIENABLE RIGHT* to custody of her children, Plaintiffs M.A.O. and M.L.O.

7

30.     Plaintiff Shari has an *UNALIENABLE RIGHT* to financially support her children *WITHOUT* government interference.

31.     Plaintiff Shari was the primary and then the sole financial supporter for her children Plaintiffs M.A.O. and M.L.O. until *FAMILY COURT REMOVED HER CUSTODY UNDER COLOR OF LAW*.

**32.     Plaintiffs M.A.O. and M.L.O. are <u>kidnapped from Plaintiff Shari</u> <u>*UNDER COLOR OF LAW*</u>.**

**33.     Plaintiff Shari has a *DUTY* to *FOLLOW THE LAW* pursuant to 18 U.S.C. §§ 2 (principals), 3 (accessory after the fact), and 4 (misprision of felony), and to <u>*NOT*</u> <u>financially support a criminal enterprise—alleged</u> <u>Defendant FOC</u>, Defendants, and other public servants of judicial and executive branches of government who apparently cause crimes against humanity** [e.g. see Derek Malecki—denial of parental rights resulted in his death, ECF No. 1-3, PageID.366-367, e.g. see whistleblower testimony of Carol Rhodes ECF No. 1, PageID.27; No. 1-1, PageID.116-119; No. 1-2, PageID.282-283; No. 44-28; Bill Hall statements ECF No. 1-2, PageID.282-283, 287-288; former Georgia Senator Nancy Schaefer ECF No. 54, PageID.4412].

34.     Plaintiffs alleged and described this **government entrapment scheme** in ECF No. 63, PageID.4573-4583.

35.     *It is a FACT* that four (4) RICO predicate acts were alleged in 2022 (Case No. 2:22-cv-12665-GAD-EAS) and now eight (8) RICO predicate acts were alleged in Complaint [ECF No. 1].

36.     *It is a FACT* that RICO is continuing, **as Defendant Oliver has initiated additional proceedings, continues to deny Plaintiffs' familial association, and** *once again* **attempts to extort Plaintiff Shari through utilizing Defendant FOC under color of law, and the alleged criminal usage of the family court federal-state enterprise** (Exhibit -8) which may result in a joinder or supplemental pleadings.

37.     *It is a FACT* that Defendant Oliver cannot produce admissible evidence to dispute his participation along with other public servant Defendants that are violating Plaintiffs rights under color of law, as well as his participation in the criminal usage of the Family Court federal-state enterprise.

38.     *It is a FACT* that the failure to deny any allegation in the complaint, except for the amount of damages, constitutes an admission.  See Fed. R. Civ. P. 8(b)(6).

> Rule 8. General Rules of Pleading
> (b) Defenses; Admissions and Denials.
> (6) ) Effect of Failing to Deny. An allegation—other than one relating to the amount of damages—**is admitted if a responsive pleading is required** **and the <u>allegation is not denied</u>**. If a responsive pleading is not required, an allegation is considered denied or avoided. (emphasis added)

39.     *It is a FACT* that Defendant Oliver has *FAILED* to plead or otherwise defend this action.

40.     *It is a FACT* that Defendant Oliver is in default [CLERK'S ENTRY OF DEFAULT, ECF No. 25, PageID.478].

41.     *It is a FACT* that Plaintiffs are entitled to judgment by default against Defendant Oliver pursuant to Rule of Law.

42.     *It is a FACT* that pursuant to Fed. R. Civ. P. 55(b)(2) Plaintiffs have a right to relief by the evidence.

43.     *It is a FACT* that there is no genuine dispute by Defendant Oliver as to any material fact pleaded within Plaintiffs' verified complaint [ECF No. 1] and Plaintiffs are underlinedentitled to judgment as a matter of law for Defendant Oliver's participation in a clear violations of laws, along with other Defendants' breach of fiduciary duty to Plaintiffs and the people of the States of Michigan, Utah, and the other people of the United States to uphold law pursuant to oath of office as well as a clear breach in contracts for federal funding pursuant to Title IV-D of the Social Security Act of 1975.

## AUTHORITY OF THIS COURT

Clearly, this Court has subject-matter jurisdiction due to statutory laws for deprivation of rights and conspiracy under color of law 42 U.S.C. §§ 1983 and 1985, and federal RICO 18 U.S.C. § 1964.  Included in Complaint [ECF No. 1] are

allegations against public servants from both States of Michigan and Utah, plus

allegations of weaponization of welfare and Social Security fraud with *mens rea* in

pursuit federal financial incentives from Title IV-D contracts made pursuant to the

Social Security Act of 1975.  The Internal Revenue Service (IRS) was solicited by

Defendant FOC to rob Plaintiff Shari of her 2021 federal tax refund.  Furthermore,

this Court has original jurisdiction pursuant to statutory law 28 U.S.C. § 1355, for

which this instant case is based on fine, penalty, and forfeiture with matters

involving Title IV-D and UIFSA.


### Federal Question: Deprivation of Rights and Conspiracy Under Color of Law

*Monroe v. Pape*, 365 U.S. 167 (1961) recognized that 42 U.S.C. § 1983 applies to private conduct, including perjury, assault and battery.

To establish a prima facie case under 42 U.S.C. § 1983, plaintiffs must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *Gomez v. Toledo*, 446 U.S. 635, 640 (1980), see also, e.g., *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3rd Cir. 1995).

To act "under color of" state law for § 1983 purposes, it is enough that he is a willful participant in joint action with the State or its agents. *Dennis v. Sparks*, 449 U.S. 24 (1980).

Private persons, jointly engaged with state officials in the challenged action, are acting under "color of law" for purposes of § 1983 actions. *Adickes v. S. H. Kress & Co*., 398 U.S. 144 (1970); *United States v. Price*, 383 U.S. 787 (1966).

"The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights -- to protect

the people from unconstitutional action under color of state law, "whether that action be executive, legislative, or judicial." *Ex parte Virginia*, 100 U.S. at 100 U.S. 346." *Mitchum v. Foster*, 407 U.S. 225, at 242 (1972).

"[T]he interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by [the Supreme] Court." *Troxel v. Granville*, 530 U.S. 57, 65 (2000).

"The rights of parents to care, custody, and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions. As such, the rights . . . are fundamental rights protected by First, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution." *Doe v. Irwin*, 441 F. Supp. 1247 (W.D. Mich. 1977).

**Enforcement of the constitutional rights specified in Plaintiffs' civil rights complaint is in the public interest.**

## Federal Question: Racketeer Influenced and Corrupt Organizations (RICO)

To state a RICO claim, Plaintiffs must plead the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).

To successfully allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a *continuing* nature. *See* 18 U.S.C. § 1961(5); *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 239-43, 109 S.Ct. 2893, 2900-2903, 106 L.Ed.2d 195 (1989); *Childers,* 18 F.3d at 910-13; *see also State v. Lucas,* 600 So.2d 1093, 1094 (Fla.1992) (adopting the criteria set forth in *H.J. Inc.*).

18 U.S.C § 1964(c) of the RICO Act allows civil claims against anyone accused of a RICO violation.  Complaint alleges the Family Court federal-state enterprise is being used criminally.

Controlling case law addressing government bodies as RICO participants holds that government bodies whose conduct meets the definitions as applied to non-government entities also applies to them, which would include state judges, federal judges, U.S. Department of Justice, and others. **This includes aiding and abetting and conspiracy against the rights of citizens.**

A line of cases hold that any governmental agency, court, political office or the like could serve as a RICO "enterprise." *United States v. Thompson*, 685 F.2d 993, 999 (6th Cir. 1982)(en banc) cert. denied, 459 U.S. 1072 (1983). Among the government units that have been held to be "enterprises" are offices of governors and state legislators, courts, court clerks' offices. See e.g., *United States v. Stratton*, 649 F.2d 1066, 1072-75 (5th Cir. 1981); *United States v. Clark*, 656 F.2d 1259, 1261-67 (8th Cir. 1981) Office of county judge; *United States v. Frumento*, 405 F. Supp. 23, 29-30 (E.D. Pa. 1975), aff'd 563 F.2d 1083 (3d Cir. 1977), cert. denied, 434 U.S. 1072 (1978).

Decisions after *Frumento* expanded government activity to every conceivable government agency, court, or political office. *United States v. Thompson*, 669 F.2d 1143 (6th Cir. 1982), revd 685 F.2d 993 (6th Cir. 1982)(en

banc), cert. denied, 459 U.S. 1072 (1983).  Each of these criminal acts were compounded by the fact that they were perpetrated by people in positions of trust, who were paid to enforce the law.  Expanding on the number of parties involved in the series of predicate acts were the unknown but suspected − U.S. Department of Justice − parties that were orchestrating the multiple schemes and conspiracies and protecting each of the criminal acts of each and every one.

The racketeering activity is not required to benefit the enterprise. The participants in the scheme are not required to have personally profited, though some did.  *United States v. Killip*, 819 F.2d 1542, 1549 (10th Cir. 1987).

RICO allows for prosecution of **all** individuals involved in a corrupt organization.  Judges can and are sentenced under RICO.

**The Seventh Circuit Court of Appeals held that the Circuit Court of Cook County is a criminal enterprise.** *U.S. v. Murphy*, 768 F.2d 1518, 1531 (7th Cir. 1985).  The United States Supreme Court acknowledged the judicial corruption in Cook County, when it stated that judge "Maloney was one of many dishonest judges exposed and convicted through 'Operation Greylord,' a labyrinthine federal investigation of judicial corruption in Chicago." *Bracey v. Gramley*, 520 U.S. 899, 901 (1997).  Since judges who do not report the criminal activities of other judges become principals in the criminal activity, 18 U.S.C. §§

14

2, 3, and 4, and since no judges have reported the criminal activity of the judges who have been convicted, the other judges are as guilty as the convicted judges.

For other examples, former Cuyahoga County Common Pleas Judge Bridget McCafferty was sentenced to fourteen (14) months in prison for lying to the FBI during the county corruption investigation [ECF No. 74-3].  Another is the "Kids for Cash" scandal, where a federal judge in Pennsylvania ordered two former state judges to pay $206 million in damages [ECF No. 74-4].

**Enforcement of rule of law and punishment for RICO violations specified in Plaintiffs' civil rights complaint is in the public interest.**

**RICO: Criminal Conduct of a Continuing Nature**

The continuing nature of criminal conduct has been demonstrated by the allegations in the filings of a "RICO" Case No. 2:22-cv-12665-GAD-EAS, this instant "deprivation of rights under color of law" and "RICO" case, and **on or about February 4, 2025 RICO is continuing beyond the allegations pleaded in Complaint** [ECF No. 1].  Defendant Oliver made a motion to reopen a child support case (Exhibit -3), apparently with intent to get an order to ***once again*** try to force Plaintiff Shari into wage slavery to pay a "child support"/kidnapping fee to him (through Defendant FOC) for **Plaintiffs M.A.O. and M.L.O. who are <u>kidnapped from Plaintiff Shari under color of law</u>**.

15

With divorce Case No. 2020-880855-DM in Oakland County, Michigan, Plaintiff Shari argued for sole custody (to protect her children from alleged child abuse) with *NO* "child support". JOD awarded Plaintiff Shari *NO* custody of her children and sole custody to the alleged abuser Defendant Oliver. JOD was a clear violation of familial rights of Shari, M.A.O. and M.L.O under **color of law**—Shari was not convicted of a crime; no evidence of harm on the record substantiates a denial of a familial rights under **color of law**.

JOD ordered Plaintiff Shari to pay a "child support"/kidnapping fee of $1,450 per month to Defendant FOC (who pays Defendant Oliver after their cut) based on imputed data and crimes through a kangaroo court. Plaintiff Shari did *NOT* sign the JOD or the UCSO [ECF No. 1-3, PageID.337, 340.]. Child support agreements are equivalent to interstate commercial contracts, *U.S. v. Sage*, 92 F.3d 101 (2d Cir. 1996); Plaintiff Shari *DID NOT SIGN AND DID NOT AGREE*.

Defendants Oliver and FOC (along with other Defendants who allegedly conspired and participated in criminal activity to have Plaintiff Shari incarcerated) took action to punish Plaintiff Shari pursuant to the unsigned JOD and UCSO that are alleged void. Punishment included incarceration under color of law of Plaintiff Shari for refusing consent to the violation of Plaintiffs rights, refusing to be extorted, and refusing to aid and abet and financially support their criminality and crimes against humanity. Plaintiff Shari's mother was extorted $31,063.37. The

16

agreement to make "child support" order $0 (Exhibit -7) was a condition of Shari's mother Shirley Ober paying the *EXTORTION* kidnapping fee payment of $31,063.37 to release Shari from her **unlawful incarceration under color of law** [ECF No. 45-27, PageID.3523].

Exhibits -3 and -4 suggest that Defendant Oliver intends to start the scheme over again with Defendant FOC. Plaintiff Shari demands her unalienable rights of equitable custody, and Defendant FOC has *NO* authority to any money in this matter. Plaintiff Shari will financially support her children *WHEN SHE HAS CUSTODY OF HER CHILDREN—NO* government involvement; <u>*NO* government family court and Title IV-D agency **robbing and extorting** Plaintiffs of their money</u>.

> Under interpretation of Fifth Amendment Due Process: Unbiased Judge and Impartial Jury, "Due process of law requires that the proceedings shall be fair, but fairness is a relative, not an absolute, concept. . . . **What is fair in one set of circumstances may be an act of tyranny in others**." *Snyder v. Massachusetts*, 291 U.S. 97, 116, 117 (1934). See also *Buchalter v. New York*, 319 U.S. 427, 429 (1943). (emphasis added)

> "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

> "The Supreme Court has long recognized as a component of substantive due process the right to familial relations. *See Prince v. Massachusetts,* 321 U.S. 158, 166, 64 S.Ct. 438, 88 L.Ed. 645 (1944); *Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S.Ct. 625, 67 L.Ed. 1042 (1923); *Santosky v. Kramer,* 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (there is "a fundamental liberty interest of natural parents in the care, custody, and management of

their child."). *See also, Wallis v. Spencer,* 202 F.3d 1126, 1136 (9th Cir. 2000) ("**Parents and children have a well-elaborated constitutional right to live together without governmental interference.**"); *Croft v. Westmoreland County Children and Youth Services,* 103 F.3d 1123, 1125 (3d Cir. 1997) ("We recognize the constitutionally protected liberty interests that parents have in the custody, care and management of their children."). *See generally Troxel v. Granville,* 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). The Due Process Clause "includes a substantive component that provides heightened protection against government interference with certain fundamental rights and liberty interests." *Id.* at 2060." *Brokaw v. Mercer County*, 235 F.3d 1000 (7th Cir. 2000). (emphasis added)

**"The claim and exercise of a constitutional right cannot thus be converted into a crime."** *Miller v. United States*, 230 F.2d 486, 490 (5th Cir. 1956).

Defendant Oliver and JOD *DENY* Plaintiff Shari custody of her children. The facts found in Complaint substantiate that Defendant judge McDonald allowed the admission of hearsay testimony, perjury, subornation of perjury, alleged libelous reports that are not on the court record, fraud, and the bypassing of the proper presentation of authenticated and vetted evidence, which are the hallmarks of lawless courts unencumbered by mandates against abuse of process and failure to observe due process. Plaintiff Shari was labelled the "breadwinner" and thus allegedly the financial target of a corrupted system.

In response to the continuation of RICO by Defendant Oliver making a motion in February 2025 to reopen a child support case (Exhibit -3), Plaintiff Shari does *NOT* consent to Title IV-D proceedings, does *NOT* consent to administrative

proceedings, does *NOT* consent to proceedings with a FOC referee instead of a judge (Exhibit -4), does *NOT* consent to proceedings judged by anyone who is financially interested in the outcome of custody cases, and does *NOT* consent to the jurisdiction of proceedings by any man or woman who apparently has tyrannical power in these alleged unconstitutional courts and fraudulent family court proceedings.  Plaintiff Shari demands her constitutionally protected right of a trial by jury, yet Family Court denies trial by jury.  Family court proceedings are in violation of Fifth, Sixth, Seventh, and Fourteenth Amendment rights.  Defendant Oliver does not agree to allowing Plaintiff Shari custody of her children (Exhibit -8).  Plaintiff Shari will move to strike Defendant Oliver's motion to reopen a child support Case No. 2020-880799-DC, but depending upon what transpires a motion for joinder and motion for leave for supplemental pleading may be forthcoming for this instant case.

Complaint and Plaintiffs' filings have moved this Court to act pursuant to 18 U.S.C § 3332(a), 42 U.S.C. § 1987, and 18 U.S.C. § 1968 for impanelment of a grand jury.

## ARGUMENT FOR DEFAULT JUDGMENT

According to the facts of this case and Federal Rules of Civil Procedure, Defendant Oliver is in default, and a default judgment serves to advance justice when a defendant fails to participate in the legal process.

19

A default judgment may be entered "against a defendant who never appears or answers a complaint". *Solaroll Shade and Shutter Corp. Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

A default judgment's purpose is to protect the diligent party's rights. The entry of default is a deterrent to **defendants that choose delay as part of their litigation strategy**.  When the adversary process is halted due to an essentially unresponsive defendant, a default judgment is available, protecting a plaintiff from "undue delay-harassment." Accordingly, the entry of default allows a court to enforce compliance with the Federal Rules of Civil Procedure, which in turn, allows the court to maintain an "orderly and efficient judicial system".  This enforcement is consistent with how the Federal Rules of Civil Procedure should be construed and administered, e.g. Fed. R. Civ. P. 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding." *Pikofsky v. Jem Oil*, 607 F. Supp. 727, 733 (E.D. Wis. 1985); *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2nd Cir. 1996).

"Pursuant to Rule 55(a)  & (b)  of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," the Court may enter default judgment in favor of the moving party. Invocation of the rule not only provides the trial court with a significant tool for enforcing compliance with the other rules of procedure, thereby encouraging an orderly and efficient judicial system, but also serves to protect diligent parties who have acted expeditiously in accordance with those rules. *Chandler Leasing Corporation v. UCC, Inc.,* 91 F.R.D. 81, 83 (N.D.Ill. 1981)."  *Pikofsky v. Jem Oil*, 607 F. Supp. 727 (E.D. Wis. 1985).

Furthermore, RICO is continuing in nature, which has repeatedly been demonstrated by the facts presented to this Court.  This Court has a duty to hold parties accountable pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), and a duty to the timely management of this case pursuant to Fed. R. Civ. P. 1.

Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing
(a) Time to Serve a Responsive Pleading.
(1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
(A) A defendant must serve an answer:
(i) within 21 days after being served with the summons and complaint; or
Rule 1. Scope and Purpose
These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be **construed, administered, and employed by the court and the parties to secure the <u>just, speedy, and inexpensive determination of every action and proceedin</u>**g. (emphasis added)

**CONCLUSION**

Plaintiffs SHARI L. OLIVER, M.A.O. and M.L.O. request for the record that this Court enter a **DEFAULT JUDGMENT** against Defendant MATTHEW L. OLIVER for failure to properly and timely address, plead, or otherwise defend the issues complained of in Plaintiffs' verified complaint [ECF No. 1] in accordance with Fed. R. Civ. P. 8(b) within the scope of Fed. R. Civ. P. 55(b)(2) .

WHEREFORE, Plaintiffs move this Honorable Court to **GRANT** this motion and enter a **DEFAULT JUDGMENT** against MATTHEW W. OLIVER on all counts pleaded within Plaintiffs' complaint [ECF No. 1]:

     A. Real damages of at least $74,868.79;

B. Threefold real damages in accordance with the civil remedies afforded to victims under 18 U.S.C. § 2333 as pleaded in this complaint under 18 U.S.C. § 2331;

C. Punitive damages of two hundred (200) times awarded in accordance's with the laws of torts pursuant to *Pacific Mutual Life Insurance Company v. Cleopatra Haslip et al*, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991);

D. Lost wages and benefits in the amount of $150,000 per year, beginning March 2020;

E. For Plaintiff Shari's unlawful detainment, damages awarded in accordance with *Trezevant v. City of Tampa*, 741 F.2d 336 (11th Cir. 1984), which set the precedent of an award for $25,000.00 for twenty-three (23) minutes of unlawful detainment.  This is equivalent to $1,086.96 per minute.  Since this amount was awarded on October 22, 1982 (Exhibit S [ECF No. 1-3, PageID.369]), accounting for inflation this same award would be approximately $3,490.02 per minute (Exhibit T [ECF No. 1-3, PageID.370]) in current monetary value.[1] Using this metric, twenty-three (23) minutes of unlawful detainment

---

[1] Source of inflation calculation: https://www.bls.gov/data/inflation_calculator.htm (September 2024 data was the latest available at the time verified complaint was executed).

would amount to $80,270.46.  **One (1) day of unlawful detainment, which is one thousand four hundred forty (1440) minutes per day, would amount to $5,025,628.80.  Plaintiff Shari spent one hundred and eight (108) days in jail (which calculates to $542,767,910.40)** until her release after Plaintiff Shari's mother was extorted $31,063.37;

F.  Compensatory damages in an amount to be determined by the Jury;

G.  Pain and suffering in an amount to be determined by the Jury;

H.  Treble damages for RICO;

I.  Any applicable statutory damages or penalties;

J.  Pre-judgment interest on the principal sum awarded by the Jury at the maximum rate allowed by law;

K.  Post-judgment interest at the maximum rate allowed by law;

L.  Costs and other recoverable amounts as allowed by law;

M. Such other and further relief as is just and proper.

Respectfully submitted,

/s/ **Shari L. Oliver**
_____

Dated: February 21, 2025

SHARI L. OLIVER, Plaintiff and mother
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
Telephone: (248) 321-6175
E-mail: jebezob@hotmail.com

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746(1)

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.  Executed on February 21, 2025.

_____
Shari Lynn Oliver


STATE OF _____UTAH_____ )

COUNTY OF ____Iron____ )


SWORN TO and subscribed before me on this <u>21st day of February, 2025</u>

by means of in-person notarization, and who has produced as identification: <u>Driver</u>

<u>license for the State of Utah</u>.

JANAE BARTON
Notary Public - State of Utah
Comm. No. 717150
My Commission Expires on
Mar 4, 2025

_____
Notary Public

Commission Expires: <u>March 4, 2025</u>

24

## CERTIFICATE OF SERVICE

I hereby certify that, on February 21, 2025, I caused the foregoing document, **PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MATTHEW W. OLIVER** to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification for retrieval of an electronic copy of this document to all parties and counsel of record.

Additionally, I caused the foregoing document to be both e-mailed and mailed by U.S.P.S. Priority Mail to the following Defendants at the addresses as follows:

Matthew W. Oliver
43506 Chesterfield Dr.
Sterling Heights, MI 48313
mattmwo@hotmail.com

Philip G. Vera
49587 Gracechurch Rd.
Macomb, MI 48044
pvera@michlawservices.com

/s/ *Shari L. Oliver*
_____
SHARI L. OLIVER, Plaintiff
189 N. Castle Dr. (2675 W.)
Cedar City, UT 84720
Telephone: (248) 321-6175
E-mail: jebezob@hotmail.com

**2:24-cv-12962-GAD-EAS Notice is electronically mailed to:**

<u>"Michigan Appellate Judge and
Assistant Attorney General
Defendants"</u>
Cassandra Drysdale-Crown (P64108)
Assistant Attorney General
drysdalecrownc@michigan.gov
P.O. Box 30736
Lansing, MI  48909
(517) 335-7659

Kimberly K. Pendrick (P60348)
Assistant Attorney General
pendrickk@michigan.gov
3030 W. Grand Blvd. 10th Flr.
Detroit, MI  48202
(313) 456-0067

*Attorneys for Defendants Gleicher,
Markey, Shapiro, Patel, Brenner,
Berke, and Awuta-Coker*

<u>"Utah Defendants"</u>
Darin B. Goff (11355)
Assistant Attorney General
dgoff@agutah.gov

Alexander Gourde (19548)
Assistant Attorney General
agourde@agutah.gov

160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, UT  84114
(801) 366-0100

*Attorneys for Defendants Stockdale,
Christiansen, and Bell*

<u>"Oakland County, Michigan Defendants"</u>
Brooke Elizabeth Tucker (P79776)
Sr. Assistant Corporation Counsel
tuckerbe@oakgov.com
(248) 858-2007

Mary Ann Jerge (P46574)
Sr. Assistant Corporation Counsel
jergem@oakgov.com
(248) 858-0551

1200 N. Telegraph Road, Bldg. 14E
Pontiac, MI  48341

*Attorneys for Defendants Oakland County
Friend of the Court, McDonald, Heritage,
Hollyer, Pyrros-Hensen, Dever, Matis, and
Warren*

<u>"Michigan Private Attorney Defendant"</u>
Ellen Bartman Jannette (P41800)
Plunkett Cooney
ejannette@plunkettcooney.com
(248) 594-8221

38505 Woodward Ave. - Suite 100
Bloomfield Hills, MI  48304

*Attorney for Cohen*

<u>"Pontiac, Oakland County, Michigan Judge
Defendant"</u>
Anne McClorey McLaughlin (P40455)
Rosati, Schultz, Joppich & Amtsbuechler, P.C.
amclaughlin@rsjalaw.com
(248) 489-4100

27555 Executive Drive, Suite 250
Farmington Hills, MI  48331

*Attorney for Bowie*