UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARI L. OLIVER, M.A.O., and M.L.O., | ) | Case No. 2:24-cv-12962 |
| | ) | |
| *Plaintiffs*, | ) | Hon. GERSHWIN A. DRAIN |
| | ) | Mag. ELIZABETH A. STAFFORD |
| v. | ) | |
| | ) | |
| OAKLAND COUNTY FRIEND OF THE COURT, | ) | |
| JULIE A. MCDONALD, KATHERINE K. | ) | |
| HERITAGE, SUZANNE K. HOLLYER, | ) | |
| STEPHANIE PYRROS-HENSEN, | ) | |
| ELIZABETH L. GLEICHER, JANE E. MARKEY, | ) | |
| DOUGLAS B. SHAPIRO, SIMA G. PATEL, | ) | |
| PETER K. DEVER, JEFFERY S. MATIS, | ) | |
| MATTHEW W. OLIVER, PHILIP G. VERA, | ) | |
| SUSAN E. COHEN, JEREMY D. BOWIE, | ) | |
| MICHAEL D. WARREN JR., | ) | |
| SARAH K. BRENNER, MARK B. BERKE, | ) | |
| EMANUEL AWUTA-COKER, | ) | |
| LIESA STOCKDALE, RYAN E. CHRISTIANSEN, | ) | |
| MATTHEW L. BELL, | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLAINTIFFS' BRIEF IN OPPOSITION TO: [ECF No. 78] DEFENDANT MICHIGAN SPECIAL ASSISTANT ATTORNEY GENERAL MARK B. BERKE'S MOTION TO DISMISS

Shari L. Oliver, *Plaintiff*
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
(248) 321-6175
jebezob@hotmail.com

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................. ii

INDEX OF AUTHORITIES........................................................................ iii

STATEMENT OF ISSUES PRESENTED................................................1

CONTROLLING OR MOST APPROPRIATE AUTHORITIES............................2

INTRODUCTION ...............................................................................3

BACKGROUND .................................................................................6

STATEMENT OF FACT .....................................................................7

ARGUMENT AGAINST PROSECUTORIAL IMMUNITY .................................12

ARGUMENT AGAINST THE MISAPPLICATION OF THE *ROOKER-FELDMAN* DOCTRINE TO DIVEST THIS COURT OF JURISDICTION .........19

ARGUMENT AGAINST MISAPPLICATION OF "DOMESTIC-RELATIONS" EXCEPTION DOCTRINE TO DIVEST THIS COURT OF JURISDICTION .....20

ARGUMENT AGAINST DEFENDANT'S CLAIM THAT COMPLAINT FAILS TO STATE PLAUSIBLE CLAIMS UPON WHICH RELIEF MAY BE GRANTED...........................................................................................21

DEFENDANT'S CLAIM OF IMMUNITY IS AN AFFIRMATIVE DEFENSE; DEFENDANT HAS FAILED TO DEFEND THIS CASE .....................................22

CONCLUSION .................................................................................24

VERIFICATION PURSUANT TO 28 U.S.C. § 1746(1) .......................................26

CERTIFICATE OF SERVICE ...............................................................27

# INDEX OF AUTHORITIES

## Cases

*Ableman v. Booth*, 62 U.S. 506 (1858) ........................................................2

*Ankenbrandt v. Richards*, 504 U.S. 689 (1992)........................................20

*Barber v. Barber*, 21 How. 582 (1859)......................................................20

*Berger v. United States*, 295 U.S. 78 (1935) ..............................................6

*Bradley v. Fisher,* 80 U.S. 335 (1872)........................................................2

*Cohen v. Virginia*, 19 U.S. 264 (1821) ......................................................3

*Doe v. Irwin*, 441 F. Supp. 1247 (W.D. Mich. 1977)..............................18

*Ex parte Young*, 209 U.S. 123 (1908).......................................................15

*Gomez v. Toledo*, 446 U.S. 635 (1980)......................................... 3, 14, 22

*Groman v. Township of Manalapan*, 47 F.3d 628 (3rd Cir. 1995).........................14

*Living Designs, Inc. v. E.I. Dupont De Nemours and Co*., 431 F.3d 353 (9th Cir. 2005)..............................................................................16

*Lorenzo v. Noel*, 206 Mich. App. 682 (1994)..........................................17

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936) ......................14

*Monroe* v. *Pape,* 365 U.S. 167 (1961)......................................................12

*Norton v. Shelby County*, 118 U.S. 425 (1886) ..........................................3

*Parratt v. Taylor*, 451 U.S. 527 (1981) ....................................................14

*Paschall v. Penry*, 82 Tex. 673, 18 SW 154..............................................23

*Pennoyer v. Neff*, 95 U.S. 714 (1878)......................................................13

*People v. Wesley*, 421 Mich. 375 (1984) ..................................................16

*Rankin v. Howard,* 633 F.2d 844 (9th Cir. 1980) .......................................................2

*Screws* v. *United States,* 325 U.S. 91 (1945)............................................................12

*Tompkins v. Hollister*, 60 Mich. 470 (1886)...........................................................17

*Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964)..........................................23

*United States v. Classic et al.*, 313 U.S. 299 (1941)..........................................2, 12

*United States v. Lee*, 106 U.S. 196 (1882)..............................................................12

*United States v. Murphy*, 768 F.2d 1518 (7th Cir. 1985) ........................................6

*United States v. Sage*, 92 F.3d 101 (2d Cir. 1996) ..................................................1

*United States v. Will*, 449 U.S. 200 (1980)..............................................................3

*Williams v. Benson*, 3 Mich. App. 9 (1966)............................................................17

*Williams* v. *United States,* 341 U.S. 97 (1951)......................................................12

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)........................13

**The Constitution of the United States of America**

Article IV, Section 4 .................................................................................................2

Article VI, Clause 2 ..................................................................................................2

First Amendment.............................................................................. 1, 4, 15, 18

Fourth Amendment ...........................................................................................4, 14

Fifth Amendment ............................................................................... 4, 15, 18

Sixth Amendment .....................................................................................................4

Seventh Amendment .................................................................................................4

Eighth Amendment .................................................................................................15

Ninth Amendment .................................................................................4, 18

Thirteenth Amendment ................................................................................4

Fourteenth Amendment ......................................................... 1, 4, 15, 18

**Federal Statutes**

18 U.S.C. § 1964 ........................................................................................16

18 U.S.C. § 1964(c) ......................................................................................4

18 U.S.C. § 1964(d) ......................................................................................4

18 U.S.C. § 1968 ....................................................................................5, 25

18 U.S.C. § 241 ..........................................................................................16

18 U.S.C. § 3331 ..........................................................................................5

18 U.S.C. § 3332(a) ................................................................................5, 25

28 U.S.C. § 1331 ..........................................................................................4

28 U.S.C. § 1343(a)(1) ................................................................................4

28 U.S.C. § 1343(a)(2) ................................................................................4

28 U.S.C. § 1343(a)(3) ................................................................................4

28 U.S.C. § 1355 ..........................................................................................4

28 U.S.C. § 1746(1) ..................................................................................26

42 U.S.C. § 1983 ....................................................................................4, 14

42 U.S.C. § 1985(2) ....................................................................................4

42 U.S.C. § 1985(3) ....................................................................................4

42 U.S.C. § 1987 ....................................................................................5, 25

42 U.S.C. § 666 .............................................................................................4

Title IV-D of the Social Security Act of 1975 (known as the Child Support
     Enforcement Program) ................................................... 2, 4, 5, 15, 24

Uniform Interstate Family Support Act (UIFSA) .....................................4

**Rules**

Fed. R. Civ. P. 12(b)(1) ...........................................................................1, 3

Fed. R. Civ. P. 12(b)(6) ........................................................................ 1, 3, 23

Fed. R. Civ. P. 56(c) ................................................................................23

Fed. R. Civ. P. 8(a)(2) .............................................................................21

Fed. R. Civ. P. 8(c) .............................................................................. 22, 24

Fed. R. Civ. P. 8(c)(1) .............................................................................23

Fed. R. Crim. P. 6(a) .................................................................................5

**Regulations**

45 CFR 304.20(b)(3)(vi) ..........................................................................16

**Michigan Statutes**

MCL 722.25(1) .................................................................................. 13, 18

MCL 722.27a(1) ................................................................................. 13, 18

MCL 722.27a(3) ................................................................................. 13, 18

MCL 750.165 .............................................................................................7

MCL 750.349 ........................................................................................................16

MCL 750.425 ........................................................................................................13

## STATEMENT OF ISSUES PRESENTED

1.  Under what authority did the 6th Circuit Court in Oakland County have to hold an arraignment when jurisdiction was challenged and the prosecution did not respond to the jurisdiction challenge?

2.  Other than to vacate, under what authority does a court have to act upon an alleged void judgment and alleged void interstate support contract? (Pursuant to *U.S. v. Sage*, 92 F.3d 101 (2d Cir. 1996), child support agreements are equivalent to interstate commercial contracts.)

3.  What relevance does the *Rooker-Feldman* doctrine and "domestic-relations" exception have to this instant case when allegations are of deprivations of rights under color of law and conspiracy, and allegations are of federal Racketeer Influenced Corrupt Organizations (RICO)? **The matter involving Defendant Special Assistant Attorney General (SAAG) MARK B. BERKE was a criminal case that was dismissed *nolle prosequi*,** jurisdiction challenges were not ruled upon, and Defendant SAAG MARK B. BERKE conspired with a judge and other public servant attorneys to rob and incarcerate Plaintiff SHARI L. OLIVER under color of law.

4.  Would invoking the *Rooker-Feldman* doctrine to divest this Court of jurisdiction serve to protect alleged criminals from accountability, violate First Amendment rights to petition the government for remedy, and violate Fourteenth Amendment rights to Equal Protection of the Law?

5.  Would invoking the "domestic-relations" exception doctrine to divest this Court of jurisdiction serve to protect alleged criminals from accountability, violate First Amendment rights to petition the government for remedy, and violate Fourteenth Amendment rights to Equal Protection of the Law?

6.  Did Defendant SAAG MARK B. BERKE's purported defense fail to substantiate a dismissal pursuant to Fed. R. Civ. P. 12(b)(1) lack of subject-matter jurisdiction, and (6) failure to state a claim upon which relief can be granted?

1

7.    Do the facts of this case and Title IV-D's federal origin under the Social Security Act justify a federal judge's authority and obligation to refer complaints to the Department of Justice for investigation and the impanelment of a grand jury? <u>See also ECF No. 84</u>.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Article VI, Clause 2 of the U.S. Constitution** "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

**Article IV, Section 4 of the U.S. Constitution** guarantees a republican form of government[1] against domestic violence, when a judge enforces acts beyond his authority under color of law,[2] judicial immunity is lost,[3] it is nothing less than lawless violence.[4]  Likewise, legislative jurisdiction that is not authorized by the United States Constitution is inoperative as though it

---

[1] U.S. Const. Art. IV, § 4.  The United States shall guarantee to every state in this union a republican form of government, and shall protect each of them against invasion; and on application of legislature, or of the executive (when the legislature cannot be convened) against domestic violence.

[2] COLOR OF LAW. [Black's Law 4th] – The appearance or semblance, without the substance, of legal right. "Misuse of power, possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state law, is action taken "under color of" state law." *United States v. Classic et al.*, 313 U.S. 299, 326 (1941).

[3] "[W]hen a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statues expressly depriving him of jurisdiction, judicial immunity is lost.  *See Bradley v. Fisher,* 80 U.S. (13 Wall.) at 351 ("when the want of jurisdiction is known to the judge, no excuse is permissible")" *Rankin v. Howard,* 633 F.2d 844 (9th Cir. 1980), cert. denied, 451 U.S. 939, 101 S.Ct. 2020, 68 L.Ed.2d 326 (1981).

[4] "No judicial process, whatever form it may assume, can have any lawful authority outside the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond those boundaries is nothing less than lawless violence." *Ableman v. Booth*, 62 U.S. 506, 524, 21 Howard 506 (1858).

had never been passed[5] and judges proceeding without jurisdiction are indictable for treason.[6]  Judges are expected to know the law and to know that the U.S. Constitution is the supreme law of the land.

Fed. R. Civ. P. 12(b)(1)
Fed. R. Civ. P. 12(b)(6)
Fed. R. Civ. P. 8(b)
Fed. R. Civ. P. 8(c)
*Gomez v. Toledo*, 446 U.S. 635 (1980)


## INTRODUCTION

NOW COME Plaintiffs, SHARI L. OLIVER (hereinafter "Shari"), M.A.O., and

M.L.O. who respond to motion to dismiss [ECF No. 78] made by counsel for a

public servant employed by the State of Michigan who is special assistant attorney

general (SAAG) MARK B. BERKE ("Berke").  Defendant SAAG Berke is

requesting dismissal of this case pursuant to Fed. R. Civ. P. 12(b)(1) lack of

subject-matter jurisdiction, and (6) failure to state a claim upon which relief can be

granted.

---

[5] "An unconstitutional act is not law; it confers no right; it imposes no duties; affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." *Norton v. Shelby County*, 118 U.S. 425, 442 (1886).

[6] "We [judges] have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution." *Cohen v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821) and *United States v. Will*, 449 U.S. 200 (1980).

The Plaintiffs invoke this Court's Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and §1343(a)(1), (2), and (3).  Notably, Plaintiffs' case involves the violation of Federal laws, inter alia, deprivation of rights under color of law pursuant to 42 U.S.C. § 1983, conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985(2), (3), Racketeer Influenced and Corrupt Organizations (RICO) pursuant to 18 U.S.C. § 1964(c), and RICO conspiracy pursuant to 18 U.S.C. § 1964(d).  This action arises under violations of the First, Fourth, Fifth, Sixth, Seventh, Ninth, Thirteenth, and Fourteenth Amendments of the United States Constitution.  Pursuant to 28 U.S.C. § 1355 Federal District Court shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress—subject matter of this instant case involves Title IV-D of the Social Security Act of 1975 (Child Support Enforcement Program) and Uniform Interstate Family Support Act (UIFSA).  In 1996, Congress passed and President Bill Clinton signed the Personal Responsibility and Work Opportunity Act (42 U.S.C. § 666), which required that states adopt UIFSA by January 1, 1998 or face loss of federal funding for child support enforcement.  Every U.S. State has adopted either the 1996 or a later version of UIFSA.  Allegations substantiate the weaponization of "child support" and Social Security fraud.

Verified complaint demands impanelment of a grand jury pursuant to 42 U.S.C. § 1987 and 18 U.S.C. § 1968 [ECF No. 1-3, PageID.317-319].  A judge has a clear duty to act under 18 U.S.C. § 3332(a) and authority to convene a grand jury under Federal Rule of Criminal Procedure 6(a) (for regular grand juries) or 18 U.S.C. § 3331 (for special grand juries) when faced with credible evidence of capital crimes and systemic corruption.  Factual allegations in verified Complaint [ECF No. 1] substantiate a public interest issue, systemic corruption, judicial and executive collusion with breach of fiduciary duties and rule of law, violation of inalienable rights, which result in capital offenses under color of law of kidnapping and death.  Furthermore, whistleblower statements against Michigan's Title IV-D agency, Friend of the Court, suggest systemic harm began prior to 1998 (e.g. *Friend of the Court, Enemy of the Family* by Carol Rhodes [ECF No. 44-28]), and corruption at the highest level of the judiciary is described in the book *Judicial Deceit: Tyranny & Unnecessary Secrecy at the Michigan Supreme Court* (2016) by former chief Justice Elizabeth Ann Weaver (retired in 2010 from the Michigan Supreme Court).  The facts of this case constitute a constitutional emergency requiring judicial intervention to protect the republic.

**Complaint alleged that the Oakland County family court federal-state enterprise is being used criminally.**  Similarly, the Seventh Circuit Court of Appeals held that the Circuit Court of Cook County is a criminal enterprise. *U.S. v.*

*Murphy*, 768 F.2d 1518, 1531 (7th Cir. 1985).  And in February 2025, the entire Alabama police department was put on leave after a grand jury recommended its abolition; the police department "has recently operated as more of a criminal enterprise than a law enforcement agency" and is "an ongoing threat to public safety" [ECF No. 83-2].

## BACKGROUND

Defendant Berke, a public servant and special assistant attorney general (SAAG) for Michigan Department of Attorney General, participated in an action that deprived Plaintiff Shari of her rights secured by constitutions, which involved himself in criminal conspiracy under color of law and furthered the conspiracy and agenda of the alleged Racketeer Influenced and Corrupt Organizations (RICO)— criminal racketeering through usage of the family court federal-state enterprise. This action resulted in Plaintiff Shari being robbed, unlawfully incarcerated, and Plaintiff Shari's mother was extorted to pay the ransom for Plaintiff Shari's release from jail.  This "child support" government entrapment scheme was further discussed in ECF No. 63, PageID.4573-4583.

> The role of a prosecutor is to see that justice is done. "It is as much [a prosecutor's] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Berger v. United States*, 295 U.S. 78, 88, 55 S. Ct. 629, 79 L. Ed. 1314 (1935).

## STATEMENT OF FACT

1.       On September 20, 2022, Plaintiff Shari's verified criminal complaints

[ECF No. 44-16] against Michigan Defendant judges and attorneys arrived at the

Michigan Department of Attorney General [ECF No. 45-16].

2.       On September 20, 2022, Defendant AAG SARAH K. BRENNER

("Brenner") initiated a criminal case against Plaintiff Shari [ECF Nos. 45-17].

3.       50th District Court criminal Case No. 2022-221185FY-FY complaint

stated COUNT 1: MCL 750.165 (Failure to support child as required by court

order) is codified as a felony punishable by imprisonment for not more than four

(4) years or by a fine of not more than $2,000, or both [ECF No. 45-17].

4.       Plaintiff Shari's Case No. 2022-221185FY-FY motion to dismiss with

jurisdiction challenge was not ruled upon.

5.       Case No. 2022-221185FY-FY was bound over to 6th Circuit Court

Case No. 2023-285719-FH.

6.       Case Nos. 2022-221185FY-FY and 2023-285719-FH were based on a

"child support" order from divorce Case No. 2020-880855-DM.

7.       Plaintiff Shari alleged and is litigating in Michigan state courts that

Case No. 2020-880855-DM judgment is void based on the financial motives and

crimes committed by Defendants involved in procuring the judgment of Case No.

2020-880855-DM, including fraud upon the court, deprivation of rights under

color of law and conspiracy, no authority to render a judgment in violation of law and due process, and initial proceedings made *corum non judice* that deprived constitutionally protected rights followed by fraud upon the court when private attorneys violated a court order.

8.     The Michigan Department of Attorney General receives federal money to handle child support collections (e.g. IAAG22-99018 Amendment 1 states approximately $9,009,245 was awarded for October 1, 2021 to September 30, 2024 [ECF No. 44-5, PageID.1099]).

9.     Interagency Agreement Number IAAG22-99018 Agreements p. 6 states [ECF No. 44-1, PageID.1087, Amendment: ECF No. 44-5, PageID.1104]:

> 13) a) or 11) Agency Collaboration:
> Work cooperatively with the MDHHS/OCS [Michigan Department of Health and Human Services, Office of child Support], the Michigan Supreme Court, the SCAO [State Court Administrative Office], FOCs [Friend of the Court] and the Friend of the Court Association, the PAs [Prosecutors] and Prosecuting Attorneys Association of Michigan and appropriate law enforcement agencies.

10.     Case Nos. 2022-221185FY-FY and 2023-285719-FH are allegedly void due to being based on allegedly void judgment and orders made through Case No. 2020-880855-DM where perjury, subornation of perjury, fraud, libel, and violations of due process occurred (just to name a few of the crimes).

11.     Jurisdiction of Case No. 2023-285719-FH (6th Circuit Court in Oakland County) was challenged on August 7, 2023 [ECF No. 45-18].

8

12.     NOTICE OF HEARING for the motion to dismiss with jurisdiction challenge was filed on August 7, 2023 [ECF No. 45-21].

13.     NOTICE OF HEARING was made pursuant to protocol for Defendant judge MICHAEL D. WARREN JR. ("Warren") [ECF No. 84-6].

14.     Prosecution did not respond to the jurisdiction challenge prior to arraignment hearing on August 16, 2023.

15.     **Prosecution did *NOT* attend the arraignment in district court Case No. 2022-221185FY-FY.**

16.     **Defendant judge JEREMY D. BOWIE held the arraignment for Case No. 2022-221185FY-FY <u>without the prosecution</u> and despite Plaintiff Shari's special appearance to challenge the jurisdiction of the court.**

17.     Plaintiff Shari made a *SPECIAL* appearance to the arraignment of circuit court Case No. 2023-285719-FH via Zoom **to challenge the jurisdiction of the court** [ECF No. 1-3, PageID.353].

18.     Plaintiff Shari's residence in the State of Utah is approximately one thousand eight hundred fifty (1,850) miles from Oakland County, Michigan courts.

19.     Defendant SAAG Berke attended the arraignment in-person on behalf of "the People".

20.     Defendant SAAG Berke did not attempt to prove jurisdiction of the court.

9

21.     Jurisdiction of the court for Case No. 2023-285719-FH was *NOT*

proven.

22.     Statement that Plaintiff Shari was not at the arraignment is

categorically false:

> "I am Shari Oliver.   And I am making a special appearance to
> challenge the jurisdiction of this Court.  My verified motion to dismiss
> was filed August 7th." (Tr. 3:16-18, August 16, 2023) [ECF No. 1-3,
> PageID.353].

23.     [ECF No. 1-3, PageID.351-359] Transcription for the arraignment

shows that Plaintiff Shari's connectivity to the Zoom hearing was poor:

> a.  Shari stated, "My understanding of the protocol was that (inaudible)
>     are not set for hearing by a praecipe." (Tr. 3:20-22, August 16, 2023).
> b.  Shari stated, "Yes, I – I understood someone could (inaudible) but
>     nobody has done anything with that." (Tr. 4:11-12, August 16, 2023).
> c.  Judge Warren stated, "Okay.  You – you froze but I will – I will
>     assume that you have your hand up." (Tr. 5:23-23, August 16, 2023).
> d.  Shari stated, "(inaudible)" (Tr. 7:9, August 16, 2023).
> e.  Judge Warren stated, "Is that a yes? You're not sure?" (Tr. 7:10,
>     August 16, 2023).

24.     Plaintiff Shari waited to be readmitted to the hearing after she lost

Zoom connection, but instead the Zoom session ended.

25.     Transcription shows that Defendant SAAG Berke stated, "[N]aturally,

the People would ask for a bench warrant and a forfeiture of bond." (Tr. 7:21-22,

August 16, 2023) [ECF No. 1-3, PageID.357].

26.     Defendant AAG Brenner is the prosecutor for Case No. 2023-285719-FH.

27.     The office of Defendant AAG EMANUEL AWUTA-COKER ("Awuta-Coker") is located in Lansing, Michigan approximately sixty-nine (69) miles and an hour and a half drive from the court in Oakland County.

28.     Defendant AAG Awuta-Coker made an affidavit that swears based on personal knowledge that Plaintiff Shari was not at the arraignment [ECF No. 1-3, PageID.360].

29.     Defendant AAG Brenner made ORDER OF PAYMENT OF BOND [ECF No. 1-3, PageID.362] that authorizes a bench warrant and seizure of bond.

30.     ORDER FOR PAYMENT OF BOND states that Plaintiff Shari's "bond posted in this matter in the amount of $2,607.13 shall be forfeited and sent directly to [Defendant] Oakland County Friend of the Court . . ." [ECF No. 1-3, PageID.362].

31.     Defendant judge Warren signed the order [ECF No. 1-3, PageID.362].

32.     Plaintiff Shari was later incarcerated for one hundred eight (108) days.

33.     Plaintiff Shari's mother was extorted $31,063 to release Plaintiff Shari from jail.

34.     Case No. 2023-285719-FH was dismissed *nolle prosequi* [ECF No. 45-27].

## ARGUMENT AGAINST PROSECUTORIAL IMMUNITY

Immunity does not apply to criminal acts.

"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy and to observe the limitations which it imposes upon the exercise of the authority which it gives." *United States v. Lee*, 106 U.S. 196, 220 (1882).

Complaint [ECF No. 1] clearly alleged crimes pursuant to constitutional, federal, and state laws [e.g. ECF No. 1-2, PageID.257-262].  Criminal complaints along with evidence of state executive branch complicity were attached [ECF Nos. 44-16 through ECF No. 44-27].  By definition, RICO is criminal.  Complaint alleged eight (8) predicate acts.

The involvement of a state official in such a conspiracy plainly provides the state action essential to show a direct violation of plaintiff's Fourteenth Amendment equal protection rights, whether or not the actions of the police were officially authorized, or lawful; *Monroe* v. *Pape,* 365 U.S. 167 (1961); see *United States* v. *Classic et al.*, 313 U.S. 299, 326 (1941); *Screws* v. *United States,* 325 U.S. 91, 107-111 (1945); *Williams* v. *United States,* 341 U.S. 97, 99-100 (1951).

Defendant SAAG Berke participated in color of law proceedings that violated Plaintiff Shari's rights.  Defendants SAAG Berke (P54935), judge Warren, AAG Brenner (P65430), and AAG Awuta-Coker (P81352) participated in a conspiracy to state Plaintiff Shari was not at an arraignment.  Conspiracy was orchestrated to rob her of her bond of $2,607.13, and to issue an arrest warrant that

led to her unlawful incarceration and extortion of Plaintiff Shari's mother.

Furthermore, the facts substantiate that Defendants SAAG Berke, judge Warren,

and AAG Brenner's conspiracy incited AAG Awuta-Coker to make false the

affidavit [ECF No. 1-3, PageID.360].  MCL 750.425 is a crime.

> **MCL 750.425  Inciting or procuring one to commit perjury.**
> Inciting or procuring one to commit perjury—Any person who shall
> endeavor to incite or procure any person to commit the crime of perjury,
> though no perjury be committed, shall be guilty of a felony, punishable by
> imprisonment in the state prison not more than 5 years.

Plaintiff Shari challenged the jurisdiction of Case No. 2023-285719-FH.

She alleged that in Case No. 2020-880855-DM perjury, subornation of perjury,

libel, fraud, child custody laws MCL 722.25(1), 722.27a(1), (3), violation of due

process and other laws occurred in family court proceedings and was orchestrated

by the family court judge.  Intrinsic and extrinsic fraud upon the court render

judgment and orders voidable and void.  A void judgment cannot serve as the basis

for a valid judgment.  Clearly, if judgment and orders from Case No. 2020-

880855-DM are void, then Case No. 2023-285719-FH based on Case No. 2020-

880855-DM is void.

> "A judgment rendered in violation of due process is void in the rendering
> State and is not entitled to full faith and credit elsewhere. *Pennoyer v. Neff*,
> 95 U.S. 714, 95 U.S. 732-733 (1878)." *World-Wide Volkswagen Corp. v.
> Woodson*, 444 U.S. 286 (1980).

13

Supreme Court has long held that courts are obligated to ascertain their jurisdiction when it is questioned.  In *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936) the Supreme Court stated: "If [a party's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." The burden shifts to the party asserting jurisdiction (usually the plaintiff or prosecution) to establish it, and the court must resolve this issue before proceeding. The Court emphasized that "the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence."

Complaint alleged two (2) federal jurisdiction questions, with the first being deprivation of rights under color of law and conspiracy.

> To establish a prima facie case under 42 U.S.C. § 1983, plaintiffs must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *Gomez v. Toledo*, 446 U.S. 635, 640 (1980), see also, e.g., *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3rd Cir. 1995).

The preceding has established that substantive and procedural rights secured by constitutions have been violated.  Defendant SAAG Berke acted and conspired with public servants under color of law and under custom or policy of Oakland County, and Plaintiffs have been injured as a result of Plaintiff Shari being robbed and incarcerated.  Violations include Fourth Amendment for the unreasonable

seizure of property, as well as violations of First, Fifth, Fourteenth Amendments for due process and equal protection under the law of right to liberty and property, freedom of speech and expression, assemble, association, petition the government, access the courts, and the right to be free from arbitrary detention.

Defendant SAAG Berke participated in a scheme to maliciously prosecute Plaintiff Shari in order to extort "child support" money from Shari for her children that co-conspirators kidnapped under color of law.  Plaintiff Shari's incarceration of one hundred eight (108) days after her bond was seized and she was arrested is also an Eighth Amendment violation.  Defendant SAAG Berke had a duty to prove jurisdiction prior to continuing proceedings.  Defendant judge Warren had a nondiscretionary duty to vacate a void judgment, and both Defendants judge Warren and AAG Brenner had a duty to act pursuant to Plaintiff Shari's criminal complaints.

> An official who acts unconstitutionally and commits an illegal act is "stripped of his official or representative character, and is subjected in his person to the consequences of his individual conduct." *Ex parte Young*, 209 U.S. 123, 160 (1908).

> "The officers of the law, in the execution of process, are required to know the requirements of the law, and if they mistake them, whether through ignorance or design, and any one is harmed by their error, they must respond in damages." *Rogers v. The Marshal*, 68 U.S. 644, 650 (1863).

Defendants had a financial interest in the outcome of family court cases. Ppublic servants are further incentivized by federal funding from Title IV-D, and

"child support" collection kickbacks.  Payments to States are based on the amount of child support collected and the state's performance in enforcing child support orders (45 CFR 304.20(b)(3)(vi)).  The more "child support" the state collects, the more federal incentive payments it receives.   Prosecutors play a crucial role in enforcing these orders, and the incentive payments recognize their efforts.

Defendant SAAG Berke's actions under color law furthered the extortion scheme by robbery of Plaintiff Shari's bond and her incarceration.

Kidnapping under color of law (unlawful arrest warrants to incarcerate) for a ransom (seized bond, extortion for "child support"/kidnapping fee) is a capital offense pursuant to 18 U.S.C. § 241. MCL 750.349.  *People v. Wesley*, 421 Mich. 375, 365 N.W.2d 692 (1984).

Complaint alleged a second federal jurisdiction question of RICO. Defendant SAAG Berke's actions further the affairs of the racket by inducing or facilitating criminal activity.  Pursuant to 18 U.S.C. § 1964, Plaintiffs bring this lawsuit against all Defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to Plaintiffs mother and her minor children and their property by the conduct constituting the violations and criminal activities. See *Living Designs, Inc. v. E.I. Dupont De Nemours and Co*., 431 F.3d 353, 361 (9th Cir. 2005).

The Defendants each committed criminal acts and conduct and had some part in directing the affairs of their criminal enterprise.  See also MOTIVES FOR *MENS REA* [ECF No. 1, PageID.10-17].

In defense, counsel attached court opinions [ECF No. 78-2 through 78-6], but did not address factual allegations in the Complaint which substantiates lies of omission, silent fraud, and fraudulent concealment were utilized by judges and other public servants.  DEFENDANTS' documents do not plainly expose their action and inaction.  Allegations from Complaint state facts pursuant to claims that substantiate harm.  In contrast, motions to dismiss attempt to hide or obfuscate.

> Silent fraud or fraudulent concealment has also long been recognized in Michigan. See *Lorenzo v. Noel*, 206 Mich. App. 682, 684; 522 NW2d 724 (1994).  "A fraud arising from the suppression of the truth is as prejudicial as that which springs from the assertion of a falsehood, and courts have not hesitated to sustain recoveries where the truth has been suppressed with the intent to defraud." *Id*., quoting *Williams v. Benson*, 3 Mich. App. 9, 18-19; 141 N.W.2d 650 (1966), quoting *Tompkins v. Hollister*, 60 Mich. 470, 483; 27 N.W. 651 (1886).

One example of a falsehood and material omission made by counsel was that the Sixth Circuit did not rule as counsel described.  Plaintiffs discussed discrepancies in the footnote on ECF No. 44, PageID.866.

Counsel's attachment of court opinions to the motion to dismiss does not provide a valid defense.  The Defendant judge's opinions are based on false statements including perjury, libel, fraud including silent fraud, many due process

17

violations, and violations of laws.  Defendant judges have a financial interest in the outcome of custody cases (See also ECF No. 1, PageID.10-17; ECF No. 84]).

There are no facts on the record of divorce Case No. 2020-880855-DM to substantiate an award of sole legal and physical custody to (alleged abuser) Defendant MATTHEW W. OLIVER ("Oliver"), which thereby violates familial rights and child custody laws MCL 722.25(1), 722.27a(1), (3).

> The rights of parents to care, custody, and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions. As such, the rights . . . are fundamental rights protected by First, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution." *Doe v. Irwin*, 441 F. Supp. 1247 (W.D. Mich. 1977).

False information in PER CURIAM No. 359539 [78-3, PageID.5514] and No. 367128 [ECF No. 78-4, PageID.5523] began on p. 1 with the statement, "A year after the birth of the couple's second child, defendant [Oliver] voluntarily terminated his employment . . ."

PER CURIAM statements are false.  Defendant Oliver's employment was terminated by his employer due to sexual harassment allegations two (2) years after the birth of their second child.  Plaintiff Shari clearly has evidence and witnesses to support that statements Defendant Oliver made under oath are false:

- M.L.O. was born in 2015 [ECF No. 1-3, PageID.334]

- Defendant Oliver's employment was terminated by his employer on July 31, 2017 due to sexual harassment allegations [ECF Nos. 44-16, PageID.1541-1542; 68-6, PageID.5086-5087].

- The daycare contract for Plaintiffs M.A.O. and M.L.O. was terminated in September 2017.  See Exhibit -2 for an e-mail regarding daycare in August 2017.

Plaintiff Shari alleged Defendant Oliver made false statements under oath on at least thirty-four (34) topics.  Plaintiff Shari was denied litigation of those allegations and more.  All of Plaintiff Shari's witnesses were denied.  Defendant appellate judges, who have a financial interest in the outcome of custody cases, denied appeals despite evidence of crimes and due process violations.

## ARGUMENT AGAINST THE MISAPPLICATION OF THE *ROOKER-FELDMAN* DOCTRINE TO DIVEST THIS COURT OF JURISDICTION

"The [*Rooker-Feldman*] doctrine applies only where a state-court loser initiates an action in federal district court, complaining of injury caused by a state court judgment, and seeks review and rejection of that judgment. *In re Cook,* 551 F.3d 542, 548 (6th Cir.2009)." *Berry v. Schmitt*, 688 F.3d 290, 298-299 (6th Cir. 2012).

"*Rooker-Feldman* focuses on whether the state court decision caused the injury: "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury ... then the plaintiff asserts an independent claim." *McCormick [v. Braverman],* 451 F.3d at 393." *Id*. at 299.

Complaint's claims against Defendant SAAG Berke result from his actions under color of law for Case No. 2023-285719-FH in the 6th Circuit Court, Oakland County, Michigan, which was a criminal case **that was dismissed *nolle prosequi*.**

19

Claims against Defendant SAAG Berke do not involve complaining of a state court judgment for Case No. 2023-285719-FH.  Clearly, the *Rooker-Feldman* doctrine does not apply to the facts of this case.  Claims pertain to Defendant SAAG Berke's involvement with Case No. 2023-285719-FH proceeding without *proven* jurisdiction, and conspiracy to falsely state that Plaintiff Shari was not at the arraignment that resulted in Plaintiff Shari being robbed of her $2,607.13 and incarcerated under color of law.  Claims also pertain to Defendant SAAG Berke's role in the RICO conspiracy where public servants from judicial and executive branches of government unlawfully utilize their combined powers against mothers, fathers, and children for extortion (see also ECF No. 1, PageID.10-17, and ECF No. 84 for motivations for *mens rea*).

## ARGUMENT AGAINST MISAPPLICATION OF "DOMESTIC-RELATIONS" EXCEPTION DOCTRINE TO DIVEST THIS COURT OF JURISDICTION

A doctrine, "domestic-relations" exception, exists to limit federal jurisdiction in marital dissolution, support and custody matters.

> "[T]he domestic relations exception, as articulated by this Court since *Barber* [*v. Barber*, 21 How. 582 (1859)], divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689 (1992).

Motion to dismiss stated that this Court had no jurisdiction over "domestic relations matters".  However, the "domestic-relations" exception does not apply to

20

the facts of this case because Complaint does not move the Court to issue

dissolution, support, or custody orders.  Significant federal questions are at stake as

this case involves federal constitutional rights and violations of federal law.

Furthermore, the claims against Defendant SAAG are regarding a criminal case

that was dismissed *nolle prosequi*.  Clearly, the "domestic-relations" exception

does not apply.

## ARGUMENT AGAINST DEFENDANT'S CLAIM THAT COMPLAINT FAILS TO STATE PLAUSIBLE CLAIMS UPON WHICH RELIEF MAY BE GRANTED

Counsel's statements are hearsay and counsel allegedly made false

statements as well as made an open invitation to this Honorable Court to

participate in the alleged criminal activity by dismissing this case.  Counsel also

made statements that Complaint failed to "state a claim" and did not meet Fed. R.

Civ. P. 8(a)(2) "a short and plain statement of the claim showing that the pleader is

entitled to relief".

Plaintiffs argue that counsel's claim that Complaint did not meet Fed. R.

Civ. P. 8(a)(2) has no merit.  Complaint has "short and plain statements" that

substantiate an entitlement to relief.  The hearsay statements in support [ECF No.

78, PageID.5478-5482, 5490-5500] cherry-picked information from the Complaint

or other sources, omitted material facts and context, and paraphrased; this resulted

in false, misleading, or conclusory statements.  **Plaintiff Shari has witnessed the**

21

**common use of lies of omission, also known as silent fraud and fraudulent concealment, by those that defend the criminal usage of the family court RICO enterprise.** Defendant SAAG Berke's motion to dismiss was yet another example of lies of omission and fraudulent concealment used to make false narratives or argument.

In opposition to motion to dismiss statements that the Complaint "does not elaborate on what specifically Defendant Special Assistant Attorney General Berke did which would demonstrate his involvement with the purported conspiracy or violation of her constitutional rights. Her complaint is devoid of factual information to support a cause of action against him" [ECF No. 78, PageID.5506-5507], statements and documents pertaining to Defendant SAAG Berke are found in ECF No. 1 COUNTS (except (5), (8)), and ECF No. 1-3, PageID.351-362.

If this Court finds that the complaint has any deficiencies, an amendment to the complaint can be made to correct.

### DEFENDANT'S CLAIM OF IMMUNITY IS AN AFFIRMATIVE DEFENSE; DEFENDANT HAS FAILED TO DEFEND THIS CASE

A claim of immunity is an affirmative defense, and Fed. R. Civ. P. 8(c) requires affirmative defenses such as immunity to be raised in an answer. "Since qualified immunity is a defense, the burden of pleading it rests with the defendant." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

22

Fed. R. Civ. P. 8 General Rules of Pleading

(c) Affirmative Defenses.

(1) *In General.* In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . .

Defendant SAAG Berke's defense to the Complaint included immunity claims, but his defense was not in the form of an answer.  Motion to dismiss had no admissions, no denials, no testimony, no depositions, and did not rebut Plaintiffs' sworn statements in the verified complaint with jurat.  Therefore, Defendant SAAG Berke failed to adequately defend this case.  **Motion to dismiss must be denied.**

§ 20  Generally; answer; opposing affidavits  [56 Am Jur 2d MOTION, RULES, AND ORDERS]

"But if the responding party presents affidavits denying the facts alleged by the moving party or establishing facts obviating the basis for the motion, the court may not take the facts alleged by the moving party to be true but must require proof." *Paschall v. Penry*, 82 Tex. 673, 18 SW 154 and may not grant the motion without making a determination of the fact issues raised by the responding party § 24, *infra*.

"The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b)(6) and 56(c). Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (E.D. Pa. 1964).

23

## CONCLUSION

Defendant SAAG Berke failed to properly answer the Complaint.  Fed. R. Civ. P. 8(c) requires that immunity claims, which are an affirmative defense, be raised in the form of an answer.  Defendant SAAG Berke did not provide an answer.

Motion to dismiss is scandalous and strengthens Plaintiffs' claims of Fourteenth Amendment violations of Equal Protection of Laws.  Counsel for Defendant SAAG Berke are public servants from the Michigan Department of Attorney General (AG) Civil Rights Division, who defend the alleged criminal acts of Defendant SAAG Berke who conspired with a judge and other attorneys, and counsel states that judges have immunity to engage in criminal activity [ECF No. 78, PageID.5491].  The facts substantiate that the AG's financial stake of $9.01M (over three (3) years) of federal funding from Title IV-D [ECF No. 44-5, PageID.1099 is amendment, was $8.39M per ECF No. 1-3, PageID.330] compromises its duty to the public.  The facts of this instant case substantiate systemic corruption with the yearly $1.25B in "child support" collections and multi-million-dollar federal grants to Michigan's executive and judicial branches indicates a statewide scheme, and justifies a federal grand jury to probe beyond individual acts to the Title IV-D system itself (see also ECF No. 84 Plaintiffs' motion to strike Defendant SAAG Berke's motion to dismiss ECF No. 78).

24

Motion to dismiss misapplies case law and doctrines.  Counsel's statements are hearsay that include false or misleading information and conclusory statements in an apparent attempt to divest this court of subject matter jurisdiction.  AAG Counsel's apparent conflict of interest, misuse of public funds, and misrepresentation in the defense suggests a reckless disregard for the rule of law with attorneys of Department of AG and a deliberate attempt to mislead the Court, which is in violation of their duty of candor.  (See also ECF No. 84)

WHEREFORE, Plaintiffs move this Honorable Court to **DENY** Defendant SAAG Berke's motion to dismiss and brief [ECF No. 78], to **COMPEL** Defendant SAAG Berke to make an ANSWER to the complaint within fourteen (14) days, and to **ACT** pursuant to 18 U.S.C. § 3332(a), 42 U.S.C. § 1987, and 18 U.S.C. § 1968 (impanelment of a grand jury), together with such other and further relief as the court may deem reasonable and just.

Respectfully submitted,

/s/ Shari L. Oliver

Dated: March 13, 2025

SHARI L. OLIVER, Plaintiff and mother/conservator
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
Telephone: (248) 321-6175
E-mail: jebezob@hotmail.com

25

**VERIFICATION PURSUANT TO 28 U.S.C. § 1746(1)**

I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct. Executed on March 13, 2025.

_Shari Lynn Oliver_

Shari Lynn Oliver

STATE OF _____UTAH_____ )
COUNTY OF __Iron_____ )

SWORN TO and subscribed before me on this <u>13th day of March, 2025</u> by
means of in-person notarization, and who has produced as identification: <u>Driver
license for the State of Utah</u>.

MCKENNA R LEYK
Notary Public - State of Utah
Comm. No. 720171
My Commission Expires on
Sep 3. 2025

Notary Public

Commission Expires: Sept. 3, 2025

26

## CERTIFICATE OF SERVICE

I hereby certify that, on March 13, 2025, I caused the foregoing document, **PLAINTIFFS' BRIEF IN OPPOSITION TO: [ECF No. 78] DEFENDANT MICHIGAN SPECIAL ASSISTANT ATTORNEY GENERAL MARK B. BERKE'S MOTION TO DISMISS** to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification for retrieval of an electronic copy of this document to all parties and counsel of record.

/s/ *Shari L. Oliver*
_____
SHARI L. OLIVER, Plaintiff
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
Telephone: (248) 321-6175
E-mail: jebezob@hotmail.com

**2:24-cv-12962-GAD-EAS Notice is electronically mailed to:**

"Michigan Appellate Judge and
Assistant Attorney General
Defendants"
Cassandra Drysdale-Crown (P64108)
Assistant Attorney General
drysdalecrownc@michigan.gov
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659

Kimberly K. Pendrick (P60348)
Assistant Attorney General
pendrickk@michigan.gov
3030 W. Grand Blvd. 10th Flr.
Detroit, MI 48202
(313) 456-0067

*Attorneys for Defendants Gleicher,
Markey, Shapiro, Patel, Brenner,
Berke, and Awuta-Coker*

"Utah Defendants"
Darin B. Goff (11355)
Assistant Attorney General
dgoff@agutah.gov

Alexander Gourde (19548)
Assistant Attorney General
agourde@agutah.gov

160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, UT 84114
(801) 366-0100

*Attorneys for Defendants Stockdale,
Christiansen, and Bell*

"Oakland County, Michigan Defendants"
Brooke Elizabeth Tucker (P79776)
Sr. Assistant Corporation Counsel
tuckerbe@oakgov.com
(248) 858-2007

Mary Ann Jerge (P46574)
Sr. Assistant Corporation Counsel
jergem@oakgov.com
(248) 858-0551

1200 N. Telegraph Road, Bldg. 14E
Pontiac, MI 48341

*Attorneys for Defendants Oakland County
Friend of the Court, McDonald, Heritage,
Hollyer, Pyrros-Hensen, Dever, Matis, and
Warren*

"Michigan Private Attorney Defendant"
Ellen Bartman Jannette (P41800)
Plunkett Cooney
ejannette@plunkettcooney.com
(248) 594-8221

38505 Woodward Ave. - Suite 100
Bloomfield Hills, MI 48304

*Attorney for Cohen*

"Pontiac, Oakland County, Michigan Judge
Defendant"
Anne McClorey McLaughlin (P40455)
Rosati, Schultz, Joppich & Amtsbuechler, P.C.
amclaughlin@rsjalaw.com
(248) 489-4100

27555 Executive Drive, Suite 250
Farmington Hills, MI 48331

*Attorney for Bowie*

28

"Michigan Private Attorney and Private
Citizen Defendants"
Alia Sareini (P86710)
Mohamed Zaher (P52020)
Advanta Law Firm, P.L.C.
lawyer@advantalaw.com
23800 Southfield Rd., Suite 220
Southfield, MI  48075
(248) 281-6299

*Attorneys for Defendants Vera and Oliver*