UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| S<small>HARI</small> L. O<small>LIVER</small>, M.A.O., and M.L.O.,   ) | Case No. 2:24-cv-12962 |
|     ) | |
| *Plaintiffs*,   ) | Hon. G<small>ERSHWIN</small> A. D<small>RAIN</small> |
|     ) | Mag. E<small>LIZABETH</small> A. S<small>TAFFORD</small> |
| v.   ) | |
|     ) | |
| O<small>AKLAND</small> C<small>OUNTY</small> F<small>RIEND OF THE</small> C<small>OURT</small>,   ) | |
| J<small>ULIE</small> A. M<small>C</small>D<small>ONALD</small>, K<small>ATHERINE</small> K.   ) | |
| H<small>ERITAGE</small>, S<small>UZANNE</small> K. H<small>OLLYER</small>,   ) | |
| S<small>TEPHANIE</small> P<small>YRROS</small>-H<small>ENSEN</small>,   ) | |
| E<small>LIZABETH</small> L. G<small>LEICHER</small>, J<small>ANE</small> E. M<small>ARKEY</small>,   ) | |
| D<small>OUGLAS</small> B. S<small>HAPIRO</small>, S<small>IMA</small> G. P<small>ATEL</small>,   ) | |
| P<small>ETER</small> K. D<small>EVER</small>, J<small>EFFERY</small> S. M<small>ATIS</small>,   ) | |
| M<small>ATTHEW</small> W. O<small>LIVER</small>, P<small>HILIP</small> G. V<small>ERA</small>,   ) | |
| S<small>USAN</small> E. C<small>OHEN</small>, J<small>EREMY</small> D. B<small>OWIE</small>,   ) | |
| M<small>ICHAEL</small> D. W<small>ARREN</small> J<small>R</small>.,   ) | |
| S<small>ARAH</small> K. B<small>RENNER</small>, M<small>ARK</small> B. B<small>ERKE</small>,   ) | |
| E<small>MANUEL</small> A<small>WUTA</small>-C<small>OKER</small>,   ) | |
| L<small>IESA</small> S<small>TOCKDALE</small>, R<small>YAN</small> E. C<small>HRISTIANSEN</small>,   ) | |
| M<small>ATTHEW</small> L. B<small>ELL</small>,   ) | |
|     ) | |
| *Defendants*.   ) | |

## REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT: [ECF No. 74] [ECF No. 75] AGAINST DEFENDANTS P<small>HILIP</small> G. V<small>ERA</small> AND M<small>ATTHEW</small> W. O<small>LIVER</small>

Shari L. Oliver, *Plaintiff*
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
(248) 321-6175
jebezob@hotmail.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... ii

INDEX OF AUTHORITIES............................................................................ iii

INTRODUCTION ............................................................................................1

REPLY TO RESPONSE...................................................................................2

CONCLUSION .................................................................................................6

VERIFICATION PURSUANT TO 28 U.S.C. § 1746(1) .........................................8

CERTIFICATE OF SERVICE .........................................................................9

# INDEX OF AUTHORITIES

**Cases**

*Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005)............................................................4

*Revere v. Wilmington Fin.*, 406 F. App'x 936 (6th Cir. 2011).................................4

*United States v. Price*, 383 U.S. 787 (1966).........................................................6, 7


**The Constitution of the United States of America**

First Amendment.......................................................................................................5, 6

Seventh Amendment .................................................................................................5, 6

Fourteenth Amendment ............................................................................................5, 6


**Federal Statutes**

18 U.S.C. § 1964........................................................................................................2, 7

28 U.S.C. § 1746(1) .......................................................................................................8

42 U.S.C. § 1983........................................................................................................2, 7

Title IV-D of the Social Security Act of 1975 (known as the Child Support
    Enforcement Program)..............................................................................................7


**Rules**

Fed. R. Civ. P. 12(a)(1)(A) ............................................................................................3

Fed. R. Civ. P. 8(b) .......................................................................................................3

**Michigan Statutes**

MCL 722.623 ................................................................................................................5

MCL 750.136d ..............................................................................................................5

# INTRODUCTION

NOW COME Plaintiffs, Shari L. Oliver (hereinafter "Shari"), M.A.O., and M.L.O. who reply to a response [ECF No. 87] made by counsel for Defendants Philip G. Vera ("Vera"), and Matthew W. Oliver ("Oliver"). This reply is in support of Plaintiffs' motions for entry of default judgment [ECF Nos. 74 and 75]. Timeline of some relevant events is as follows:

| Date | Event |
| --- | --- |
| November 26, 2024 | Defendants Vera and Oliver were both personally served the summons and complaint. [ECF Nos. 9, 10] |
| December 18, 2024 | CLERK'S ENTRY OF DEFAULT was filed against both Defendants Vera and Oliver. [ECF Nos. 24, 25] |
| February 21, 2025 | PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT Philip G. Vera was filed. [ECF No. 74] PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT Matthew W. Oliver was filed. [ECF No. 75] |
| March 7, 2025 | MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT, made by counsel for Defendants Vera and Oliver, was filed. [ECF No. 79] |
| March 20, 2025 | DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT was filed. [ECF No. 86] |
| March 21, 2025 | DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT was filed. [ECF No. 87] |

Verified Complaint [ECF No. 1] plead causes of action that fall under federal questions of (1) deprivations of rights under color of law, 42 U.S.C. § 1983, and (2) RICO, 18 U.S.C. § 1964. Defendant Oliver is ex-husband to Plaintiff Shari and father to Plaintiffs M.A.O. and M.L.O. Defendant Vera has been Defendant Oliver's attorney for state court family law matters.

Plaintiffs challenge the admissibility, relevance, and credibility of Defendants Vera's and Oliver's defense for failure to timely answer the complaint by December 17, 2024. Defenses for failure to answer were made by counsel hearsay only [e.g. ECF No. 86, PageID.5720-5721, 5730, 5734]. See ECF No. 90, PageID.5829-5835 (brief in opposition to motion to set aside [86]) for specifics.

### REPLY TO RESPONSE

Defendants' response [ECF No. 87] to Plaintiffs' motions for default judgment was counsel hearsay that made false statements and had material omissions. Plaintiffs reply to Defendants' <u>underlined paragraphs</u> is as follows:

<u>Defendants' ECF No. 87 ¶ 1. This action essentially is a re-litigation by the same Plaintiff against almost identical Defendants.</u> Causes of action, Counts One through Sixteen in Verified Complaint ECF No. 1, have *NEVER* been litigated.

<u>Defendants' ECF No. 87 ¶ 2. Defendant Vera and Defendant Oliver were named in Plaintiff's 2022 lawsuit.</u> Defendants demonstrate a pattern of failing to

2

timely respond to a pleading pursuant to Fed. R. Civ. P. 12(a)(1)(A) and 8(b).  In the 2022 lawsuit [2:22-cv-12665-GAD-EAS], Defendant Vera did not sign the waiver of service of summons and appeared to have intentionally avoided service. For facts to substantiate intentional avoidance of service, see 2:22-cv-12665 ECF No. 21 motion for alternate service.

In the 2022 lawsuit, Defendant Oliver also did not sign the waiver of service of summons.  Defendant Oliver was later personally served.  He made a nonresponsive answer [2:22-cv-12665 ECF No. 26].  All 954 paragraphs of his answer were the statement, "Defendant, Matthew Warren Oliver, neither admits nor denies the allegations contained in this paragraph and leaves Plaintiff to her strictest proofs."

<u>Defendants' ECF No. 87 ¶ 3. Plaintiff is barred from re-litigating the same claims under res judicata and collateral estoppel.</u>  Plaintiffs' claims have *NEVER* been ruled on the merits.  Counts One through Fourteen have *NEVER* been plead in a complaint prior to this instant case.  Counts Fifteen and Sixteen plead RICO and RICO conspiracy, which is continuing by nature.  Since 2022, additional predicate acts have been pleaded in this instant case.  Therefore, *res judicata* and *collateral estoppel* do *NOT* apply to the facts of this case.  Complaint alleged that in a family court matter Defendant Oliver made false statements under oath on at least thirty-four (34) topics (perjury) and Vera suborned Oliver's perjury, which were crimes

3

aided and abetted by joint action with state actors (e.g. Defendants family court judge and OAKLAND COUNTY FRIEND OF THE COURT (FOC) employees) to deny Plaintiffs' rights (e.g. familial association) with motive to extort Plaintiff Shari (e.g. "child support"—fraudulent fee associated with kidnapping under color law).

Defendants' ECF No. 87 ¶ 4. The federal claims asserted in case No. 2:22-cv-12665 were dismissed with prejudice. Federal claims were dismissed *WITHOUT* prejudice pursuant to appellate judges' ruling on Case No. 23-2007 "we **MODIFY** [judgment from Case 2:22-cv-12665] to reflect that dismissal of [Plaintiffs'] claims for lack of subject-matter jurisdiction is *without* prejudice. See, e.g., *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case.") (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)). Sixth Circuit appellate judges did *NOT* rule on the challenges to lower court rulings. [ECF No. 41-6, PageID.604]

Defendants' ECF No. 87 ¶ 5. Plaintiff's federal claims in the current complaint are almost identical to the claims that were asserted against Defendant Vera and Defendant Oliver in the Plaintiff's 2022 complaint. Federal claims are *NOT* the same. Furthermore, Plaintiffs' federal claims have *NEVER* been ruled on the merits. True to its nature, federal RICO has continued and with this instant case eight (8) predicate acts were alleged, an increase from four (4) predicate acts

alleged in the 2022 complaint. See ECF No. 49, PageID.3695-3697 for a comparison chart between the 2022 complaint and 2024 complaint.

Defendants' ECF No. 87 ¶ 6. The current complaint suggests Plaintiff is dissatisfied with the previous court outcome.  **Plaintiffs have a First Amendment right to petition the government for grievances.**  Plaintiffs have a Fourteenth Amendment right to Equal Protection of Law.  Plaintiffs have a Seventh Amendment right to a trial by jury.  Plaintiff Shari had bystander liability (e.g. Failure to Protect from Abuse or Harm (MCL 750.136d)) to protect children M.A.O. and M.L.O. from Defendant Oliver's domestic violence.  The family court judge denied all Plaintiff Shari's witnesses.  FOC employees did *NOT* investigate, in violation of law (e.g. MCL 722.623).  Family court employees violated due process, law (committed crimes); full custody was awarded to the alleged abuser.

Defendants' ECF No. 87 ¶ 7. Plaintiff's current complaint lacks merit. Plaintiffs' complaint has merit because it pleads sworn facts to meet federal causes of action that fall under (1) deprivation of rights under color of law and conspiracy and (2) federal RICO.  None of the 22 Defendants of this instant case have denied Plaintiffs' sworn factual allegations.

Defendants' ECF No. 87 ¶ 8. Plaintiff is not entitled to a judgment as a matter of law.  Plaintiffs are entitled to a judgment as a matter of law.  The Supreme Court ruled that the Fourteenth Amendment protects individuals against

5

state action and that federal authorities can prosecute violations of this amendment when state authorities fail to do so.  The Court also held that private individuals who conspire with state officials can be held accountable under federal law. *United States v. Price*, 383 U.S. 787 (1966) held that private individuals who conspired with state actors to violate civil rights could be prosecuted under federal civil rights statutes, including § 1983, because **their actions were seen as part of a state-sanctioned violation**.  "To act "under color" of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." *Id.* 794.

<u>Defendants' ECF No. 87 ¶ 11. If the Court grants the Motion, Plaintiff's Motion for Default Judgment would be moot.</u>  If the Court grants Defendants' motion, this Court would be violating Plaintiffs' First, Seventh, and Fourteenth Amendment rights, and breach a nondiscretionary duty to take jurisdiction on federal issues.  This Court has no authority to violate the U.S. Constitution.

## CONCLUSION

Counsel's hearsay was not an admissible and credible defense for Defendants' failure to answer the complaint on time [ECF Nos. 86, 87].  To date, Motion for Extension of Time to respond to ECF Nos. 74 and 75 has not been ruled upon. Defendants' claims of meritorious defenses are not valid.  *Res judicata* and collateral estoppel do not apply to the facts of this case because the claims of

6

this case have *NEVER* been litigated. Private citizens involved in joint actions with the state are not immune from accountability under 42 U.S.C. § 1983 lawsuits; see also *United States v. Price*, 383 U.S. 787 (1966). Instead of enforcing criminal law for Defendant Oliver's alleged crimes of assault, battery, child abuse, and perjury, and Defendant Vera's subornation of perjury and slander, the state family court judge and FOC employees protect and use these offenses to harm Plaintiffs. They fabricate libelous documents and rule to kidnap children M.A.O. and M.L.O. from Plaintiff Shari under the color of law, while extorting her. In addition to financial kickbacks from the $1.25B/year "child support collection machine", crimes committed in pursuit of Title IV-D **federal** financial incentives result in Social Security fraud. Defendants' actions, along with judges and attorneys from Michigan and Utah, are utilized by a federal RICO scheme. Private citizens are not immune from 18 U.S.C. § 1964 (RICO) lawsuits either.

      WHEREFORE, Plaintiffs move this Honorable Court to **GRANT** Plaintiffs' motions for default judgment against Defendant Vera [ECF No. 74] and against Defendant Oliver [ECF No. 75], together with such other and further relief as the court may deem reasonable and just.

                              Respectfully submitted,

                              /s/ *Shari L. Oliver*
                              _____
Dated: March 27, 2025      SHARI L. OLIVER, Plaintiff and mother/conservator
                              189 N. Castle Dr. (2675 W.)

Cedar City, UT 84720
Telephone: (248) 321-6175
E-mail: jebezob@hotmail.com

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746(1)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 27, 2025.

_/s/ Shari Lynn Oliver_
Shari Lynn Oliver

STATE OF _____UTAH_____ )
COUNTY OF __IRON__ )

SWORN TO and subscribed before me on this <u>27th day of March, 2025</u> by means of in-person notarization, and who has produced as identification: <u>Driver license for the State of Utah</u>.

_/s/ Bonnie Thornton_
Notary Public

Commission Expires: _Oct 11, 2028_

BONNIE THORNTON
Notary Public - State of Utah
Comm. No. 739656
My Commission Expires on
Oct 11, 2028

8

## CERTIFICATE OF SERVICE

I hereby certify that, on March 27, 2025, I caused the foregoing document, **REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT: [ECF No. 74] [ECF No. 75] AGAINST DEFENDANTS Philip G. Vera AND Matthew W. Oliver** to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification for retrieval of an electronic copy of this document to all parties and counsel of record.

/s/ *Shari L. Oliver*
_____
Shari L. Oliver, Plaintiff
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
Telephone: (248) 321-6175
E-mail: jebezob@hotmail.com

**2:24-cv-12962-GAD-EAS Notice is electronically mailed to:**

<u>"Michigan Appellate Judge and Assistant Attorney General Defendants"</u>
Cassandra Drysdale-Crown (P64108)
Assistant Attorney General
drysdalecrownc@michigan.gov
P.O. Box 30736
Lansing, MI  48909
(517) 335-7659

Kimberly K. Pendrick (P60348)
Assistant Attorney General
pendrickk@michigan.gov
3030 W. Grand Blvd. 10th Flr.
Detroit, MI  48202
(313) 456-0067

*Attorneys for Defendants Gleicher, Markey, Shapiro, Patel, Brenner, Berke, and Awuta-Coker*

<u>"Utah Defendants"</u>
Darin B. Goff (11355)
Assistant Attorney General
dgoff@agutah.gov

Alexander Gourde (19548)
Assistant Attorney General
agourde@agutah.gov

160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, UT  84114
(801) 366-0100

*Attorneys for Defendants Stockdale, Christiansen, and Bell*

<u>"Oakland County, Michigan Defendants"</u>
Brooke Elizabeth Tucker (P79776)
Sr. Assistant Corporation Counsel
tuckerbe@oakgov.com
(248) 858-2007

Mary Ann Jerge (P46574)
Sr. Assistant Corporation Counsel
jergem@oakgov.com
(248) 858-0551

1200 N. Telegraph Road, Bldg. 14E
Pontiac, MI  48341

*Attorneys for Defendants Oakland County Friend of the Court, McDonald, Heritage, Hollyer, Pyrros-Hensen, Dever, Matis, and Warren*

<u>"Michigan Private Attorney Defendant"</u>
Ellen Bartman Jannette (P41800)
Plunkett Cooney
ejannette@plunkettcooney.com
(248) 594-8221

38505 Woodward Ave. - Suite 100
Bloomfield Hills, MI  48304

*Attorney for Cohen*

<u>"Pontiac, Oakland County, Michigan Judge Defendant"</u>
Anne McClorey McLaughlin (P40455)
Rosati, Schultz, Joppich & Amtsbuechler, P.C.
amclaughlin@rsjalaw.com
(248) 489-4100

27555 Executive Drive, Suite 250
Farmington Hills, MI  48331

*Attorney for Bowie*

<u>"Michigan Private Attorney and Private Citizen Defendants"</u>
Alia Sareini (P86710)
Mohamed Zaher (P52020)
Advanta Law Firm, P.L.C.
lawyer@advantalaw.com
23800 Southfield Rd., Suite 220
Southfield, MI  48075
(248) 281-6299

*Attorneys for Defendants Vera and Oliver*