UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARI L. OLIVER, M.A.O., and M.L.O., | ) | Case No. 2:24-cv-12962 |
| | ) | |
| *Plaintiffs*, | ) | Hon. GERSHWIN A. DRAIN |
| | ) | Mag. ELIZABETH A. STAFFORD |
| v. | ) | |
| | ) | |
| OAKLAND COUNTY FRIEND OF THE COURT, | ) | |
| JULIE A. MCDONALD, KATHERINE K. | ) | |
| HERITAGE, SUZANNE K. HOLLYER, | ) | |
| STEPHANIE PYRROS-HENSEN, | ) | |
| ELIZABETH L. GLEICHER, JANE E. MARKEY, | ) | |
| DOUGLAS B. SHAPIRO, SIMA G. PATEL, | ) | |
| PETER K. DEVER, JEFFERY S. MATIS, | ) | |
| MATTHEW W. OLIVER, PHILIP G. VERA, | ) | |
| SUSAN E. COHEN, JEREMY D. BOWIE, | ) | |
| MICHAEL D. WARREN JR., | ) | |
| SARAH K. BRENNER, MARK B. BERKE, | ) | |
| EMANUEL AWUTA-COKER, | ) | |
| LIESA STOCKDALE, RYAN E. CHRISTIANSEN, | ) | |
| MATTHEW L. BELL, | ) | |
| | ) | |
| *Defendants*. | ) | |

# **REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE: [ECF No. 78] DEFENDANT MICHIGAN SPECIAL ASSISTANT ATTORNEY GENERAL MARK B. BERKE'S MOTION TO DISMISS**

Shari L. Oliver, *Plaintiff*
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
(248) 321-6175
jebezob@hotmail.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... ii

INDEX OF AUTHORITIES ............................................................................ iii

INTRODUCTION ............................................................................................. 1

REPLY TO RESPONSE ................................................................................... 2

Misapply Prosecutorial Immunity To Evade Criminal Responsibility ............. 2

Misapply *Rooker-Feldman* Doctrine To Evade Criminal Responsibility ........ 3

Counsel, MI Department of AG, Opposes Impanelment of a Grand Jury ....... 4

CONCLUSION .................................................................................................. 6

VERIFICATION PURSUANT TO 28 U.S.C. § 1746(1) .................................. 8

CERTIFICATE OF SERVICE .......................................................................... 9

# INDEX OF AUTHORITIES

**Cases**

*Butz v. Economou*, 438 U.S. 478 (1978)......................................................................3

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)..........................................................1

*Gomez v. Toledo*, 446 U.S. 635 (1980).........................................................................3

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)..................................................................2

*Pierson v. Ray*, 386 U.S. 547 (1967) ............................................................................3

*Procuner v. Navarette*, 434 U.S. 555 (1978)...............................................................3

*United States v. Gillock*, 445 U.S. 360 (1980).............................................................6

**The Constitution of the United States of America**

Fourteenth Amendment ...................................................................................................3

**Federal Statutes**

18 U.S.C § 3332(a) .........................................................................................................7

18 U.S.C. § 1951 .............................................................................................................5

18 U.S.C. § 1968 .............................................................................................................7

18 U.S.C. § 241 ...............................................................................................................5

18 U.S.C. § 242 ...............................................................................................................5

28 U.S.C. § 1746(1) ........................................................................................................8

42 U.S.C. § 1987 .............................................................................................................7

Title IV-D of the Social Security Act of 1975 (known as the Child Support
    Enforcement Program ................................................................................. 1, 2, 4, 6

**Rules**

Fed. R. Civ. P. 11 ....................................................................................................1

Fed. R. Civ. P. 12(f) ................................................................................................1

Fed. R. Civ. P. 8(c) .................................................................................................3

**Other Authorities**

Wright & Miller, Federal Practice and Procedure ...................................................3

INTRODUCTION

NOW COME Plaintiffs, SHARI L. OLIVER, M.A.O., and M.L.O. pursuant to Fed. R. Civ. P. 12(f) and the Court's inherent power to manage their dockets and strike improper filings (see also *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), Fed. R. Civ. P. 11), with a motion to strike ECF No. 78. Motion to dismiss [ECF No. 78] is made by counsel for a public servant employed by the State of Michigan, Special Assistant Attorney General MARK B. BERKE ("Berke"), who is sued in his individual capacity only. Counsel are Assistant Attorney Generals (AAG) for the Civil Rights Division of the State of Michigan. The Civil Rights Division is defending public servants **accused of criminal acts and violating civil rights** in the course of enforcing Title IV-D regulations. AAG representation involves a misuse of public funds and resources and presents a conflict of interest because Department of Attorney General (AG) collects multi-million-dollar federal grants under Title IV-D. The Department's duty is to protect the people, not shield criminal public servants. Complaint alleged that the Oakland County family court federal-state enterprise is being used criminally. AAG counsel opposes federal grand jury scrutiny to determine the full extent of the conspiracy and potential racketeering activities, and misapplies case law in a scandalous attempt to evade accountability and to protect their federal funding and financial stake in a profit-driven income stream of fraudulent, exploitive child support collections.

1

**REPLY TO RESPONSE**

> The Constitution was not written to restrain the citizen's behavior, it was written to restrain the government's behavior. – Rand Paul

Factual allegations substantiate that state governments have been weaponized against the People. The executive and judicial branches of state government work together for a "child support collection machine" ($1.25 billion annually in Michigan), and collect multi-million-dollar federal grants pursuant to Title IV-D of the Social Security Act. The Michigan Department of AG was awarded approximately $8,388,845 in federal money for three (3) years [ECF No. 1-3, PageID.330] that was amended to $9,009,245 [ECF No. 44-5, PageID.1099].

The Department of AG Civil Rights Division enforces civil rights statutes. But in this case, counsel is defending public servant judges and attorneys, sued in their individual capacities only, who act outside of scope and violate civil rights. AAG Counsel further stated that "**judicial defendants were entitled to absolute immunity even if they engaged in criminal activity**" [e.g. ECF No. 41, PageID.553; No. 78, PageID.5492]. Clearly, this scandalous position violates equal protection under the law, is unethical, and undermines the justice system.

**Misapply Prosecutorial Immunity To Evade Criminal Responsibility**

The Supreme Court explained in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) that immunity applies only if "their conduct does not violate 'clearly established'

2

statutory or constitutional rights of which a reasonable person would have known." *Id*. at 801. Complaint alleged violations of clearly established statutory and constitutional rights. Fourteenth Amendment guarantees <u>Equal Protection of Law</u>.

Defendant failed to plead immunity pursuant to Rule 8(c). The Supreme Court held in *Gomez v. Toledo*, 446 U.S. 635 (1980) that the defendant must plead any matter constituting an affirmative defense, including immunity defenses such as prosecutorial or qualified immunity, as part of their answer or motion.

> "Moreover, this Court has never indicated that qualified immunity is relevant to the existence of the plaintiff's cause of action; instead, we have described it as a defense available to the official in question. See *Procuner v. Navarette*, supra at 434 U. S. 562; *Pierson v. Ray*, supra at 386 U. S. 556, 386 U. S. 557; *Butz v. Economou*, 438 U. S. 478, 438 U. S. 508 (1978). Since qualified immunity is a defense, the burden of pleading it rests with the defendant. See Fed.Rule Civ.Proc. 8(c) (defendant must plead any "matter constituting an avoidance or affirmative defense"); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1271 (1969). It is for the official to claim that his conduct was justified by an objectively reasonable belief that it was lawful. We see no basis for imposing on the plaintiff an obligation to anticipate such a defense by stating in his complaint that the defendant acted in bad faith." *Id*. at 640.

**Misapply *Rooker-Feldman* Doctrine To Evade Criminal Responsibility**

Counsel clearly argues for a **misapplication** of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine does not bar federal courts from hearing cases involving **independent federal claims** (such as constitutional violations and federal RICO allegations) that are **separate** from the state court's judgment. Furthermore, there is no state court judgment to review in the allegations involving

3

Defendant Berke. The *Rooker-Feldman* doctrine typically applies when there has been a final judgment in a state court case that the plaintiff seeks to challenge in federal court. Since the state court case that Defendant Berke was involved with was dismissed *nolle prosequi*, there is no final judgment to challenge. This means that the core of the *Rooker-Feldman* doctrine—preventing federal courts from overturning or reviewing state court judgments—is not triggered here.

**Counsel, MI Department of AG, Opposes Impanelment of a Grand Jury**

The $1.25 billion annual child support collection and **multi-million-dollar federal grants funding through Title IV-D** provide a **strong financial incentive** for misconduct and corruption by state actors. These funds create a **motive** for **systemic misconduct** among state officials, including prosecutors, judges, and the AG, due to their direct financial stake in the continuation and expansion of the child support collections and control of two branches of government.

This case highlights that the **Title IV-D financial incentives** to Michigan ($25.8M annually), the AG ($9.09M for 3 years), and the Defendant **Friend of the Court** ($89.97M over 7 years) serve as powerful motives for **bias**, **misconduct**, and **corruption** in the enforcement of child support laws.

The AG's direct financial involvement through **Title IV-D incentives** compromises its duty to the public, as it is incentivized to defend and perpetuate

the child support system that directly benefits it. This constitutes not only a **conflict of interest** but also potentially criminal conduct, given the scope and extent of its involvement in the alleged misconduct.

The **allegations substantiating systemic corruption**—including inflated child support orders, denied custody, complicit with perjury, fabricated evidence, and biased judicial rulings—suggest a **pattern of criminal conduct** including violations of federal criminal statutes like robbery and extortion (18 U.S.C. § 1951), civil rights violations (18 U.S.C. § 242), and conspiracy (18 U.S.C. § 241).

The **RICO claims** combined with constitutional violations suggest a **pattern of racketeering activity** within Michigan's child support enforcement system, involving both state and federal interests. The alleged conduct not only affects individual plaintiffs but also involves the **rights of thousands (if not millions)** of Michigan residents. As such, this case is not a mere private dispute but a matter of **public concern** that impacts both **state and federal interests**.

The **$1.25 billion in annual collections** and the **multi-million-dollar grants** for Michigan's child support program create a **powerful motive** for misconduct. The allegations suggest a **statewide conspiracy** that cannot be adequately investigated or prosecuted at the state level due to **conflicts of interest** and the **complicity of state actors**. **State actors from <u>judicial and executive</u>**

5

**branches of government** are involved with overlapping financial interests and agency collaboration, resulting in **concentrated power and removal of checks and balances**, e.g. Department of AG Interagency Agreement IAAG22-99018 p. 6 states [ECF No. 44-4, PageID.1087, Amendment: ECF No. 44-5, PageID.1104]:

> 13) a) or 11) Agency Collaboration:
> Work cooperatively with the MDHHS/OCS [Michigan Department of Health and Human Services, Office of Child Support], the Michigan Supreme Court, the SCAO [State Court Administrative Office], FOCs [Friend of the Court] and the Friend of the Court Association, the PAs [Prosecutors] and Prosecuting Attorneys Association of Michigan and appropriate law enforcement agencies.

Given the **scope and systemic nature** of the alleged misconduct, **federal intervention** is necessary to ensure **accountability** and to protect the rights of affected individuals. *United States v. Gillock*, 445 U.S. 360 (1980), affirms the **federal government's authority to investigate state officials** for corruption and criminal activity, even when state laws or doctrines might typically limit the jurisdiction of federal courts. The federal government has an interest in ensuring that public funds (e.g., Title IV-D Social Security funds) are not misused.

## CONCLUSION

Mere conclusory allegations and insufficiently pled defenses should be stricken. The **complicity of the AG** in potentially **shielding profit-driven crimes** within the system warrants **federal intervention**. Defense by AG is challenged as

6

the State of Michigan is not a defendant. Michigan residents are doubly harmed—first by the alleged violations, then by funding the defense of their perpetrators. The federal grand jury's involvement is critical because it can probe whether the AG and other officials are using their positions to protect the financial stream of the child support collection program at the expense of the rights of citizens.

Plaintiffs present a compelling case for **federal intervention**. The **DOJ** should impanel a **grand jury** to investigate the **alleged criminal enterprise** arising from the systemic abuses within Michigan's child support system, as it involves both **federal law violations** (RICO, civil rights violations) and **constitutional infringements** that affect the broader public, not just this individual civil case. The scope of the alleged misconduct, coupled with the financial incentives and conflicts of interest, justifies **federal action**.

WHEREFORE, Plaintiffs move this Honorable Court to **STRIKE** Defendant Berke's motion to dismiss [ECF No. 78], and to **ACT** pursuant to 18 U.S.C § 3332(a), 42 U.S.C. § 1987, and 18 U.S.C. § 1968 (impanelment of a grand jury), together with such other and further relief as the court may deem reasonable and just.

                                      Respectfully submitted,

                                      /s/ *Shari L. Oliver*
_____
Dated: March 31, 2025            SHARI L. OLIVER, Plaintiff and mother/conservator
                                      189 N. Castle Dr. (2675 W.)

Cedar City, UT 84720<br>
Telephone: (248) 321-6175<br>
E-mail: jebezob@hotmail.com

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746(1)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 31, 2025.

/s/ *Shari Lynn Oliver*
_____
Shari Lynn Oliver

8

## CERTIFICATE OF SERVICE

I hereby certify that, on March 31, 2025, I caused the foregoing document, **REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE: [ECF No. 78] DEFENDANT MICHIGAN SPECIAL ASSISTANT ATTORNEY GENERAL MARK B. BERKE'S MOTION TO DISMISS** to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification for retrieval of an electronic copy of this document to all parties and counsel of record.

/s/ *Shari L. Oliver*
_____
SHARI L. OLIVER, Plaintiff
189 N. Castle Dr. (2675 W.)
Cedar City, UT  84720
Telephone: (248) 321-6175
E-mail: jebezob@hotmail.com

**2:24-cv-12962-GAD-EAS Notice is electronically mailed to:**

<u>"Michigan Appellate Judge and Assistant Attorney General Defendants"</u>
Cassandra Drysdale-Crown (P64108)
Assistant Attorney General
drysdalecrownc@michigan.gov
P.O. Box 30736
Lansing, MI  48909
(517) 335-7659

Kimberly K. Pendrick (P60348)
Assistant Attorney General
pendrickk@michigan.gov
3030 W. Grand Blvd. 10th Flr.
Detroit, MI  48202
(313) 456-0067

*Attorneys for Defendants Gleicher, Markey, Shapiro, Patel, Brenner, Berke, and Awuta-Coker*

<u>"Utah Defendants"</u>
Darin B. Goff (11355)
Assistant Attorney General
dgoff@agutah.gov

Alexander Gourde (19548)
Assistant Attorney General
agourde@agutah.gov

160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, UT  84114
(801) 366-0100

*Attorneys for Defendants Stockdale, Christiansen, and Bell*

<u>"Oakland County, Michigan Defendants"</u>
Brooke Elizabeth Tucker (P79776)
Sr. Assistant Corporation Counsel
tuckerbe@oakgov.com
(248) 858-2007

Mary Ann Jerge (P46574)
Sr. Assistant Corporation Counsel
jergem@oakgov.com
(248) 858-0551

1200 N. Telegraph Road, Bldg. 14E
Pontiac, MI  48341

*Attorneys for Defendants Oakland County Friend of the Court, McDonald, Heritage, Hollyer, Pyrros-Hensen, Dever, Matis, and Warren*

<u>"Michigan Private Attorney Defendant"</u>
Ellen Bartman Jannette (P41800)
Plunkett Cooney
ejannette@plunkettcooney.com
(248) 594-8221

38505 Woodward Ave. - Suite 100
Bloomfield Hills, MI  48304

*Attorney for Cohen*

<u>"Pontiac, Oakland County, Michigan Judge Defendant"</u>
Anne McClorey McLaughlin (P40455)
Rosati, Schultz, Joppich & Amtsbuechler, P.C.
amclaughlin@rsjalaw.com
(248) 489-4100

27555 Executive Drive, Suite 250
Farmington Hills, MI  48331

*Attorney for Bowie*

10

11

<u>"Michigan Private Attorney and Private Citizen Defendants"</u>
Alia Sareini (P86710)
Mohamed Zaher (P52020)
Advanta Law Firm, P.L.C.
lawyer@advantalaw.com
23800 Southfield Rd., Suite 220
Southfield, MI  48075
(248) 281-6299

*Attorneys for Defendants Vera and Oliver*