UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARI L. OLIVER, *et al.*,

Plaintiffs,

Case No. 24-12962

U.S. DISTRICT COURT JUDGE

GERSHWIN A. DRAIN

v.

OAKLAND COUNTY FRIEND
OF THE COURT, *et al.*,

Defendants.

_____/

## OPINION AND ORDER GRANTING MOTIONS TO DISMISS [#41, #43, #48, #78], GRANTING MOTIONS TO SET ASIDE CLERK'S ENTRY OF DEFAULT [#42, #76, #86], DENYING MOTIONS TO STRIKE [#44, #49, #52, #63, #84], DENYING MOTIONS FOR DEFAULT JUDGMENT [#74, #75], DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING [#93], DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [#94], DENYING AS MOOT MOTION FOR EXTENSION OF TIME [#79], AND *SUA SPONTE* DISMISSING CLAIMS AGAINST DEFENDANTS JEREMY D. BOWIE, SUSAN E. COHEN, MATTHEW W. OLIVER, AND PHILIP G. VERA

## I.    <u>INTRODUCTION</u>

Plaintiff Shari L. Oliver, representing her two minor children and herself *pro se*,[1] has filed, for the second time, a federal lawsuit pertaining to her state court divorce and child custody proceedings. For the reasons that follow, Defendants' motions to dismiss [#41, #43, #48, #78] are GRANTED, Defendants Susan E. Cohen, Jeremy D. Bowie, Matthew W. Oliver, and Philip G. Vera's motions to set aside the clerk's entry of default [#42, #76, #86] are GRANTED, Ms. Oliver's motions to strike [#44, #49, #52, #63, #84] are DENIED, Ms. Oliver's motions for default judgment [#74, #75] are DENIED, Ms. Oliver's motion for leave to file a supplemental pleading [#93] is DENIED, Ms. Oliver's motion for a temporary restraining order and preliminary injunction [#94] is DENIED AS MOOT, and Defendants Oliver and Vera's motion for extension of time [#79] is DENIED AS MOOT. Furthermore, Ms. Oliver's claims against Defendants Bowie, Oliver, Vera, and Cohen are DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[1] Ms. Oliver cannot bring the present action on behalf of her minor children. "Parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). While Ms. Oliver contends that this case falls within "a statutory exception to the general rule that a non-attorney may not represent another person or entity in an action" because "[a]ttorney representation has proven to be a conflict of interest in Family Court and against the family," ECF No. 1, PageID.8, she does not cite the exception.

## II.   <u>BACKGROUND</u>

This is the second lawsuit Ms. Oliver has filed in this Court concerning her state court divorce and child custody proceedings. Those proceedings began in Oakland County Circuit Court's Family Division before Defendant Judge Julie A. McDonald, who allegedly received assistance from Defendant Staff Attorney Katherine Heritage in presiding over the case. ECF No. 48-2; ECF No. 1, PageID.32. During those proceedings, the Court allegedly ordered Ms. Oliver to undergo a psychological evaluation by Defendant Stephanie Pyrros-Hensen, an Oakland County Friend of the Court Clinical Psychologist. ECF No. 1, PageID.32-33. Judge McDonald ultimately issued a decision awarding Ms. Oliver's ex-husband, Defendant Matthew Oliver, sole custody of the children and requiring Ms. Oliver to pay child support. ECF Nos. 48-4, 48-5. Thereafter, Ms. Oliver filed a grievance with the Oakland County Friend of the Court. ECF No. 48-2, PageID.3583. Defendant Peter Dever allegedly oversaw the grievance and mailed Ms. Oliver a letter advising her that her claims were without merit. ECF No. 1, PageID.34; ECF No. 1-1, PageID.114.

Ms. Oliver appealed Judge McDonald's decision to the Michigan Court of Appeals and moved for a stay of the trial court's judgment pending resolution of the appeal. Defendant Judge Elizabeth L. Gleicher denied Ms. Oliver's motion to stay, and Defendant Judges Jane E. Markey, Douglas B. Shapiro, and Sima G. Patel

subsequently affirmed the lower court's decision. *Oliver v. Oliver*, No. 359539, 2022 Mich. App. LEXIS 66 (Ct. App. Jan. 3, 2022); *Oliver v. Oliver*, No. 359539, 2022 Mich. App. LEXIS 3812 (Ct. App. June 30, 2022).

Ms. Oliver moved to Utah in November 2021. *See* ECF No. 1, PageID.30. Approximately six months later, the State of Michigan sent a request to the Utah Office of Recovery Services ("ORS") seeking registration and enforcement of the Michigan child support order under the Uniform Interstate Family Support Act. At all relevant times, Defendant Leisa Stockdale allegedly served as the director of ORS. Defendant Ryan Christiansen, a Utah Assistant Attorney General, filed a Request to Register Foreign Support Order in Utah state court. ECF No. 1-1, PageID.154. Defendant Judge Matthew Bell presided over the matter and registered the support order. *Id.*

Meanwhile, in Michigan, a criminal warrant for Ms. Oliver's arrest was filed in the Oakland County 50th District Court for failure to pay child support, and Defendant Judge Jeremy D. Bowie presided over the matter. ECF No. 76-6.

Also in Michigan, Ms. Oliver initiated a federal lawsuit in this Court against Judges McDonald, Gleicher, Markey, Shapiro, and Patel, the Oakland County Friend of the Court, and nearly a dozen Oakland County Circuit Court employees, including Heritage, Suzanne K. Hollyer, Pyrros-Hensen, and Dever. She also sued her former attorney Susan E. Cohen, Mr. Oliver, and Mr. Oliver's attorney, Philip

4

G. Vera. Ms. Oliver alleged various federal claims—including violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Due Process Clause of the Fourteenth Amendment—as well as state law claims of assault, battery, fraud, injurious falsehood, abuse of process, conspiracy, and intentional infliction of emotional distress. *Oliver v. McDonald*, No. 22-cv-12665, 2023 WL 4996638, at *1 (E.D. Mich. Feb. 7, 2023). In September 2023, the Court granted the defendants' motions to dismiss and dismissed the entire case. *Oliver v. McDonald*, No. 22-2665, 2023 WL 6141573 (E.D. Mich. Sept. 20, 2023). The Sixth Circuit affirmed this decision. *Oliver v. McDonald*, No. 23-2007, 2024 WL 4367018 (6th Cir. July 29, 2024). Ms. Oliver then filed a petition for a writ of certiorari, which the Supreme Court denied on November 25, 2024. *Oliver v. McDonald*, 145 S. Ct. 599 (2024).

Ms. Oliver continued to challenge the outcome of the divorce and child custody proceedings in state court. In Oakland County Circuit Court, she moved to disqualify Judge McDonald, which was denied by Defendant Judge Jeffrey Matis. ECF No. 48-6. Judge Matis also denied Ms. Oliver's motion for reconsideration of this decision. *Id.*

Ms. Oliver initiated a civil action against Mr. Oliver in Macomb County Circuit Court, alleging that the Oakland County Circuit Court's divorce judgment was void. *Oliver v. Oliver*, No. 367128, 2024 WL 4245741 (Mich. Ct. App. Sept.

5

19, 2024). This case was dismissed for lack of subject-matter jurisdiction, and this decision was affirmed by the Michigan Court of Appeals. *Id.* The Michigan Supreme Court denied Ms. Oliver's application for leave to appeal. *Oliver v. Oliver*, 18 N.W. 3d 311 (Mem) (Mich. 2025).

Meanwhile, a felony criminal complaint was filed against Ms. Oliver in Oakland County Circuit Court for failure to pay child support. ECF No. 48-9. Defendant Judge Michael D. Warren presided over the matter. *Id.* Defendant Mark Berke, a Michigan Special Assistant Attorney General, appeared as the prosecuting attorney during Ms. Oliver's criminal arraignment. ECF No. 1, PageID.36; PageID.36; ECF No. 1-3, PageID.353. Ms. Oliver was arrested on September 6, 2023 and remained incarcerated through December 21, 2023. ECF No. 1-1, PageID.180, PageID.275. She was released after her mother paid her outstanding child support balance, which amounted to $31,063.37. *Id.*, PageID.275.

Ms. Oliver initiated the present lawsuit on November 7, 2024. Just like her first federal lawsuit, Ms. Oliver's claims stem from the state court divorce and child custody proceedings. Although, unlike her first case, the present case names additional defendants and omits others, Ms. Oliver's complaint recycles many of the claims she raised in her first lawsuit, including her RICO and RICO conspiracy claims. She also alleges various constitutional claims pursuant to 42 U.S.C. § 1983 such as interference with familial association rights, interference with parent-child

6

relationship rights, denial of her children's rights to travel, deprivation of due process, deliberate or reckless suppression of evidence, deprivation of right to a jury trial, slavery and involuntary servitude, unreasonable search and seizure, malicious prosecution, and deprivation of equal protection.

## III.   LAW AND ANALYSIS

There are over a dozen motions pending in this case. Most of the defendants have filed motions to dismiss. Defendants Vera, Oliver, Bowie, and Cohen have filed motions to set aside the clerk's entry of default, which were entered following their failure to timely respond to Ms. Oliver's complaint. Ms. Oliver has also filed motions to strike various motions filed by Defendants, a motion for a temporary restraining order and preliminary injunction, motions for default judgment, and a motion for leave to file a supplemental pleading. These motions will be discussed in turn.

### A. Motions to Strike

Ms. Oliver has moved to strike several motions filed by the defendants. Federal Rule of Civil Procedure 12(f) governs motions to strike and provides that a court "may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). It applies only to pleadings, which include "a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to

a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). A motion "is not a 'pleading' that would come under the purview of Rule 12(f)." *Sawyer v. Dimon*, No. 18-11534, 2019 U.S. Dist. LEXIS 13508 (E.D. Mich. Jan. 29, 2019). Even if Rule 12(f) applied to motions, the motions Ms. Oliver seeks to strike do not contain an insufficient defense or any redundant, immaterial, impertinent, or scandalous information. As such, Ms. Oliver's motions to strike are denied.

## B. Motions to Set Aside Default & Motions for Default Judgment

Next, the Court turns to Defendants Cohen, Bowie, Oliver, and Vera's motions to set aside the clerk's entry of default. Pursuant to Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." District courts consider the following factors when determining if "good cause" exists to set aside an entry of default: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Krowtoh II LLC v. ExCelsius Int'l Ltd.*, 330 F. App'x 530, 534 (6th Cir. 2009) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)) (alteration in original). Courts are "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010).

Here, the Court finds that good cause exists to vacate the entry of defaults as to Defendants Cohen, Bowie, Oliver, and Vera. First, there is no indication that culpable conduct led to their defaults. "[F]or the defendant to be deemed culpable for the default, he 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings.'" *Id.* at 327 (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996)). These defendants have not displayed conduct of this nature.

Second, these defendants have meritorious defenses. "Consistent with [the Sixth Circuit's] permissive stance in setting aside defaults, a defense is meritorious if 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Id.* at 326 (quoting *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006)). As discussed below, Ms. Oliver's claims against Defendants Bowie, Oliver, Cohen, and Vera are indisputably meritless. As such, the outcome of this suit is contrary to the result achieved by the defaults, and thus this factor supports setting them aside.

Lastly, the prejudice factor requires a showing "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). "[T]he relevant inquiry concerns the future

prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct." *Id.* (citation omitted). Here, none of the circumstances that might support a finding of prejudice are present. Instead, given that, as discussed below, the Court finds that dismissal of Ms. Oliver's claims is appropriate, reopening the judgment merely corrects an improper default and avoids judgments based on procedural missteps. Accordingly, Defendants Cohen, Bowie, Oliver, and Vera's motions to set aside the clerk's entry of default are granted.

Ms. Oliver has filed motions for default judgment as to Defendants Oliver and Vera. Given, however, that the Court finds that setting aside their defaults is appropriate, Ms. Oliver's motions for default judgment are denied.

### C. Motions to Dismiss

The Court now turns to the motions to dismiss.[2] "Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted." *Ashh, Inc. v. All About It, LLC*, 475 F. Supp. 3d 676, 678 (E.D. Mich. 2020). When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "*Pro se*

---

[2] There is substantial overlap in the arguments raised in Defendants' motions to dismiss. The Court will address these arguments in turn.

complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted). Even so, a court "need not accept as true legal conclusions or unwarranted factual inferences." *Treesh*, 487 F.3d at 476 (citation omitted). Dismissal is appropriate if the plaintiff's complaint fails to offer sufficient factual allegations that make the alleged claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citation omitted). A court may, however, "consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein." *Id.*

### i. Complaint's Failure to Comport with Federal Rule of Civil Procedure 8

First, the Court finds that Ms. Oliver's complaint does not comply with the pleading requirements set forth in Federal Rule of Civil Procedure 8. Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 proscribes "obfuscation of the plaintiff's claims," as "[t]he district court and defendants should

11

not have to 'fish a gold coin from a bucket of mud' to identify the allegations really at issue." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (citation omitted)..

Here, Ms. Oliver's 323-page complaint falls short of these standards. Rather than set forth a short, plain, and coherent statement of her allegations, the complaint is saturated with unsupported legal conclusions and lengthy factual narratives that are immaterial to any discernable legal claim. This lack of clarity has made it exceedingly difficult for the Court and Defendants to determine the claims and allegations actually at issue in this case. Accordingly, the Court finds that Ms. Oliver's complaint fails to comport with Rule 8's requirements.

ii. The Domestic-Relations Exception and the *Rooker-Feldman* Doctrine

Next, the Court addresses whether the "domestic relations" exception and the *Rooker-Feldman* doctrine deprive the Court of subject-matter jurisdiction over Ms. Oliver's claims. The "domestic relations" exception precludes federal courts from exercising subject-matter jurisdiction over "cases involving the issuance of a divorce, an award of alimony, or a child custody decree." *Chambers v. Michigan*, 473 F. App'x 477, 478-79 (6th Cir. 2012) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). It is a "narrow" exception and applies only when "a plaintiff positively sues in federal court for divorce, alimony, or child custody, or seeks to modify or interpret an existing divorce, alimony, or child-custody decree." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 795, 797 (6th Cir. 2015) (cleaned up). It does

not, however, "apply when the parties do not ask the federal court to perform these status-related functions—issuing a divorce, alimony, or child-custody decree—even if the matter involves married or once-married parties." *Id.* at 797.

Here, Ms. Oliver does not ask this Court to issue a divorce, an award of alimony, or a child custody decree, nor does she ask the Court to modify or interpret a state court decree involving the same. She instead seeks damages stemming from Defendants' alleged conduct relating to her state court proceedings. Accordingly, the domestic relations exception does not bar this Court from exercising subject-matter jurisdiction over Ms. Oliver's claims. *See McGuire v. Tennessee*, No. 22-5614, 2023 WL 9289932, at  *2 (6th Cir. Mar. 17, 2023) (finding, in case where plaintiff "did not sue for divorce, alimony, or child custody or to modify a decree involving the same," that the case did "not fall into the narrow range of cases to which the domestic relations exception applies"); *Doe, 18-471 v. Tennessee*, No. 19-6019, 2020 WL 13563746, at *3 (6th Cir. Sept. 18, 2020) (same).

Nor does the *Rooker-Feldman* doctrine deprive this Court of subject-matter jurisdiction over Ms. Oliver's claims. The *Rooker-Feldman* doctrine precludes federal courts below the Supreme Court from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts." *Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citations omitted). It applies only to "cases brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 383 (6th Cir. 2006). This "exceedingly narrow" limitation applies only in limited circumstances that are "rarely relevant beyond the unusual fact patterns involving *Rooker* and *Feldman*." *Hohenberg v. Shelby Cnty.*, 68 F.4th 336, 339 (6th Cir. 2023).

Here, Ms. Oliver's purported injuries appear to stem from Defendants' alleged conduct during the course of  her various state court proceedings, rather than from the state court decisions themselves. Furthermore, the alleged facts of this case are different from those involved in *Rooker* and *Feldman*. As such, the *Rooker-Feldman* doctrine does not deprive the Court of jurisdiction over Ms. Oliver's claims.

      iii.  <u>Immunity</u>

Even so, just as the Court found in Ms. Oliver's first federal lawsuit, the Court again finds that most of the defendants named in Ms. Oliver's complaint are entitled to absolute immunity. Beginning first with Judges McDonald, Matis, Gleicher, Markey, Shapiro, Patel, Warren, and Bell (collectively, the "Judicial Defendants"),

judges generally enjoy absolute immunity from civil suits for damages or injunctive relief, even when sued in their individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Coleman v. Governor of Mich.*, 413 F. App'x 866, 678 (6th Cir. 2011); *Ward v. City of Norwalk*, 640 F. App'x 462, 466 (6th Cir. 2016). This immunity is overcome only where (1) the judge acts in a non-judicial capacity or (2) the judge acts "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Furthermore, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Here, Ms. Oliver's claims against the Judicial Defendants involve actions they allegedly took in their judicial capacities. She alleges no facts supporting a finding that their actions were taken in the absence of all jurisdiction. Accordingly, the Judicial Defendants are entitled to absolute immunity from Ms. Oliver's claims.

Defendants Heritage, Hollyer, Pyrros-Hensen, Stockdale, and Dever (collectively, the "Quasi-Judicial Defendants") are also entitled to absolute immunity from Ms. Oliver's claims. Absolute judicial immunity "extend[s] to non-judicial officers who perform 'quasi-judicial' duties." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citations omitted). "Quasi-judicial immunity extends to persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* (citation

omitted). Ms. Oliver's claims against the Quasi-Judicial Defendants arise from their work on her state court case in their quasi-judicial capacities. As such, they are entitled to absolute immunity from Ms. Oliver's claims.

Furthermore, Defendants Brenner, Awuta-Coker, Christiansen, and Berke (collectively, the "Prosecutorial Defendants") are entitled to absolute prosecutorial immunity from Ms. Oliver's claims. "Prosecutors receive absolute immunity from suit for conduct in initiating and pursuing criminal prosecutions." *Jackson v. City of Cleveland*, 64 F.4th 736, 743 (6th Cir. 2023) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). "Those acts that occur in the course of the prosecutor's role as an advocate for the state . . . are protected by absolute immunity." *Cooper v. Parrish*, 203 F.3d 936, 946 (6th Cir. 2000). Ms. Oliver's allegations against the Prosecutorial Defendants concern conduct falling within the scope of their roles as advocates for the state. As such, they are immune from Ms. Oliver's claims.

Lastly, Defendant Oakland County Friend of the Court is entitled to sovereign immunity from Ms. Oliver's claims. The Eleventh Amendment bars suits in federal court against a state, its agencies, and its department unless the state has waived its immunity and consented to suit, or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The Oakland County Friend of the Court is considered "an arm" of the circuit court, and circuit courts are considered "arms" of the state, making them immune from suit. *Johnson v. Wayne*

*Cnty.*, 2013 WL 5854441, at *2 (E.D. Mich. Oct. 30, 2013) ("Eleventh Amendment immunity bars suits against arms of the state, such as Michigan courts and, therefore, the Friend of the Court.").

Based on the foregoing, Defendants' motions to dismiss are granted.

### D. *Sua Sponte* Dismissal of Ms. Oliver's Remaining Claims

In addition to granting the motions to dismiss, the Court finds that *sua sponte* dismissal of Ms. Oliver's claims against the remaining defendants—Defendants Bowie, Cohen, Oliver, and Vera—is appropriate under Federal Rule of Civil Procedure 12(b)(1). "[A] district court may, at any time, *sua sponte* dismiss a [claim] for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations . . . are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A claim frivolous if "it lacks an arguable basis in law or fact." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). A claim "lacks an arguable or rational basis in fact if it describes 'fantastic or delusional scenarios.'" *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)).

First, dismissal of Ms. Oliver's claims against Defendant Judge Bowie is appropriate because they are indisputably meritless. Like the other Judicial Defendants, Judge Bowie is entitled to absolute immunity because Ms. Oliver's

claims against him involve alleged actions he took in his judicial capacity. Ms. Oliver alleges no facts supporting a finding that his actions were taken in the absence of all jurisdiction.

Second, dismissal of Ms. Oliver's RICO and RICO conspiracy claims against all defendants is appropriate because her allegations as to these claims are fantastical and totally unsubstantiated. For example, she claims that all of the defendants intentionally formed an enterprise-in-fact to orchestrate a "wide ranging and fraudulent scheme to reduce [her] parenting time," that Defendants "used her fear [of Defendant Oliver] and geographical distance against her[] [and] kidnapped M.A.O. and M.L.O.," and that Defendants "knowingly and deliberately devised schemes to defraud [Ms. Oliver] for obtaining money, property, incentives, kidnapping fees, and/or federal money by means of false and fraudulent pretenses and representations, and/or conspired with others to carry out these acts." ECF No. 1-2, PageID.286, PageID.290. Beyond so asserting, she alleges no facts that plausibly support her RICO and RICO conspiracy claims. In this way, these claims are no different from others dismissed by this Court under Rule 12(b)(1). *See, e.g.*, *Wojt v. Dep't of the Army*, No. 23-cv-12815, 2023 WL 7924710 (E.D. Mich. Nov. 16, 2023); *Tucker v. FBI Head Quarters*, No. 19-13626, 2020 WL 4006760 (E.D. Mich. Feb. 26, 2020); *Lamitier v. City of Royal Oak*, No. 24-cv-12105, 2024 WL 4637175 (E.D. Mich. Oct. 30, 2024).

Lastly, Plaintiff's § 1983 claims against Oliver, Vera, and Cohen are indisputably meritless. "Section 1983, by its own terms, applies only to those who act 'under color' of state law. Therefore, as a general rule, § 1983 does not reach the conduct of private parties acting in their individual capacities." *Weser v. Goodson*, 965 F.3d 507, 515-16 (6th Cir. 2020). Defendants Oliver, Vera, and Cohen are private individuals. While there are some exceptions to this general rule, as is the case when the individual's conduct is "fairly attributable to the state," *Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 828 (6th Cir. 2007), Ms. Oliver's allegations do not support a finding that Mr. Oliver's, Vera's, or Cohen's conduct is attributable to the state. As such, these claims are dismissed.

In conclusion, Ms. Oliver's complaint is dismissed in its entirety. The Judicial Defendants, Defendant Judge Bowie, the Quasi-Judicial Defendants, and the Prosecutorial Defendants are entitled to absolute immunity from Ms. Oliver's claims. Furthermore, Plaintiff's claims against Defendants Oliver, Vera, and Cohen are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### E. Motion for Leave to File Supplemental Pleading

The Court now turns to Ms. Oliver's motion for leave to file a supplemental pleading. Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be

supplemented." While, generally, Rule 15 motions should be liberally granted, "leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposing party." *Spigno v. Precision Pipeline, LLC*, 59 F. Supp. 3d 831, 834 (E.D. Mich. 2024) (citations omitted).

Here, Ms. Oliver's proposed supplemental pleading is 455 pages. She seeks leave to supplement her complaint with "events and harms that began on or about February 4, 2025"—namely, developments related to her state court child support proceedings. ECF No. 93, PageID.5922. She also proposes additional claims against Defendants Oakland County Friend of the Court, McDonald, Oliver, and Vera, and incorporates allegations that various defendants have characterized her as a "vexatious litigant," which she contends gives rise to additional harm.

Upon review of the supplemental pleading, the Court finds that Ms. Oliver's newly alleged facts do not alter its determination that dismissal of the complaint in its entirety is warranted. Furthermore, the proposed additional claims are duplicative, meritless, and would be futile if allowed. Accordingly, Ms. Oliver's motion for leave to file a supplemental pleading is denied.

## F. Motion for a Temporary Restraining Order and Preliminary Injunction

Lastly, the Court addresses Ms. Oliver's motion for a temporary restraining order and preliminary injunction. Under Article III of the United States Constitution,

federal courts can only decide "Cases" or "Controversies." U.S. Const. art. III, § 2. This enables federal courts to adjudicate "only genuine disputes between adverse parties, where the relief requested would have a real impact on the legal interests of those parties." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006). "If 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' then the case is moot and the court has no jurisdiction." *Id.* (quoting *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979)).

Here, the Court has found that dismissal of Ms. Oliver's case, in its entirety, is appropriate. As such, there is no live case or controversy involving Ms. Oliver before this Court, and the Court lacks jurisdiction to adjudicate Ms. Oliver's motion for a temporary restraining order and preliminary injunction. Thus, this motion is denied as moot.

### G. Enjoined Filer Warning

This is the second lawsuit Ms. Oliver has filed in this Court concerning her state court divorce and child custody proceedings. Both actions have been repetitive and legally meritless. Ms. Oliver is warned that, if she continues to file lawsuits pertaining to her state court divorce and child custody proceedings in this Court, she will be declared a harassing and vexatious litigant subject to significant prefiling restrictions in this Court. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (holding that district courts may properly enjoin vexatious litigants

from filing further actions without first obtaining leave of court). She may also face monetary sanctions pursuant to Federal Rule of Civil Procedure 11.

**IV.** <u>**CONCLUSION**</u>

Based on the foregoing, Defendants' motions to dismiss [#41, #43, #48, #78] are GRANTED, Defendants Susan E. Cohen, Jeremy D. Bowie, Matthew W. Oliver, and Philip G. Vera's motions to set aside the clerk's entry of default [#42, #76, #86] are GRANTED, Ms. Oliver's motions to strike [#44, #49, #52, #63, #84] are DENIED, Ms. Oliver's motions for default judgment [#74, #75] are DENIED, Ms. Oliver's motion for leave to file a supplemental pleading [#93] is DENIED, Ms. Oliver's motion for a temporary restraining order and preliminary injunction [#94] is DENIED AS MOOT, and Defendants Oliver and Vera's motion for extension of time [#79] is DENIED AS MOOT. Furthermore, Ms. Oliver's claims against Defendants Bowie, Oliver, Vera, and Cohen are DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(1).

SO ORDERED.

Dated: June 27, 2025                    /s/Gershwin A. Drain
                                        GERSHWIN A. DRAIN
                                        United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June

27, 2025, by electronic and/or ordinary mail.

<u>/s/ Marlena Williams</u>
Case Manager